LEVEY, FILLER, RODRIGUEZ, KELSO & DEBIANCHI, LLP
Attorneys for Plaintiff
41-26 27th Street
Suite 3D
Long Island City, NY 11101
TEL (718) 340-2614

/s/ David F. Filler (DF-6850)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------
PARK AVENUE CONSULTING GROUP INC.,   )
                                      )
    Plaintiff,                    )
                                      ) Civil Action No.08 Civ. 1850 (CM) (GWG)
v.                                    )
                                      )
NEWGOLD INC. and FIRSTGOLD CORP.      )
    Defendants,                   )
---------------------------------------------------------------

## MEMORANDUM OF LAW
## IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE ALL DEFENSES OR ALTERNATIVELY TO STRIKE CERTAIN DEFENSES

Respectfully submitted by:
LEVEY, FILLER, RODRIGUEZ, KELSO &
DE BIANCHI, LLP

By: …………………………………….
    David F. Filler

To:    BLAIR & ROACH, LLP
    Attorneys for Defendants
    2645 Sheridan Drive
    Tonawanda, NY 14150
    (716) 834-9181

Courtesy Copy Sent by FED EX to:
    Hon. Colleen McMahon,
    U. S. District Court Judge
    Southern District of New York
    500 Pearl Street, 21-B
    New York, NY 10007-1312

## *TABLE OF CONTENTS*

*Page*

Table of Contents ............................................................................................................... i

Table of Authorities .......................................................................................................... ii

I.  Preliminary Statement ............................................................................................ 1

II.  Background ............................................................................................................ 1

III.  Argument ............................................................................................................... 1

    A.  As Defendants in their Answer failed to comply with Fed.R.Civ.P. Rule 8(a); all affirmative defenses therefore should be struck ............................ 1

    B.  Alternatively, the Second equitable defense of *laches* cannot be pled in an action at law; and, furthermore, the State of New York has established time limitations to sue for breach of contract ........................................................ 2

    C.  Alternatively, the Fourth defense of statute of limitations must be struck as Plaintiff is well within the time period permitted by CPLR § 213 ............... 2

    D.  Alternatively, the Sixth equitable defense of unclean hands must be struck as Plaintiff is seeking relief sounding only in breach of contract in an action at law and not in equity ...................................................................... 3

    E.  Alternatively, the Seventh defense of lack of personal jurisdiction must be struck as the parties entered into written agreements in New York County and specified in a forum selection clause within said agreements that the venue for adjudication would be in New York County ................................ 4

IV.  Conclusion ............................................................................................................. 5

## *TABLE OF AUTHORITIES*

*Page*

### *Rules*

Fed.R.Civ.P. Rule 8(a) ........................................................................................  1, 2

CPLR § 213 ........................................................................................................  2, 3

CPLR 5001(a) ....................................................................................................  3, 4

### *Federal Case Law*

Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.
531 F.Supp.2d 620 (S.D.N.Y. 2008).................................................................  2

Gala Jewelry, Inc. v. Harring
 2006 WL 3734202, 2 FN 3 (S.D.N.Y. 2006)....................................................  4

Holmberg v. Armbrecht
327 U.S. 392, 394-395, 66 S.Ct. 582, 584 (1946) ............................................  2

Lyons Partnership, L.P. v. Morris Costumes, Inc.
243 F.3d 789, 797 -798 (4th Cir. 2001) ............................................................  2

### *New York State Case Law*

Fischbarg v. Doucet
38 A.D.3d 270, 273, 832 N.Y.S.2d 164, 167 (N.Y.A.D. 1st Dept. 2007) ........  4

Insurance Co. of State of Pennsylvania v. HSBC Bank USA
37 A.D.3d 251, 254, 829 N.Y.S.2d 511, 515 (N.Y.A.D. 1st Dept., 2007)
rev'd on other grounds, 10 N.Y.3d 32, 882 N.E2d 381 (N.Y. 2008)  ..............  3

Ogletree, Deakins, Nash, Smoak & Stewart P.C. v. Albany Steel Inc.
243 A.D.2d 877, 879, 663 N.Y.S.2d 313, 315 (N.Y.A.D. 3rd Dept. 1997) ......  4

## I.    PRELIMINARY STATEMENT

This action was commenced by the service of a Summons with Notice returnable in the Supreme Court of the State of New York, New York County. Defendants removed this action to this Court on the grounds of diversity and the fact that the amount in controversy exceeds $75,000. Plaintiff has no objection to removal.

## II.    BACKGROUND

After removing this action to this Court, Defendants served a demand for a Complaint. Plaintiff timely served a Complaint and Defendants served an Answer dated April 15, 2008 setting forth seven (7) defenses.

Plaintiff respectfully asserts that none of these defenses are cognizable under the applicable pleading requirements and that certain of the defenses otherwise cannot be asserted in this action at law based upon a written contract between the parties setting forth forum selection and choice of law clauses.

Plaintiff accordingly brings this motion to strike all of Defendants' defenses or alternatively some of the defenses.

## III.    ARGUMENT

**A.    As Defendants in their Answer failed to comply with Fed.R.Civ.P. Rule 8(a); all affirmative defenses therefore should be struck.**

Defendants pled only bare legal conclusions. Rule 8(a) requires a *"short and plain statement"* of the defense. Defendants' 'bare bones' **conclusory allegations** with **no factual statement** of the material elements of the defense are insufficient. They do not give plaintiff sufficient notice of the defenses and thus do not meet Rule 8(a)'s pleading standards.

> The Second Circuit has likewise held that "[a]ffirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any

asserted facts have no efficacy." Shechter v. Comptroller of New York, 79 F.3d 265, 270 (2d Cir.1996) (quoting Nat'l Acceptance Co. of Am. v. Regal Prods., Inc., 155 F.R.D. 631, 634 (E.D.Wis.1994)("affirmative defenses are pleadings, and therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure"))(internal quotations and citations omitted).

Aspex Eyewear, Inc. v. Clariti Eyewear, Inc. 531 F.Supp.2d 620 (S.D.N.Y. 2008).

Plaintiff cannot assess whether the pled defenses are meritorious because of Defendants' evasiveness and coyness and therefore they must be struck as not complying with Rule 8(a). Therefore, all of the affirmative defenses must be struck.

  **B.**  **Alternatively, the second equitable defense of *laches* cannot be pled in an action at law; and, furthermore, the State of New York has established time limitations to sue for breach of contract.**

*"Laches is a doctrine that applies only in equity to bar equitable actions, not at law to bar legal actions."* Lyons Partnership, L.P. v. Morris Costumes, Inc. 243 F.3d 789, 797 -798 (4th Cir. 2001)

As Plaintiff seeks relief on the law, the defense of *laches* cannot be pled. Moreover, when a Legislature enacts a law providing a specific period of limitation for a cause of action, that limitation is dispositive. To hold otherwise would be to circumvent the constitutional separation of powers. Holmberg v. Armbrecht  327 U.S. 392, 394-395, 66 S.Ct. 582, 584 (1946).

  **C.**  **Alternatively, the fourth defense of statute of limitations must be struck as Plaintiff is well within the time period permitted by CPLR § 213.**

CPLR § 213 provides that actions on a contract are to be commenced within 6 years.

Plaintiff completely fulfilled its agreement with Defendants on December 31, 2001, which was the end of its retainer agreement.   Having fully performed its agreement on that date, all of the facts necessary to sustain Plaintiff's claim against Defendants, under New York State law, occurred on that date.  The retainer agreement ("RA") between the parties, in its ¶ 7. g). specifies that the agreement shall be construed and governed in accordance with the laws of New

York. (The RA and an addendum thereto are annexed to the declaration of David Filler as Ex. "1.").

> As a general rule, a cause of action accrues when all of the facts necessary to sustain the claim have occurred, so that a party can obtain relief in court ( *Matter of Motor Veh. Acc. Indem. Corp. v. Aetna Cas. & Surety Co.,* 89 N.Y.2d 214, 221, 652 N.Y.S.2d 584, 674 N.E.2d 1349 [1996], citing *Aetna Life & Cas. Co. v. Nelson,* 67 N.Y.2d 169, 175, 501 N.Y.S.2d 313, 492 N.E.2d 386 [1986]; *Vigilant Ins. Co. of Am. v. Hous. Auth. of City of El Paso,* 87 N.Y.2d 36, 43, 637 N.Y.S.2d 342, 660 N.E.2d 1121 [1995] ).

Insurance Co. of State of Pennsylvania v. HSBC Bank USA  37 A.D.3d 251, 254, 829 N.Y.S.2d 511, 515 (N.Y.A.D. 1st Dept. 2007); rev'd on other grounds, 10 N.Y.3d 32, 882 N.E2d 381 (N.Y. 2008).

When Plaintiff had fully complied with its end of the bargain on December 31, 2001, and Defendants failed to tender full consideration, Defendants' breached the written agreement and Plaintiff's cause of action accrued.

This action was commenced on November 30, 2007 by the filing of a Summons with Notice with the Clerk of New York County. This was within the 6 year limitation prescribed by CPLR § 213.

Hence the defense of statute of limitations must be struck as unsupported by the uncontroverted documentary evidence annexed to the Complaint.

> **D.    Alternatively, the Sixth equitable defense of unclean hands must be struck as Plaintiff is seeking relief sounding only in breach of contract in an action at law and not in equity.**

Other than pre-judgment interest, Plaintiff's entire claim sounds in breach of contract. A claim under CPLR § 5001(a) does not convert an action at law into an equitable claim.

> Turning to the issue of interest, we reject defendant's categorization that plaintiff's claim is "equitable" and, therefore, any award of interest was discretionary (*see,* CPLR 5001[a] ). Plaintiff's quantum meruit action is essentially an action at law, inasmuch as it seeks money damages in the nature of a breach of contract,

3

> "notwithstanding that the rationale underlying such causes of action is fairness and equitable principles in a general rather than legal, sense" ( *Hudson View II Assocs. v. Gooden,* 222 A.D.2d 163, 168, 644 N.Y.S.2d 512). Thus, Supreme Court correctly determined that it was required to award interest ( *see,* CPLR 5001[a] )

Ogletree, Deakins, Nash, Smoak & Stewart P.C. v. Albany Steel Inc.  243 A.D.2d 877, 879, 663 N.Y.S.2d 313, 315 (N.Y.A.D. 3rd Dept. 1997)

The law of the Second Circuit *"restricts the 'unclean hands' doctrine of suits in equity, thereby categorically defeating defendant's attempted defense in this suit at law."* Gala Jewelry, Inc. v. Harring  2006 WL 3734202, 2 FN 3 (S.D.N.Y. 2006)

As Plaintiffs are seeking relief in an action at law and not in equity, the equitable defense of unclean hands cannot be asserted and therefore must be struck.

> **E.    Alternatively, the Seventh defense of lack of personal jurisdiction must be struck as the parties entered into written agreements in New York County and specified in a forum selection clause within said agreements that the venue for adjudication would be in New York County.**

The parties went to pains in their written agreement, ¶ 7. g) to state that it was made in the State of New York and would be subject to the laws of New York.  Furthermore, it cannot be disputed that Plaintiff, with offices as set forth in the RA at 80 Fifth Avenue in Manhattan, performed its services for Defendants in New York.

> In cases involving an out of state party's retention of a New York attorney, jurisdiction has been upheld where a defendant, beyond merely retaining a lawyer in New York, has purposely availed itself of the services of that New York lawyer in this state (*see Pennie & Edmonds v. Austad, Co.,* 681 F.Supp. 1074, 1077 [S.D.N.Y.1988])

Fischbarg v. Doucet  38 A.D.3d 270, 273, 832 N.Y.S.2d 164, 167 (N.Y.A.D. 1st Dept. 2007)

The lack of personal jurisdiction defense must thus be struck as unsupported by the documentary evidence annexed to the Complaint which was uncontroverted by Defendants.

4

## IV.    <u>CONCLUSION</u>

***WHEREFORE***, Plaintiff respectfully seeks an Order: (1) striking all of Defendants' affirmative defenses on the grounds that they are 'bare bones' statements that fail to comply with <u>Fed.R.Civ.P</u>. Rule 8(a); alternatively: (2) striking the second defense of *laches* as it is an equitable defense that cannot be asserted in this action at law; (3) striking the fourth defense of statute of limitations as New York law prescribes a six (6) year limitation period for breach of contract; (4) striking the sixth defense of unclean hands as it is an equitable defense that cannot be asserted in this action at law; and (5) striking the seventh defense of lack of personal jurisdiction as the agreement between the parties has a forum selection clause naming New York County.  Plaintiff seeks such other and further relief as this Court deems just.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was provided by ____U.S. Mail / ____ Fax Transmission /__X__ Electronic Transmission to J. Michael Lennon, Esq. Blair & Roach, LLP 2645 Sheridan Drive, Tonawanda, New York 14150 on this 30th Day of April 2008.

        LEVEY, FILLER, RODRIGUEZ,
        KELSO & DEBIANCHI, LLP
        Attorneys for Plaintiff
        41-26 27th Street
        Suite 3D
        Long Island City, NY 11101
        TEL (718) 340-3614
        Email dfiller@leveyfiller.com
        FAX (718) 340-3615

        By:  s/ David Filler_____
        David F. Filler (Bar No. DF- 6850)

Courtesy Copy Sent by FED EX to:

Hon. Colleen McMahon,
U. S. District Court Judge
U. S. District Court
Southern District of New York
500 Pearl Street
21-B
New York, NY 10007-1312