LEVEY, FILLER, RODRIGUEZ, KELSO & DEBIANCHI, LLP
Attorneys for Plaintiff
41-26 27th Street
Suite 3D
Long Island City, NY 11101
TEL (718) 340-2614

/s/ David F. Filler (DF-6850)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
                                          )
PARK AVENUE CONSULTING GROUP INC., )   Returnable  _____2008
                                          )  10:00 a. m.   Room 21B
                    Plaintiff,            )
                                          )  Civil Action No.08 Civ. 1850 (CM) (GWG)
              v.                          )
                                          )  <u>DECLARATION IN SUPPORT</u>
NEWGOLD INC. and FIRSTGOLD CORP.          )
                    Defendants,           )
-----------------------------------------------------------

        DAVID F. FILLER, an attorney duly admitted to appear before this Court, in support of

the Notice of Motion by Plaintiff Park Avenue Consulting Group, Inc., duly declares under the

penalties of perjury that:

        1.       The exhibits annexed hereto are true copies of the originals.

Ex. "1"          Retainer Agreement and Addendum between the parties

Ex. "2"          Notice of Removal

Ex. "3"          Demand for Complaint

Ex. "4"          Complaint

Ex. "5"          Answer

        2.       The purpose of this affirmation is to authenticate the exhibits.

3.    All of Plaintiff's grounds for relief under the Notice of Motion are set forth in the accompanying Memorandum of Law.

4.    The relief sought by the motion is set forth in the Notice of Motion.

April 30, 2008

LEVEY, FILLER, RODRIGUEZ,
KELSO & DEBIANCHI, LLP
Attorneys for Plaintiff
41-26 27th Street
Suite 3D
Long Island City, NY 11101
TEL (718) 340-3614
Email dfiller@leveyfiller.com
FAX (718) 340-3615

By:

David F. Filler (Bar No. DF- 6850)

Courtesy Copy Sent by FED EX to:

Hon. Colleen McMahon,
U. S. District Court Judge
U. S. District Court
Southern District of New York
500 Pearl Street
21-B
New York, NY 10007-1312

## RETAINER AGREEMENT

BETWEEN:

### PARK AVENUE CONSULTING GROUP, Inc.
80 Fifth Avenue, Suite 1201; New York, NY 10011
(hereinafter called the "**Consultant**")

- AND -

### NewGold, Inc.
500 Nolen Drive, Southlake, TX 76092
(hereinafter called the " **Company**")

**THIS AGREEMENT**, upon acceptance of its terms by the Company, will formalize a relationship between the Consultant and the Company effective on September 1, 2000. In consideration of mutual covenants contained herein, the Company and Consultant agree as follows:

**WHEREAS,** Consultant marketing services designed to heighten the brand identity of the business conducted; and

**WHEREAS,** NewGold, Inc. (NGLD), is a public company that is at this time trading common stock through the NASDAQ stock market; and

**WHEREAS,** Company desires to retain the services of the Consultant in a consultation capacity to inform on financial public relations methodology designed to increase awareness of the company within the investment community all public information released by the company by press release or SEC filing; to expose the company to a broad network of active retail brokers, financial analysts, institutional fund managers, private investors and active financial newsletter writers; create, build and continually enhance a fax database of all brokers, investors, analysts and media contacts who have expressed an interest in receiving on-going information on the company; email press releases, corporate announcements, broker updates, companny news developments to ParkCap's email database of brokers, institutional fund managers, financial analysts and industry professionals; strive to obtain company analyst coverage and /or investment banking sponsorship; introduce the company to various fund managers and institutional investors.**WHEREAS,** Company wishes to formalize in a written agreement the terms and conditions under which Consultant will provide such services to Company.

**NOW THEREFORE,** for the mutual promises and other considerations described herein, the parties agree as follows:

### 1. APPOINTMENT.

The Company hereby engages Consultant and Consultant agrees to render services to the Company as a consultant upon the terms and conditions hereinafter set forth.

### 2. TERM.

The term of this Retainer Agreement began as of the date of this Agreement, and shall terminate 12 (twelve) months from that date, unless earlier terminated in accordance with

paragraph 7 herein or extended as agreed to between parties. However, at the end of the first <u>3 (three)</u> months, the parties will review their relationship and if for any reason whatsoever either party elects to terminate this Agreement, and upon written notice by either party to the other, the Retainer Agreement will terminate with such receipt.

## 3. SERVICES.

During the term of this Agreement, Consultant shall use commercially reasonable efforts to provide advice to, undertake for and consult with the Company concerning the implementation of a financial public relations program for the Company with respect to public information released by press release or SEC filing by the Company. Consultant is not a registered Broker-Dealer and will not need to register as a Broker-Dealer to perform services and does not effectuate stock trades. Consultant shall conduct their activities in accordance with the rules and regulations governing all aspects of the services to be performed under this Agreement, and the long-standing practices of the industry.

## 4. DUTIES OF THE COMPANY.

The Company shall provide Consultant, on a regular and timely basis, with all approved data and information about it, its subsidiaries, its management, its products and services and its operations as shall be reasonably requested by Consultant, and shall advise Consultant of any facts which would affect the accuracy of any data and information previously supplied pursuant to this paragraph. The Company shall promptly supply Consultant with full and complete copies of all financial reports, all filings with all federal and state securities agencies; with full and complete copies of all stockholder reports; and with all brochures or other sales materials relating to its products or services. The Company shall provide Consultant with any publicly released news that may be of material change to the Company in a timely fashion. The Company agrees that it will provide public information to consultant at the time of its availability.

Company shall be fully responsible to assure all Company information is accurate and complete. Company understands and acknowledges that Consultant can not guarantee that the services provided hereunder will achieve any particular objective or fulfill any specified goals.

## 5. COMPENSATION.

a)          The Company agrees to issue to Consultant <u>600,000 (six hundred thousand)</u> warrants exercisable for five (5) years from the date of issuance, the first <u>300,000 (three-hundred thousand)</u> to be exercisable at $0.50 and issued upon execution of this Agreement, the next <u>100,000 (one-hundred thousand)</u> to be exercisable at $2.00 and issued six months from the date of this Agreement, the next <u>100,000 (one-hundred thousand)</u> to be exercisable at $3.00 and issued nine months from the date of this Agreement, the next <u>100,000 (one-hundred thousand)</u> to be exercisable at $4.00 and issued twelve months from the date of this Agreement. Company's counsel shall be responsible for providing an opinion letter for any 144 shares and such opinion letter shall not be unreasonably withheld. The number of shares and exercise price of the Warrants shall be adjustable for stock splits. In the event the Warrants are not delivered by September 7, 2000 Consultant shall have the right to terminate this Agreement on two-days faxed notice. The Company also agrees to issue Consult 50,000 (fifty thousand) restricted 144 Shares of the Company's stock upon execution of this Agreement. Consultant shall provide Company with DTC instructions. In the event of termination by the Company, consultant is entitled to the pro-rata amount of

warrants and payment of monthly cash compensation to the end of the month of termination.

b)       The Company shall pay Consultant a monthly retainer fee of $10,000 (ten thousand). In the event the Company pays consultant in the form of common stock, the Company warrants and represents that the shares of stock are either registered and/or exempt from registration by providing an opinion of counsel that the stock is unrestricted. Company agrees to transfer the pro rata common stock for the first month's retainer to an account acceptable to Consultant bySeptember 7, 2000. The Company will pay all reasonable expenses related to the consultation of the Company. Invoices to be provided on a monthly basis to be paid in the following month along with the agreed upon retainer fee. Individual expenses in excess of $2,500.00 (two thousand five hundred) require Company's prior approval. If monthly expenses exceed $2,500.00, Consultant will inform Company and will receive prior approval for all expenses incurred after that. Company will also be responsible for travel expenses incurred on behalf of Company.

c)       The Company shall furnish Consultant with a reasonable supply of folders and company literature, as needed.

## 6.  REPRESENTATION AND INDEMNIFICATION.

The Company shall be deemed to make a continuing representation as to the accuracy of any and all facts, material information and data which it supplies to Consultant and acknowledge its awareness that Consultant will rely on such continuing representation in disseminating such information and otherwise performing its advisory functions. Consultant shall have no liability to any indirect, incidental or consequential damages suffered by Company as a result of any failure on the part of Consultant in the performance of their duties hereunder. Consultant, in the absence of notice in writing from the Company, will rely on the continuing accuracy of material, information and data supplied by the Company. The Company hereby agrees to indemnify and hold the Consultant and its affiliates harmless from and against any and all liabilities, obligations, losses, damages, actions, and claims of any kind or nature whatsoever arising from the performance of its obligations under this Agreement ("Indemnified Liabilities"), except that the Company shall have no liability hereunder to Consultant with respect to Indemnified Liabilities which arise from (i) representations concerning the Company or its operations made by the Consultant to third parties which are not based on the written material provided by the Company to the Consultant, (ii) the gross negligence or willful misconduct of the Consultant, or (iii) a failure by the Consultant to comply with all applicable laws. The Consultant hereby agrees to indemnify and hold the Company and its affiliates harmless from and against any and all liabilities, obligations, losses, damages, actions, and claims of any kind or nature whatsoever arising from the performance of its obligations under this Agreement .

## 7.  MISCELLANEOUS.

a)       Termination: This Agreement may be terminated with the mutual consent of both parties, at any time, except as provided in Paragraph 2 hereof. This Agreement may be terminated by either party upon the occurrence of a material breach of this Agreement by the other party. If Consultant commits a material breach of this Agreement then all unexercised warrants at that time will automatically expire. AS DETERMINED BY A COURT OF LAW.

b)      Modification: This Retainer Agreement sets forth the entire understanding of the parties with respect to the subject matter hereof. This Retainer Agreement may be amended only in writing signed by both parties.

c)      Notices: Any notices hereunder shall be sent to the Company and the Consultant at their respective addresses set forth. Any notice shall be given by registered or certified mail, postage prepaid, and shall be deemed to have been given when deposited in the United States mail. Either party may designate any other address to which notice shall be given, by giving written notice to the other of such change in address in the manner herein provided.

d)      Waiver: Any waiver by either party of a breach of any provision of this Retainer Agreement shall not operate as or be construed to be a waiver of any other breach of that provision or of any breach of any other provision of this Retainer Agreement. The failure of a party to insist upon strict adherence to any term of this Retainer Agreement on one or more occasions will not be considered a waiver or deprive that party of the right thereafter to insist upon adherence to that term of any other term of this Retainer Agreement.

e)      Relationship of the Parties: Nothing in this Agreement shall create any partnership or joint venture between the parties hereto, it being understood and agreed that the parties are independent contractors and neither has the authority to bind the other in any way.

f)      Severabilty: If any provision of this Retainer Agreement is invalid, illegal or unenforceable, the balance of this Retainer Agreement shall remain in effect, and if any provision is inapplicable to any person or circumstance, it shall nevertheless remain applicable to all other persons and circumstances. This Agreement is governed by the American Arbitration Association and both parties agree to binding arbitration in the event of a dispute, unless a party is seeking injunctive relief.

g)      Governing law: This agreement has been made in the State of New York and shall be construed and governed in accordance with the laws thereof without regard to conflict of laws.

h)      Entire agreement: This Agreement and the schedules attached hereto contains the entire agreement between the parties, may not be altered or modified, except in writing and signed by the party to be charged thereby and supersedes any and all previous agreements between the parties.

i)      Proprietary Information: The Consultant acknowledges and agrees that specified segments of information received from the Company under this agreement are exclusive proprietary information and the same shall not be divulged, published or distributed in any manner or form to any third party without any express right or written consent of their Company.

Upon execution of this Agreement by the Company, a valid and binding agreement shall exist as of the date first above written.


**PARK AVENUE CONSULTING GROUP, Inc.**
Per:

_____
Jeffrey D. Forster, President & CEO

**NEWGOLD, INC.**
Per:

_____
James Cutburth, President and CEO

## ADDENDUM TO AGREEMENT DATED SEPTEMBER 7TH, 2000

BETWEEN:

**PARK AVENUE CONSULTING GROUP, Inc.**
80 Fifth Avenue, Suite 1201; New York, NY. 10011
(hereinafter called the "**Consultant**")

- AND -

**NEWGOLD, INC.**
**P.O. BOX 1626, SHINGLE SPRINGS, CA. 95682**
(hereinafter called the " **Company**")

**THE WITHIN ADDENDUM**, AMENDS THE AGREEMENT AS FOLLOWS

PARAGRAPH 2 IS AMENDED AS FOLLOWS:

2.  **TERM.**

The Term of this Retainer Agreement is from January 1, 2001 to December 31, 2001.

PARAGRAPH 5 IS AMENDED AS FOLLOWS

5.  **COMPENSATION.**

a)      The Company or its agents agrees to issue to Consultant and or its agents 1,000,000 (One Million) warrants to purchase 1,000,000 (One Million) shares of the company's common stock to be issued and fully registered with all customary anti-dilution protections within 90 days of this Agreement.  The number of shares and exercise price of the warrants shall be adjustable for stock splits.  The warrants will be exercisable as follows: 350,000 (Three hundred and fifty thousand) at $.17 (seventeen cents), 250,000 (Two hundred and fifty thousand) at $.50 (fifty cents), 200,000 (Two hundred thousand) at $1.00 (One dollar) and 200,000 (Two Hundred thousand) at $1.25 (One dollar and twenty five cents.)  All Warrants will be deemed cashless and exercisable for five (5) years from the date of this agreement.  The Company agrees to use its best efforts to register the underlying warrant/shares as stated in paragraph B hereof.  The registered rights granted to the Consultant are on a cost free basis.  The Company agrees to pay for all costs associated with registration including but not limited to SEC filings, Blue Sky filing fees, and other costs associated with registration.

b)      Consultant agrees that they will not sell any shares in the open market unless the stock is trading at a 20% premium to the average trading price for the previous 3 days.  In the event, that the underlying warrant/stock exercised by the holder are not registered for trading by the Company within 90 days from the date hereof, then the Consultant is entitled to 50,000 (Fifty thousand) free trading

shares or the cash equivalent for every month that the underlying warrant/shares are not registered.

c)    The Company shall pay Consultant a monthly retainer fee of $5000 (Five thousand dollars) commencing January 1, 2001. Upon March 1, 2001, the Company agrees to pay the Consultant a monthly retainer fee of $10,000 (Ten-thousand dollars.) The Company agrees to wire the Funds to an account acceptable to Consultant by January 1, 2001. The Company will pay all reasonable expenses related to the consultation of the Company.

d)    The Company shall furnish Consultant with a reasonable supply of folders and company literature, as needed. The Company will pay all expenses incurred by Consultant on behalf of the Company. Invoices to be provided on a monthly basis to be paid within ten days of receipt. Any monthly expenses in excess of $1,500.00 (one thousand five hundred dollars) require Company's prior approval. Company will also be responsible for approved travel expenses incurred on behalf of Company.

**Additional:**

Company agrees to reimburse Consultant for all expenses incurred under initial September 1, 2000 Retainer Agreement. The expenses total $32, 335 (Thirty two thousand three hundred and thirty five dollars.) It is understood that these expenses will be paid in full on a successful completion of a Newgold-ASDI definitive merger agreement. These expenses will be settled in conjunction with other former Newgold debts with funds from the next round of financing.

All the provisions of the agreement dated September 7, 2000 remain in full force and effect (attached copy of said agreement is annexed hereto.)

The within addendum has been approved and authorized by the Board of Directors of the Company.

Dated  February 8, 2001

Park Avenue Consulting Group, Inc.
Per:

Jeffrey D. Forster, President/CEO

Newgold, Inc.
Per:

A. Scott Dockter, President/CEO



NEW GOLD addendum        Confidential Page 2                3/29/01



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

PARK AVENUE CONSULTING GROUP, INC.,

Plaintiff,

v.

NEWGOLD INC. AND FIRSTGOLD CORP.,

Defendants.

_____

**NOTICE OF REMOVAL**

Civ. No. _____

TO THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK:

Defendants, NewGold Inc. and FirstGold Corp., hereby serve notice of the removal of this civil action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§1441 and 1446, and in support thereof state as follows:

1.  On or about November 30, 2007, this action was commenced against Defendants by the filing of a Summons with Notice in the Supreme Court of the State of New York in and for the County of New York (Civil Action No. 07/603960).  A copy of Plaintiff's Summons with Notice is attached hereto as **Exhibit A**.

2.  On or about January 29, 2008, Defendants were served with a copy of the Summons with Notice by personal delivery in the State of California.

3.  No other proceedings have been had in this action.

4.  The above-captioned action is one of which this Court has original jurisdiction pursuant to 28 U.S.C. §1332, and is one which may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. §1441 in that it is a civil action wherein the

matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between citizens of different states.

5.      Regarding the value of the case, Plaintiff's Summons with Notice alleges damages in the amount of $2,880,000.  (See Exhibit A).

6.      With respect to diversity of citizenship, Plaintiff is a business corporation incorporated under the laws of the State of New York, with a principal place of business in the State of New York; Defendants are business corporations incorporated under the laws of the State of Delaware, with a principal place of business in the State of California.

7.      Based upon the foregoing, it is respectfully submitted that there is complete diversity of citizenship among the Plaintiff and the Defendants in this action.

8.      Defendants' time to answer or move with respect to the complaint has not expired.

9.      This Notice of Removal is being filed within thirty (30) days after receipt by Defendant of a copy of the summons with notice and is timely filed under 28 U.S.C.  §1446.

10.     Written notice of the filing of this Notice of Removal will be served upon the plaintiff as required by law.

11.     A true copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York for the County of New York as provided by law.

WHEREFORE, Defendants give notice that this action is removed from the Supreme Court of the State of New York for the County of New York to this Court.

Dated: New York, New York
February 25, 2008

Yours, etc.,

BIEDERMANN, REIF, HOENIG & RUFF,
P.C.

By: _____
Peter H. Cooper, Esq. (PHC4714)
Attorneys for Defendants
570 Lexington Avenue, 16th Floor
New York, New York 10022
Telephone: (212) 697-6555

John N. Blair, Esq.
J. Michael Lennon, Esq.
BLAIR & ROACH, LLP
Attorneys for Defendants
2645 Sheridan Drive
Tonawanda, New York  14150
Telephone:  (716) 834-9181

TO:    Levey, Filler, Rodriguez Kelso &
           DeBianchi, LLP
       41-26 27th Street, Suite 3D
       Long Island City, New York 11101-3825
       Telephone: (718) 340-3614

Exhibit A

Supreme Court of the State of New York
County of New York

-------------------------------------------------X

PARK AVENUE CONSULTING GROUP INC.,

            Plaintiff,

            v.

NEWGOLD INC. and FIRSTGOLD CORP.

            Defendants.

-------------------------------------------------X

**SUMMONS WITH NOTICE**

Index No. 07/603960

Plaintiff designates NY County
as the place of trial.

The basis of the venue is long-arm
jurisdiction and the parties' choice of
law clause.

Date Index No. Purchased:
November 30, 2007

To the above named Defendants:

     PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to appear in this action by serving a notice of appearance on the plaintiff at the address set forth below, and to do so within 30 days after the service of this summons (not counting the day of service itself) or within 30 days after service is complete if the summons is not delivered personally to you within the state of New York.

     YOU ARE HEREBY NOTIFIED THAT should you fail to appear, a judgment will be entered against you by default for the relief demanded below.

Dated, November 30, 2007

               Levey, Filler, Rodriguez Kelso &
               DeBianchi LLP
               41-26 27th Street Suite 3D
               Long Island City, NY 11101-3825
               TEL (718) 340-3614
               FAX (718) 340-3615
               dfiller@dlz.mailstreet.com

Defendant's address:
3108 Gabbort Drive, Suite 210
Cameron Park, CA 95682

Notice: The nature of this action is breach of a commercial contract.

     The relief sought is the issuance of warrants/shares or the dollar equivalent thereof.

     Upon your failure to appear, judgment will be taken against you by default for the sum of $2,880,000 with interest from November 30, 2007 and the costs of this action.

01/29/2008  08:46    6618374519

Supreme Court of the State of New York
County of New York

-------------------------------------------------        )        Index No. 07/603960
                                                         )
PARK AVENUE CONSULTING GROUP INC.,                       )
                                                         )
                    Plaintiff,                           )
                                                         )
        v.                                               )
                                                         )
NEWGOLD INC. and FIRSTGOLD CORP.                         )
                                                         )
                                                         )
                    Defendants,                          )
                                                         )
-------------------------------------------------        )

## SUMMONS WITH NOTICE

November 30, 2007
Queens, NY

                                        Levey, Filler, Rodriguez Kelso &
                                        DeBianchi LLP
                                        41-26 27th Street
                                        Suite 3D
                                        Long Island City, NY 11101-3825

                                        By: _David F. Filler_
                                        David F. Filler


                                        Rule 130, etc.:

                                        By: _David F. Filler_
                                        David F. Filler


To:
NEWGOLD INC. and FIRSTGOLD CORP.
3108 Gabbort Drive, Suite 210
Cameron Park, CA 95682

# BLAIR & ROACH, LLP
### *Attorneys*

2645 SHERIDAN DRIVE
TONAWANDA, NEW YORK 14150
PHONE: 716-834-9181 • FAX: 716-834-9197

March 7, 2008

Levey, Filler, Rodriguez, Kelso &
  DeBianchi, LLP
41-26 27th Street, Suite 3D
Long Island City, New York 11101-3825

Re: Park Ave. Consulting v. Newgold Inc., et al.
Index No.:  08-CV-01850

Dear Counselors:

   We enclose for service upon you a Demand for Complaint in the above-referenced matter, which was removed to the United States District Court for the Southern District of New York on February 25, 2008.

Very truly yours,

BLAIR & ROACH, LLP

By: *[signature]*
  J. Michael Lennon

JML:tn
Enclosure

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PARK AVENUE CONSULTING GROUP, INC.,

                Plaintiff,

v.

NEWGOLD INC. AND FIRSTGOLD CORP.,

                Defendants.

**DEMAND FOR
COMPLAINT**

Civ. No. 08-CV-01850

---

PLEASE TAKE NOTICE that Blair & Roach, LLP, attorneys for Defendants Newgold Inc. and Firstgold Corp., demand that a copy of the Complaint and all notices and papers be served on us at Blair & Roach, LLP, 2645 Sheridan Drive, Tonawanda, New York 14150.

Dated: Tonawanda, New York
      March 7, 2008

                BLAIR & ROACH, LLP

                By: _____
                  John N. Blair, Esq.
                  J. Michael Lennon, Esq.
                  Attorneys for Defendants
                  2645 Sheridan Drive
                  Tonawanda, New York 14150
                  (716) 834-9181

                  Peter H. Cooper, Esq.
                  BIEDERMANN, REIF, HOENIG & RUFF
                  Attorneys for Defendants
                  570 Lexington Avenue, 16th Floor
                  New York, New York 10022
                  Telephone: (212) 697-6555

TO:    Levey, Filler, Rodriguez, Kelso &
        DeBianchi, LLP
        41-26 27th Street, Suite 3D
        Long Island City, New York 11101-3825
        Telephone: (718)340-3614

**BLAIR & ROACH, LLP**

*Attorneys for*

**OFFICE, POST OFFICE ADDRESS AND TELEPHONE**
**2645 SHERIDAN DRIVE**
**TONAWANDA, NEW YORK 14150**
**(716) 834-9181**

Index No.

TO: _____

*PLEASE TAKE NOTICE that an* _____ *, of which the within is a copy,*
*was duly granted in the within action on the* _____ *day of* _____ *, 20* _____ *, and duly entered in the office of*
*the Clerk of the County of* _____ *on the* _____ *day of* _____ *, 20*

Yours, etc.,

**BLAIR & ROACH, LLP**

*Attorneys for*

_____

*DUE AND PERSONAL SERVICE of the within paper(s) and of the Notice hereon endorsed is admitted this* _____ *day of* _____ *, 20*

_____ *Attorney(s) for* _____

*STATE OF NEW YORK*
*COUNTY OF* _____ } *s.s.:*

_____

*years of age; that on the* _____ *day of* _____ *, 20* _____ *, deponent served the within*

upon,

*in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed*
*in a postpaid properly addressed wrapper, in a official depository under the exclusive care and custody of the United States post*
*office department within the State of New York*

*Sworn to before me, this* _____ *day of* _____ *, 20*

*My commission expires* _____ }

*Notary Public, Erie County, N.Y.; Commissioner of Deeds, Buffalo, N.Y.*

LEVEY, FILLER, RODRIGUEZ, KELSO & DEBIANCHI, LLP
Attorneys for Plaintiff
41-26 27th Street
Suite 3D
Long Island City, NY 11101
TEL (718) 340-2614

/s/ David F. Filler (DF-6850)


UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------
)
PARK AVENUE CONSULTING GROUP INC.,  )
)
Plaintiff,  )
) Civil Action No.08 Civ. 1850 (CM) (GWG)
v.  )
) PLAINTIFF'S  ORIGINAL
NEWGOLD INC. and FIRSTGOLD CORP.  ) <u>COMPLAINT</u>
Defendants,  )
------------------------------------------------------------

Plaintiff  Park Avenue Consulting Group Inc. ("PACG"), by and for its Complaint against

Defendants NewGold, Inc. ("NewGold") and FirstGold, Inc. ("FirstGold")  (collectively "Gold"),

by its attorney David F. Filler, who is duly admitted to practice before the Courts of this State and

has been  duly admitted to appear before this Court, avers as follows:

**JURISDICTION AND VENUE**

1. This is a civil action sounding in breach of contract seeking damages in excess of $75,000.

2. PACG commenced this action in the Supreme Court of the State of New York, County of
   New York, by the filing of a Summons with Notice, under <u>CPLR</u> § 304(a) and Rule
   305(b), with the County Clerk of New York on  November 30, 2007, under Index No.
   07/603960, naming NewGold Inc. and FirstGold Inc. as Defendants

3.  PACG subsequently affected service upon Gold at their office in California on January 29, 2008.

4.  Gold, through its attorneys, demanded a Complaint by notice dated March 7, 2008 that was sent to the attorney of PACG by First Class Mail and received on March 12, 2008.

5.  At the time when PACG entered into the original underlying contract with NewGold, both parties were residents of New York. Upon information and belief, at the time of commencement of this action neither Defendant were residents of the State of New York but FirstGold did have an office at 3108 Gabbort Drive, Suite 210, Cameron Park, CA 95682.

6.  PACG continues to be a resident of New York.

7.  Co-defendant NewGold has legally changed its name to FirstGold by notice to the Security and Exchange Comission ("SEC") on December 11, 2006.

8.  Upon information and belief Co-defendant FirstGold is the successor, heir and assign of NewGold.

9.  All all relevant times since January 2001 Newgold and then FirstGold were publicly traded companies.

10. Subsequent to being served with PACG's New York State action, Gold removed the said action to this Court on the grounds of diversity of citizenship and that the amount in controversy exceeds $75,000.

11. No federal question is asserted as a ground for jurisdiction.

12. Said removal is an admission that this Court has personal jurisdiction over FirstGold and NewGold.

13. The Retainer Agreement ("RA") dated September 7, 2000 and the Addendum ("Addendum") dated February 8, 2001 (collectively the "Agreement") was entered into in New York County and ¶ 7 g) of the RA explicitly states that any controversy thereunder shall be adjudicated in New York County.  CPLR § 302 (a)(1).   The RA and Addendum are annexed hereto.

14. PACG reserves its contractual and statutory rights under ¶ 7 g) of the RA to assert its claims against FirstGold and NewGold under the laws, rules and regulations of the State of New York, as applied to the within controversy, should there be any conflict with  Federal laws, rules and regulations.

## THE PARTIES

15. PACG is a professional services provider organized as a corporation under the laws of the State of New York.

16. The business of PACG is to enhance the brand identity of its consulting clients and otherwise  to help them to advance a favorable perception and public awareness image of their entities  in the financial community.

17. PACG represents that it:

    (a)    Is not a registered Broker-Dealer.

    (b)    Did not register as a Broker-Dealer in connection with the rendering of its services to the NewGold and/or FirstGold.

    (c)    Did not affect stock trades on behalf of NewGold and/or FirstGold.

    (d)    Conducted its activities in accordance with the rules and regulations governing all aspects of the services performed under its Agreement with NewGold and/or

FirstGold and otherwise competently rendered its services according to the long-standing practices of the industry.

18. NewGold retained the services of PACG by entering into a written RA and the Addendum that are both annexed hereto.

19. PACG during the term of the RA beginning September 7, 2000 extended by the Addendum to December 31, 2001, used commercially reasonable efforts to provide advice to, undertook for, and consulted with NewGold concerning the implementation of a financial public relations program for NewGold with respect to information distributed by public press release by NewGold.

20. NewGold was, at all relevant times, in the business of acquisition, development, and exploration of gold-bearing properties in the United States.

21. FirstGold currently has its principal office at 3108 Gabbort Drive, Suite 210, Cameron Park, CA 95682.

22. FirstGold, upon information and belief, is in the business of acquisition, development, and exploration of gold-bearing properties in the United States.

23. At all relevant times the stock of NewGold/FirstGold has been publicly traded.

## NATURE OF THE ACTION

24. NewGold breached the **RA**:

    (a)    by not paying PACG a retainer fee of certain prior monthly installments of $10,000 monthly when demanded by PACG in December of 2001

    (b)    by not reimbursing PACG for its duly authorized expenses when demanded by PACG in December of 2001.

25. NewGold breached the **Addendum**:

4

(a)   by not paying PACG a retainer fee of certain prior monthly installments of $5,000 when demanded by PACG in December 2001.

(b)   by not paying PACG a retainer fee of certain prior monthly installments of $10,000 when demanded by PACG in December 2001.

(c)   by not paying PACG the liquidated sum of $32,335 as set forth on the last page of the Addendum when demanded by PACG in December 2001.

(d)   by failing to issue Warrants for 1,000,000 shares of publicly-traded stock in NewGold to PACG, at the prices and terms set forth in ¶ 5 a) of the Addendum.

(e)   By failing to register the said Warrants with the SEC as set forth in ¶ 5 b) of the Addendum.

26. The Addendum, in its ¶ 5 a) state that NewGold will register the 1,000,000 Warrants within 90 days after  February 8, 2001; the date of the Addendum, and further states in its ¶ 5 b) that if the said 1,000,000 Warrants are not registered on a timely basis that PACG is entitled to receive from NewGold the cash equivalent of 50,000 free-trading shares for each month that the Warrants are not registered.

27. Upon information and belief NewGold and/or FirstGold never issued and registered the said 1,000,000 Warrants in the name of PACG.

28. Upon information and belief, neither the Warrants nor the additional 50,000 free-trading shares per month, or both combined, represents a controlling interest of FirstGold or NewGold.

29. Because the said shares are publicly traded and do not represent a controlling interest in FirstGold, PACG is therefore not entitled to the equitable remedy or specific performance and accordingly seeks its remedy at law for monetary damages.

## CLAIMS FOR RELIEF

## COUNT I

## (Breach of Contract)

30. PACG incorporates by reference the foregoing ¶¶ 1-29 as if set forth herein.

31. PACG completely earned its entitlement to all consideration set forth in the RA and the Addendum when it completed its work for NewGold on December 31, 2001.

32. At no time did NewGold/FirstGold express any dissatisfaction with the efforts of PACG on their behalf.

33. Notwithstanding complete performance by PACG, NewGold/First Gold has failed **to date to issue** the 1,000,000 Warrants as set forth in ¶ 5 a) of the Addendum, despite being being duly demanded by PACG which performed all work required to earn the said Warrants to be exercised as set forth in the Addendum.

34. Notwithstanding complete performance by PACG NewGold/FirstGold failed **to register** with the SEC the 1,000,000 Warrants as set forth in ¶ 5 b) of the Addendum.

35. Failing such registration, it is provided in ¶ 5. b) of the Addendum that PACG *"is entitled to 50,000 (fifty thousand) free trading shares or the cash equivilent for every month that the underlying warrants are not registered."*

36. New Gold/First Gold shares have been publicly traded at all relevant times.

37. PACG therefore seeks a monetary Judgment for the highest cash-equivalent value for 50,000 NewGold/FirstGold shares traded in May 2001, and on the same basis in each of the ensuing 90 months until the filing date of this action in November 2007, and for each month thereafter, through the date that Judgment is entered to include pre-Judgment interest under CPLR § 5001(a) at the statutory rate in New York under CPLR § 5004.

## Count II

## Breach of Contract

38. PACG incorporates by reference the foregoing ¶¶ 1-29 as if set forth herein.

39. The said 1,000,000 Warrants were to be issued on Febrtuary 8, 2001, and thereafter registered with the SEC within 90 days to be exercisable for 5 years after their date of issuance.

40. As said Warrants have never been issued and registered, when and if they are issued PACG demands that they  be exercisable for 5 years from the date of issuance in conformity with ¶ 5 b) of the Addendum.

41. In or about July 2006, PACG's president Jeffrey Foster ("Foster") on behalf of PACG notified FirstGold/New Gold that PACG was prepared, able and desirous of exercising the said unissued and unregistered Warrants to purchase 350,000 Shares of NewGold for the consideration set forth in ¶ 5 a) of the Addendum:

- 350,000 shares of NewGold at $0.17 equal to $59,500.

42. In or about March  2007, Foster on behalf of PACG notified FirstGold (that PACG was prepared, able and desirous of exercising the Warrants to purchase 250,000 Shares for the consideration set forth in ¶ 5 a) of the Addendum:

- 250,000 shares at $0.50 equal to $125,000.

43. NewGold/First Gold refused to issue the Warrants and register same with the SEC and refused to issue the Shares and register same with the SEC despite being duly demanded to do so  by PACG as stated  in 2006 and  in 2007.

44. In November, 2007, the highest trading price of  First/Gold was $0.96 per share.

45. Based upon selling  in November 2007 the 600,000 shares that PACG was entitled to purchase under ¶5 b) of the Addendum, the sales revenue to PACG for the 600,000 shares @ $0.96 per share would have been  $576,000.

46. The profit to PACG would be the difference between the said $576,000 and the exercise price of purchasing the 600,000 shares of $184,500; this amounts to a  profit of $415,500.

47. PACG was therefore damaged in the amount of  $415,500 plus prejudgment interest.

## Count III

## Breach of Contract

48. PACG incorporates by reference the foregoing ¶¶ 1-29 as if set forth herein.

49. NewGold/FirstGold, under the RA and Addendum has not paid PACG:

    (a)    its monthly fees in an amount to be proven at trial.

    (b)    its duly authorized expenses in an amount to be proven at trial.

    (c)    an agreed upon liquidated sum of $32,335 as set forth on the last page of the Addendum.

50. PACG therefore demands  payment in an amount to be proven at trial plus pre-judgment interest.

## Count IV

## Breach of Contract

51. PACG incorporates by reference the foregoing ¶¶ 1-29 as if set forth herein.

52. On or about February 5, 2001 NewGold acknowleged its obligation to pay to PACG a **Finders Fee** of $50,000 as compensation for the work of PACG in assisting NewGold to acquire Playlink, Inc.

53. At or about the same time NewGold acknowledged its obligation to pay PACG $50,000 in the shares of NewGold.

54. PACG duly demanded the said fee and shares in its letter dated February 6, 2006.

55. To date no payment or tender of the shares has been made.

56. PACG therefore demands $50,000 in cash and $50,000 in shares with prejudgment simple interest at the rate of 9% per annum.

## Count V

## Breach of Contract

57. PACG incorporates by reference the foregoing ¶¶ 1-29 as if set forth herein.

58. In addition to the 600,000 shares previously referenced, there are 400,000 remaining as described in ¶5 b) of the Addendum.

59. PACG seeks an Order that FirstGold/NewGold issue these 400,000 Warrants and register same with the SEC as follows:

- 200,000 at $1.00

- 200,000 at $1.25

60. The above Warrants to be exercisable for 5 years from their date of issuance under ¶ 5 a) of the Addendum.

## PRAYER FOR RELIEF

WHEREFORE, PACG prays for Judgment against Gold as follows:

## FIRST COUNT

1. Monetary damages equivilent to  50,000 shares for May 2001 and each month thereafter until November 2007 multiplied by the high bid price for each month with pre-judgment interest thereon from each month  @ 9% under CPLR §§ 5001(a) and 5004.

2. Continuing money damages for each month beginning in December 2007 at the rate of 50,000 shares x the high bid price per month, with simple interest at 9% per annum under CPLR §5001(a) and CPLR § 5004 until such time as FirstGold issues and registers in the name of PACG with the SEC 1,000,000 Warrants at the exercise prices per share as set forth in the RA and addendum and expiring 5 years from their date of issuance.

### SECOND COUNT

3. **Monetary damages in** the amount of $415,000 that being the difference between the exercise price of the first 600,000 shares and the selling price of those shares in November 2007 plus pre-judgment interest thereafter @ 9% under CPLR §§ 5001(a) and 5004.

### THIRD COUNT

4. **Monthly retainer fees** in an amount ot be proven at trial with pre-judgment interest thereon @ 9% under CPLR §§ 5001(a) and 5004.

5. **Expense reimbursements** in an amount to be proven at trial with pre-judgment interest thereon @ 9% under CPLR §§ 5001(a) and 5004.

### FOURTH COUNT

6. **Finder's fees** in the amount of $50,000 with pre-judgment interest thereon from @ 9% under CPLR §§ 5001(a) and 5004.

7. Shares of NewGold equivilent to $50,000 at the low bid price on the date of issuance.

### 8. FIFTH COUNT

9. An Order that FirstGold issue and register with the SEC for the benefit of PACG Warrants for 200,000 Shares at an exercise price of $1.00 and 200,000 Shares at an exercise price of $1.25—these Warrants to be exercisable for 5 years from the date of issuance.

10. The costs of this action; and

11. Such other and further relief as this Court deems just and proper.

Queens, New York
March  25, 2008

Respectfully submitted,

LEVEY, FILLER, RODRIGUEZ,
KELSO & DEBIANCHI, LLP

Attorneys for Plaintiff
41-26 27th Street
Suite 3D
Long Island City, NY 11101
TEL (718) 340-2614
Email Dfiller@dlz.mailstreet.com
FAX (718) 340-3615

By:

David F. Filler (Bar No. DF- 6850)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PARK AVENUE CONSULTING GROUP, INC.,

               Plaintiff,                         **ANSWER**

v.

NEWGOLD INC. AND FIRSTGOLD CORP.,        Civ. No. 08 Civ. 1850 (CM) (GWG)

               Defendants.

---

        Defendants Newgold Inc. and Firstgold Corp. (collectively, "Defendants"), as and for their Answer to the Complaint herein, state as follows:

        1.     Deny the allegations contained in paragraphs 1, 3, 9, 12, 17, 19, 20, 21, 22, 23, 24, 25, 27, 28, 29, 31, 32, 33, 34, 36, 37, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49, 50, 52, 53, 54, 55, 56, 58, 59 and 60.

        2.     Lack knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 2, 6, 7, 8, 15 and 16.

        3.     With respect to paragraph 4, admit that counsel for Defendants served a Demand for Complaint upon counsel for Plaintiff by first class mail on or about March 7, 2008, and lack knowledge or information sufficient to form a belief as to the remaining allegations contained therein.

        4.     With respect to paragraph 5, admit that Firstgold Corp. has an office at 3108 Ponte Morino Drive, Suite 210, Cameron Park, CA 95642, and lack knowledge or information sufficient to form a belief as to the remaining allegations contained therein.

5.    With respect to paragraph 10, admit that this matter was removed to federal court on diversity grounds, and deny the remaining allegations contained therein.

6.    With respect to paragraphs 11 and 14, because the allegations state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

7.    With respect to paragraphs 13, 18, 26 and 35, aver that the documents speak for themselves, and deny the remaining allegations contained therein.

8.    Deny each and every other allegation not specifically heretofore either admitted or denied.

### AS AND FOR A FIRST DEFENSE

9.    The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

10.    Plaintiff is guilty of such laches as bars maintenance of this action against Defendants.

### AS AND FOR A THIRD DEFENSE

11.    Plaintiff's damages, if any, were caused by their own failure to take reasonable actions to avoid and/or mitigate its alleged damages.

### AS AND FOR A FOURTH DEFENSE

12.    This action is barred by the applicable statute of limitations.

### AS AND FOR A FIFTH DEFENSE

13.    Documentary evidence establishes a complete defense to Plaintiff's claims.

## AS AND FOR A SIXTH DEFENSE

14.    Plaintiff seeks the aid of equity with unclean hands.

## AS AND FOR A SEVENTH DEFENSE

15.    The court does not have personal jurisdiction over Defendants.


WHEREFORE, Defendants respectfully requests an Order:

a.    Dismissing Plaintiffs' complaint against Defendants, with prejudice;

b.    Granting Defendants the costs and disbursements of this action; and

c.    Granting Defendants such other and further relief as this Court deems just

and proper.


Dated:    Tonawanda, New York
          April 15, 2008

                              BLAIR & ROACH, LLP


                              By:____s/ John N. Blair_____
                                     John N. Blair, Esq.
                                     J. Michael Lennon, Esq.
                                     Attorneys for Defendants
                                     2645 Sheridan Drive
                                     Tonawanda, New York 14150
                                     (716) 834-9181
                                     jnblair@blair-roach.com
                                     jmlennon@blair-roach.com


TO:    LEVEY, FILLER, RODRIGUEZ KELSO &
          DEBIANCHI, LLP
       David F. Filler, Esq., of counsel
       Attorneys for Plaintiff
       41-26 27th Street, Suite 3D
       Long Island City, New York 11101-3825
       Telephone: (718) 340-3614
       Dfiller@dlz.mailstreet.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PARK AVENUE CONSULTING GROUP, INC.,

        Plaintiff,

v.

NEWGOLD INC. AND FIRSTGOLD CORP.,        Civ. No. 08 Civ. 1850 (CM) (GWG)

        Defendants.

---

## CERTIFICATE OF SERVICE

        I hereby certify that on April 15, 2008, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

        And, I hereby certify that I have mailed by the United States Postal Service the document to the following non-CM/ECF participants:

        David F. Filler, Esq., of counsel
        LEVEY, FILLER, RODRIGUEZ KELSO &
           DEBIANCHI, LLP
        Attorneys for Plaintiff
        41-26 27th Street, Suite 3D
        Long Island City, New York 11101-3825
        Dfiller@dlz.mailstreet.com

        BLAIR & ROACH, LLP

        By:   s/ John N. Blair
           John N. Blair, Esq.
           J. Michael Lennon, Esq.
           Attorneys for Defendant
           2645 Sheridan Drive
           Tonawanda, New York 14150
           (716) 834-9181
           jnblair@blair-roach.com
           jmlennon@blair-roach.com

# BLAIR & ROACH, LLP

*Attorneys*

2645 SHERIDAN DRIVE
TONAWANDA, NEW YORK 14150
PHONE: 716-834-9181 • FAX: 716-834-9197

April 15, 2008

David F. Filler, Esq.
Levey, Filler, Rodriguez, Kelso &
   Debianchi, LLP
41-26 27th Street, Suite 3D
Long Island City, New York 11101-3825

                Re:  Park Avenue Consulting Group, Inc. v.
                     Newgold Inc. and Firstgold Corp.
                     <u>Civ. No. 08 Civ. 1850 (CM) (GWG)</u>

Dear Mr. Filler:

        Enclosed for service please find Defendants' Answer, which was e-filed today in the United States District Court for the Southern District of New York.

                Very truly yours,

                BLAIR & ROACH, LLP

                By:
                  J. Michael Lennon

JML:tn
Enclosure