LEVEY, FILLER, RODRIGUEZ, KELSO & DEBIANCHI, LLP
Attorneys for Plaintiff
41-26 27th Street
Suite 3D
Long Island City, NY 11101
TEL (718) 340-2614

/s/ David F. Filler (DF-6850)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------

PARK AVENUE CONSULTING GROUP INC.,

    Plaintiff,

v.

NEWGOLD INC. and FIRSTGOLD CORP.
    Defendants,

-------------------------------------------------------

Civil Action No.08 Civ. 1850 (CM) (GWG)

PLAINTIFF'S ORIGINAL
COMPLAINT

Plaintiff Park Avenue Consulting Group Inc. ("PACG"), by and for its Complaint against Defendants NewGold, Inc. ("NewGold") and FirstGold, Inc. ("FirstGold") (collectively "Gold"), by its attorney David F. Filler, who is duly admitted to practice before the Courts of this State and has been duly admitted to appear before this Court, avers as follows:

### JURISDICTION AND VENUE

1. This is a civil action sounding in breach of contract seeking damages in excess of $75,000.

2. PACG commenced this action in the Supreme Court of the State of New York, County of New York, by the filing of a Summons with Notice, under CPLR § 304(a) and Rule 305(b), with the County Clerk of New York on November 30, 2007, under Index No. 07/603960, naming NewGold Inc. and FirstGold Inc. as Defendants

1

3. PACG subsequently affected service upon Gold at their office in California on January 29, 2008.

4. Gold, through its attorneys, demanded a Complaint by notice dated March 7, 2008 that was sent to the attorney of PACG by First Class Mail and received on March 12, 2008.

5. At the time when PACG entered into the original underlying contract with NewGold, both parties were residents of New York. Upon information and belief, at the time of commencement of this action neither Defendant were residents of the State of New York but FirstGold did have an office at 3108 Gabbort Drive, Suite 210, Cameron Park, CA 95682.

6. PACG continues to be a resident of New York.

7. Co-defendant NewGold has legally changed its name to FirstGold by notice to the Security and Exchange Comission ("SEC") on December 11, 2006.

8. Upon information and belief Co-defendant FirstGold is the successor, heir and assign of NewGold.

9. All all relevant times since January 2001 Newgold and then FirstGold were publicly traded companies.

10. Subsequent to being served with PACG's New York State action, Gold removed the said action to this Court on the grounds of diversity of citizenship and that the amount in controversy exceeds $75,000.

11. No federal question is asserted as a ground for jurisdiction.

12. Said removal is an admission that this Court has personal jurisdiction over FirstGold and NewGold.

13. The Retainer Agreement ("RA") dated September 7, 2000 and the Addendum ("Addendum") dated February 8, 2001 (collectively the "Agreement") was entered into in New York County and ¶ 7 g) of the RA explicitly states that any controversy thereunder shall be adjudicated in New York County. CPLR § 302 (a)(1). The RA and Addendum are annexed hereto.

14. PACG reserves its contractual and statutory rights under ¶ 7 g) of the RA to assert its claims against FirstGold and NewGold under the laws, rules and regulations of the State of New York, as applied to the within controversy, should there be any conflict with Federal laws, rules and regulations.

## THE PARTIES

15. PACG is a professional services provider organized as a corporation under the laws of the State of New York.

16. The business of PACG is to enhance the brand identity of its consulting clients and otherwise to help them to advance a favorable perception and public awareness image of their entities in the financial community.

17. PACG represents that it:

    (a)    Is not a registered Broker-Dealer.

    (b)    Did not register as a Broker-Dealer in connection with the rendering of its services to the NewGold and/or FirstGold.

    (c)    Did not affect stock trades on behalf of NewGold and/or FirstGold.

    (d)    Conducted its activities in accordance with the rules and regulations governing all aspects of the services performed under its Agreement with NewGold and/or

FirstGold and otherwise competently rendered its services according to the long-standing practices of the industry.

18. NewGold retained the services of PACG by entering into a written RA and the Addendum that are both annexed hereto.

19. PACG during the term of the RA beginning September 7, 2000 extended by the Addendum to December 31, 2001, used commercially reasonable efforts to provide advice to, undertook for, and consulted with NewGold concerning the implementation of a financial public relations program for NewGold with respect to information distributed by public press release by NewGold.

20. NewGold was, at all relevant times, in the business of acquisition, development, and exploration of gold-bearing properties in the United States.

21. FirstGold currently has its principal office at 3108 Gabbort Drive, Suite 210, Cameron Park, CA 95682.

22. FirstGold, upon information and belief, is in the business of acquisition, development, and exploration of gold-bearing properties in the United States.

23. At all relevant times the stock of NewGold/FirstGold has been publicly traded.

## NATURE OF THE ACTION

24. NewGold breached the **RA**:

    (a) by not paying PACG a retainer fee of certain prior monthly installments of $10,000 monthly when demanded by PACG in December of 2001

    (b) by not reimbursing PACG for its duly authorized expenses when demanded by PACG in December of 2001.

25. NewGold breached the **Addendum**:

(a) by not paying PACG a retainer fee of certain prior monthly installments of $5,000 when demanded by PACG in December 2001.

(b) by not paying PACG a retainer fee of certain prior monthly installments of $10,000 when demanded by PACG in December 2001.

(c) by not paying PACG the liquidated sum of $32,335 as set forth on the last page of the Addendum when demanded by PACG in December 2001.

(d) by failing to issue Warrants for 1,000,000 shares of publicly-traded stock in NewGold to PACG, at the prices and terms set forth in ¶ 5 a) of the Addendum.

(e) By failing to register the said Warrants with the SEC as set forth in ¶ 5 b) of the Addendum.

26. The Addendum, in its ¶ 5 a) state that NewGold will register the 1,000,000 Warrants within 90 days after February 8, 2001; the date of the Addendum, and further states in its ¶ 5 b) that if the said 1,000,000 Warrants are not registered on a timely basis that PACG is entitled to receive from NewGold the cash equivalent of 50,000 free-trading shares for each month that the Warrants are not registered.

27. Upon information and belief NewGold and/or FirstGold never issued and registered the said 1,000,000 Warrants in the name of PACG.

28. Upon information and belief, neither the Warrants nor the additional 50,000 free-trading shares per month, or both combined, represents a controlling interest of FirstGold or NewGold.

29. Because the said shares are publicly traded and do not represent a controlling interest in FirstGold, PACG is therefore not entitled to the equitable remedy or specific performance and accordingly seeks its remedy at law for monetary damages.

## **CLAIMS FOR RELIEF**

## **COUNT I**

### **(Breach of Contract)**

30. PACG incorporates by reference the foregoing ¶¶ 1-29 as if set forth herein.

31. PACG completely earned its entitlement to all consideration set forth in the RA and the Addendum when it completed its work for NewGold on December 31, 2001.

32. At no time did NewGold/FirstGold express any dissatisfaction with the efforts of PACG on their behalf.

33. Notwithstanding complete performance by PACG, NewGold/First Gold has failed **to date to issue** the 1,000,000 Warrants as set forth in ¶ 5 a) of the Addendum, despite being being duly demanded by PACG which performed all work required to earn the said Warrants to be exercised as set forth in the Addendum.

34. Notwithstanding complete performance by PACG NewGold/FirstGold failed **to register** with the SEC the 1,000,000 Warrants as set forth in ¶ 5 b) of the Addendum.

35. Failing such registration, it is provided in ¶ 5. b) of the Addendum that PACG *"is entitled to 50,000 (fifty thousand) free trading shares or the cash equivilent for every month that the underlying warrants are not registered."*

36. New Gold/First Gold shares have been publicly traded at all relevant times.

37. PACG therefore seeks a monetary Judgment for the highest cash-equivalent value for 50,000 NewGold/FirstGold shares traded in May 2001, and on the same basis in each of the ensuing 90 months until the filing date of this action in November 2007, and for each month thereafter, through the date that Judgment is entered to include pre-Judgment interest under CPLR § 5001(a) at the statutory rate in New York under CPLR § 5004.

## Count II

### Breach of Contract

38. PACG incorporates by reference the foregoing ¶¶ 1-29 as if set forth herein.

39. The said 1,000,000 Warrants were to be issued on Febrtuary 8, 2001, and thereafter registered with the SEC within 90 days to be exercisable for 5 years after their date of issuance.

40. As said Warrants have never been issued and registered, when and if they are issued PACG demands that they be exercisable for 5 years from the date of issuance in conformity with ¶ 5 b) of the Addendum.

41. In or about July 2006, PACG's president Jeffrey Foster ("Foster") on behalf of PACG notified FirstGold/New Gold that PACG was prepared, able and desirous of exercising the said unissued and unregistered Warrants to purchase 350,000 Shares of NewGold for the consideration set forth in ¶ 5 a) of the Addendum:

    - 350,000 shares of NewGold at $0.17 equal to $59,500.

42. In or about March 2007, Foster on behalf of PACG notified FirstGold (that PACG was prepared, able and desirous of exercising the Warrants to purchase 250,000 Shares for the consideration set forth in ¶ 5 a) of the Addendum

    - 250,000 shares at $0.50 equal to $125,000.

43. NewGold/First Gold refused to issue the Warrants and register same with the SEC and refused to issue the Shares and register same with the SEC despite being duly demanded to do so by PACG as stated in 2006 and in 2007.

44. In November, 2007, the highest trading price of First/Gold was $0.96 per share.

45. Based upon selling in November 2007 the 600,000 shares that PACG was entitled to purchase under ¶5 b) of the Addendum, the sales revenue to PACG for the 600,000 shares @ $0.96 per share would have been $576,000.

46. The profit to PACG would be the difference between the said $576,000 and the exercise price of purchasing the 600,000 shares of $184,500; this amounts to a profit of $415,500.

47. PACG was therefore damaged in the amount of $415,500 plus prejudgment interest.

## Count III

### Breach of Contract

48. PACG incorporates by reference the foregoing ¶¶ 1-29 as if set forth herein.

49. NewGold/FirstGold, under the RA and Addendum has not paid PACG:

    (a)  its monthly fees in an amount to be proven at trial.

    (b)  its duly authorized expenses in an amount to be proven at trial.

    (c)  an agreed upon liquidated sum of $32,335 as set forth on the last page of the Addendum.

50. PACG therefore demands payment in an amount to be proven at trial plus pre-judgment interest.

## Count IV

### Breach of Contract

51. PACG incorporates by reference the foregoing ¶¶ 1-29 as if set forth herein.

52. On or about February 5, 2001 NewGold acknowleged its obligation to pay to PACG a **Finders Fee** of $50,000 as compensation for the work of PACG in assisting NewGold to acquire Playlink, Inc.

53. At or about the same time NewGold acknowledged its obligation to pay PACG $50,000 in the shares of NewGold.

54. PACG duly demanded the said fee and shares in its letter dated February 6, 2006.

55. To date no payment or tender of the shares has been made.

56. PACG therefore demands $50,000 in cash and $50,000 in shares with prejudgment simple interest at the rate of 9% per annum.

## Count V

### Breach of Contract

57. PACG incorporates by reference the foregoing ¶¶ 1-29 as if set forth herein.

58. In addition to the 600,000 shares previously referenced, there are 400,000 remaining as described in ¶5 b) of the Addendum.

59. PACG seeks an Order that FirstGold/NewGold issue these 400,000 Warrants and register same with the SEC as follows:

- 200,000 at $1.00
- 200,000 at $1.25

60. The above Warrants to be exercisable for 5 years from their date of issuance under ¶ 5 a) of the Addendum.

## PRAYER FOR RELIEF

WHEREFORE, PACG prays for Judgment against Gold as follows:

### FIRST COUNT

1. Monetary damages equivilent to 50,000 shares for May 2001 and each month thereafter until November 2007 multiplied by the high bid price for each month with pre-judgment interest thereon from each month @ 9% under CPLR §§ 5001(a) and 5004.

2. Continuing money damages for each month beginning in December 2007 at the rate of 50,000 shares x the high bid price per month, with simple interest at 9% per annum under CPLR §5001(a) and CPLR § 5004 until such time as FirstGold issues and registers in the name of PACG with the SEC 1,000,000 Warrants at the exercise prices per share as set forth in the RA and addendum and expiring 5 years from their date of issuance.

## SECOND COUNT

3. **Monetary damages in** the amount of $415,000 that being the difference between the exercise price of the first 600,000 shares and the selling price of those shares in November 2007 plus pre-judgment interest thereafter @ 9% under CPLR §§ 5001(a) and 5004.

## THIRD COUNT

4. **Monthly retainer fees** in an amount ot be proven at trial with pre-judgment interest thereon @ 9% under CPLR §§ 5001(a) and 5004.

5. **Expense reimbursements** in an amount to be proven at trial with pre-judgment interest thereon @ 9% under CPLR §§ 5001(a) and 5004.

## FOURTH COUNT

6. **Finder's fees** in the amount of $50,000 with pre-judgment interest thereon from @ 9% under CPLR §§ 5001(a) and 5004.

7. Shares of NewGold equivilent to $50,000 at the low bid price on the date of issuance.

## 8. FIFTH COUNT

9. An Order that FirstGold issue and register with the SEC for the benefit of PACG Warrants for 200,000 Shares at an exercise price of $1.00 and 200,000 Shares at an exercise price of $1.25—these Warrants to be exercisable for 5 years from the date of issuance.

10. The costs of this action; and

11. Such other and further relief as this Court deems just and proper.

Queens, New York
March 25, 2008

                                                    Respectfully submitted,

                                                  LEVEY, FILLER, RODRIGUEZ
                                                  KELSO & DE BIANCHI, LLP

                                                  Attorneys for Plaintiff
                                                  41-26 27th Street, Suite 3D
                                                  Long Island City, NY 11101
                                                  Tel: 718-340-2614
                                                  Fax: 718-340-3615
                                                  E-Mail: dfiller@dlz.mailstreet.com

By:    _____
           David F. Filler
           Bar No. DF-6850

11. Such other and further relief as this Court deems just and proper.

Queens, New York
March 25, 2008

                Respectfully submitted,

                LEVEY, FILLER, RODRIGUEZ,
                KELSO & DEBIANCHI, LLP

                Attorneys for Plaintiff
                41-26 27th Street
                Suite 3D
                Long Island City, NY 11101
                TEL (718) 340-2614
                Email Dfiller@dlz.mailstreet.com
                FAX (718) 340-3615

                By:

                *[signature]*

                David F. Filler (Bar No. DF-6850)