UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

────────────────────────────────

PARK AVENUE CONSULTING GROUP, INC.,

               Plaintiff,

v.

NEWGOLD INC. AND FIRSTGOLD CORP.,       Civ. No. 08 Civ. 1850 (CM) (GWG)

               Defendants.

────────────────────────────────

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

BLAIR & ROACH, LLP
Attorneys for Defendants
2645 Sheridan Drive
Tonawanda, New York 14150
(716) 834-9181

Of Counsel:
John N. Blair, Esq.
J. Michael Lennon, Esq.

## <u>TABLE OF CONTENTS</u>

TABLE OF CASES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    Plaintiff's Motion to Strike Must Be Denied Because Such Motions Are Disfavored in This Circuit and Plaintiff Cannot Meet the Pre-Requisites for Such a Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.    Plaintiff's Attempt to Impose a More Rigorous Pleading Standard on Defendants is Unavailing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    C.    Plaintiff's "Alternative" Attempts To Strike Defendants' Affirmative Defenses of Laches, Statute Of Limitations, Unclean Hands and Personal Jurisdiction Are Also Without Merit . . . . . . . . . . . . . . . . . . . . . . . . . 4

        i.    Fourth Defense — Statute of Limitations . . . . . . . . . . . . . . . . . . . . . . .5

        ii.    Seventh Defense — Personal Jurisdiction . . . . . . . . . . . . . . . . . . . . . . 6

        iii.    Second Defense and Sixth Defense — Laches and Unclean Hands . . . . . .7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

## <u>TABLE OF CASES</u>

<u>Bennett v. Spoor Behrins Campbell & Young, Inc.</u>, 124 F.R.D. 562 (S.D.N.Y. 1989) . . . . . . .2, 3

<u>Carter-Wallace, Inc. v. Riverton Laboratories, Inc.</u>, 47 F.R.D. 366 (S.D.N.Y. 1969) . . . . . . .2, 3

<u>Conley v. Gibson</u>, 355 U.S. 41, 78 S. Ct. 99 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

<u>Ely-Cruikshank Co. v. Bank of Montreal</u>, 81 N.Y.2d 399, 599 N.Y.S.2d 501 (1993) . . . . . . . . .5

<u>Estee Lauder, Inc. v. The Fragrance Counter, Inc.</u>, 189 F.R.D. 269 (S.D.N.Y. 1999) . . . .3, 5, 6, 7

<u>Kulzer v. Pittsburgh-Corning Corp.</u>, 942 F.2d 122 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . .5

<u>Oliner v. McBride's Indus., Inc.</u>, 106 F.R.D. 14 (S.D.N.Y. 1985). . . . . . . . . . . . . . . . . . . . 2, 3, 6

<u>Santos v. Dist. Council of New York City</u>, 619 F.2d 963 (2d Cir. 1980) . . . . . . . . . . . . . . . . . .5

<u>Sec. and Exch. Comm'n v. Toomey</u>, 866 F. Supp. 719 (S.D.N.Y. 1992) . . . . . . . . . . . . . . . . . . 3

<u>Smith v. Masterson</u>, 2006 WL 2819591 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

<u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 122 S. Ct. 992 (2002) . . . . . . . . . . . . . . . . . . . . . 4

<u>William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.</u>, 744 F.2d 935
    (2d Cir. 1984), <u>vacated on other grounds</u>, 478 U.S. 1015, 106 S.Ct. 3324 (1986) . . . . . . . . 2, 3

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in opposition to Plaintiff Park Avenue Consulting Group, Inc.'s ("Plaintiff") motion to strike the affirmative defenses interposed by Defendants Newgold Inc. and Firstgold Corp. (collectively, "Defendants") in their Answer. Plaintiff's motion should be denied because motions to strike affirmative defenses are not favored in this Circuit and Defendants have met the liberal pleading requirements of Fed.R.Civ.P. Rule 8(a).

## STATEMENT OF FACTS

Plaintiff commenced this action, which sounds in breach of contract and seeks monetary damages, by filing of a Summons with Notice in New York State Supreme Court, New York County, on or about November 29, 2007. See Affidavit of J. Michael Lennon, Esq., sworn to May 14, 2008 ("Lennon Aff."), at ¶ 3. Plaintiff served the Summons with Notice on Defendants in January 2008. Id., at ¶ 4. Shortly thereafter, Defendants removed this action to this Court on diversity grounds. Id. On March 7, 2008, Defendants served a Demand for a Complaint on counsel for Plaintiff. Id., at ¶ 5. Plaintiff then served its Complaint on defense counsel on or about March 26, 2008. Id., at ¶ 6. On April 15, 2008, Defendants e-filed an Answer with this Court. Id., at ¶ 7. Thereafter, on May 5, 2008, Defendants e-filed an Amended Answer with Counterclaim. Id., at ¶ 8.

Both Defendants' Answer and Amended Answer contain a short and plain statement of the following seven affirmative defenses: (1) failure to state a claim; (2) laches; (3) failure to mitigate; (4) statute of limitations; (5) documentary evidence; (6) unclean hands; and (7) lack of personal jurisdiction. Id., at ¶ 9. The instant motion seeks to strike all of Defendants' affirmative defenses, or, in the alternative, the affirmative defenses of laches, statute of

limitations, unclean hands and lack of personal jurisdiction. Id., at ¶ 10. Other than the exchange of Initial Disclosures pursuant to Fed.R.Civ.P. Rule 26(a)(1), no discovery has taken place in this matter to date. Id., at ¶ 11.

## ARGUMENT

**A.    Plaintiff's Motion to Strike Must Be Denied Because Such Motions Are Disfavored in This Circuit and Plaintiff Cannot Meet the Pre-Requisites for Such a Motion.**

It is well settled that "[m]otions to strike a defense are not viewed favorably by the courts, the general policy being that pleadings should be treated liberally, and that a party should have the opportunity to support his contentions at trial . . ., and it is recognized that such motions are often sought merely as a dilatory tactic." Oliner v. McBride's Indus., Inc., 106 F.R.D. 14, 17 (S.D.N.Y. 1985) (internal citations omitted); see also Smith v. Masterson, 2006 WL 2819591 (S.D.N.Y. 2006), at *1 ("It is well established in this Circuit that '[a] motion to strike an affirmative defense under Rule 12(f), Fed.R.Civ.P., for legal insufficiency is not favored.'" (quoting, William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984), vacated on other grounds, 478 U.S. 1015, 106 S.Ct. 3324 [1986]); Bennett v. Spoor Behrins Campbell & Young, Inc., 124 F.R.D. 562, 563 (S.D.N.Y. 1989) (The general policy is that "the pleadings should be treated liberally, and that a party should have the opportunity to support his contentions at trial."). A motion to strike is not intended to furnish an opportunity for the determination of disputed and substantial questions of law, particularly if the motion is brought in advance of adequate discovery on the issues. See Carter-Wallace, Inc. v. Riverton Laboratories, Inc., 47 F.R.D. 366, 367-68 (S.D.N.Y. 1969); Bennett, 124 F.R.D. at 563-64.

In order to succeed on a motion to strike affirmative defenses, a plaintiff must satisfy three prerequisites: (1) there may be no question of fact which might allow the defenses to succeed; (2) there may be no substantial question of law, a resolution of which could allow the defense to succeed; and (3) plaintiff must show that it is prejudiced by the inclusion of the defense. See Estee Lauder, Inc. v. The Fragrance Counter, Inc., 189 F.R.D. 269, 271-72 (S.D.N.Y. 1999); Sec. and Exch. Comm'n v. Toomey, 866 F. Supp. 719, 721-722 (S.D.N.Y. 1992). See also Oliner, 106 F.R.D. at 17 (A motion to strike should be granted "only if there is a clear showing that the challenged defense has no bearing on the subject matter and that permitting the defense to stand would prejudice the plaintiff.").

Here, Plaintiff seeks to strike all of Defendants' affirmative defenses, but fails to meet any of the prerequisites set forth above. It is respectfully submitted that Plaintiff cannot meet any of the prerequisites at this early stage in the litigation. The only discovery conducted to date is the exchange of initial disclosures pursuant to Rule 26(a)(1). See Lennon Aff., at ¶ 11. Absent adequate discovery on the substantive issues of law and fact raised by Defendants' affirmative defenses, it is premature to strike those defenses. See Sec. and Exch. Comm'n v. Toomey, 866 F. Supp. at 722; Carter-Wallace, Inc., 47 F.R.D. at 367-68; Bennett, 124 F.R.D. at 563-64. In addition, there is no prejudice to Plaintiff by allowing Defendants' affirmative defenses to stand. If, after adequate discovery, it becomes apparent that Defendants' affirmative defenses lack merit, a motion for summary judgment dismissing the defenses is the appropriate remedy. See Salcer, 744 F.2d at 939; Fed.R.Civ.P. Rule 56. Accordingly, Plaintiff's motion to strike Defendants' affirmative defenses must be denied.

**B.**    **Plaintiff's Attempt to Impose a More Rigorous Pleading Standard on Defendants is Unavailing.**

Plaintiff also alleges that Defendants' affirmative defenses should be stricken for an alleged failure to meet the pleading requirements of Fed.R.Civ.P. Rule 8(a).    See Memorandum of Law in Support of Plaintiff's Motion to Strike All Defenses or Alternatively to Strike Certain Defenses, dated April 30, 2008 ("Plaintiff's Memo."), at 1.  However, in making its argument, Plaintiff actually seeks to create a more rigorous pleading standard than the liberal "short and plain statement" standard set forth in Fed.R.Civ.P. Rule 8(a).

The Supreme Court has consistently held that "[t]he liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S. Ct. 992, 999 (2002).  "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Conley v. Gibson, 355 U.S. 41, 48, 78 S. Ct. 99, 103 (1957).  Defendants' affirmative defenses herein embrace the "short and plain statement" standard set forth in Rule 8(a) and fairly put Plaintiff on notice of the defenses in this action.  Accordingly, Plaintiff's attempt impose a higher pleading standard on Defendants is unavailing and its motion to strike all of Defendants' affirmative defenses must be denied.

**C.**    **Plaintiff's "Alternative" Attempts To Strike Defendants' Affirmative Defenses of Laches, Statute Of Limitations, Unclean Hands and Personal Jurisdiction Are Also Without Merit.**

Plaintiff also seeks, in the alternative, to strike Defendants' affirmative defenses of laches, statute of limitations, unclean hands and personal jurisdiction.  For the reasons set forth below, Plaintiff's "alternative" attempts to strike Plaintiff's second, fourth, sixth and seventh affirmative defenses are also without merit.

(i)    <u>Fourth Defense — Statute of Limitations</u>

Plaintiff seeks to strike Plaintiff's fourth affirmative defense, which invokes the statute of limitations, on the grounds that Plaintiff is "well within" the allegedly applicable time period.  <u>See</u> Plaintiff's Memo., at 2-3.   This "alternative" argument fails for a variety of reasons.

As a threshold matter, the law in this Circuit is that a statute of limitations defense "need not be articulated with any rigorous degree of specificity: 'The defense is sufficiently raised for purposes of Rule 8 by *its bare assertion*.'" <u>Kulzer v. Pittsburgh-Corning Corp.</u>, 942 F.2d 122, 125 (2d Cir. 1991) (<u>quoting</u> <u>Santos v. Dist. Council of New York City</u>, 619 F.2d 963 [2d Cir. 1980]) (emphasis in original).   Thus, Defendants' allegation in the fourth affirmative defense that "[t]his action is barred by the applicable statute of limitations" is clearly sufficient. <u>See</u> Lennon Aff., Exhibit A, at ¶ 12.

Moreover, it is well settled law in New York that "a breach of contract cause of action accrues at the time of the breach." <u>Ely-Cruikshank Co. v. Bank of Montreal</u>, 81 N.Y.2d 399, 402, 599 N.Y.S.2d 501, 502 (1993).  In this case, the date of the alleged breach (or even whether a breach occurred) is a question of fact that cannot be decided without further discovery. Therefore, Plaintiff is unable to meet the first pre-requisite set forth in <u>Estee Lauder, Inc. v. The Fragrance Counter, Inc.</u> — namely, that there may be no question of fact which might allow the defense to succeed. 189 F.R.D. at 271-72.  Even assuming that a six-year statute of limitations applies to this action, any action upon any breach of contract that occurred <u>before</u> November 29, 2001 is time-barred because this action was not commenced until November 29, 2007.  <u>See</u> Lennon Aff., at ¶ 3.  Accordingly, Defendants' fourth affirmative defense has merit and should not be stricken.

Finally, even when, under the facts alleged in the Complaint, it appears that a suit is timely commenced and that a statute of limitations defense is "insufficient as a matter of law," the defense must be allowed to stand absent a showing of prejudice to the Plaintiff.  See Oliner, 106 F.R.D. at 18.  As explained by the Court in Oliner, "Although it seems highly unlikely that defendant can prevail on this defense, absent a showing of injury to the plaintiff, the Court declines to strike the statute of limitations defense."  Id.  Plaintiff has failed to show any prejudice or injury resulting from the continued inclusion of this defense.  Accordingly, this Court should deny Plaintiff's "alternative" attempt to strike Defendants' fourth affirmative defense.

(ii)    Seventh Defense — Personal Jurisdiction

Plaintiff also seeks to strike Defendants' seventh affirmative defense, which alleges a lack of personal jurisdiction.  However, given that Defendants are foreign corporations (see Lennon Aff., Exhibit A, at ¶¶ 16-17), there is a question regarding whether this Court has jurisdiction over Defendants under New York's long arm statute (7B N.Y.Civ.Prac. Law and Rules § 302(a) [McKinney 2001 and Supp. 2008]).  It is well settled that "[t]he determination of whether [a] defendant had enough contacts with the forum state to satisfy the requirements of [New York's long-arm jurisdiction statute] is to be based on consideration of the totality of the defendant's acts within the forum state."  Oliner, 106 F.R.D. at 18.

Here, without any discovery being conducted regarding Defendants' contact with New York State, Plaintiff cannot satisfy the pre-requisites that there be no questions of law or fact that might allow the defense to succeed.  See Estee Lauder, 189 F.R.D. at 271-72.  Moreover, Plaintiff has not shown that it is or will be in any way prejudiced if the defense of lack

of personal jurisdiction is allowed to stand.  Id.  Accordingly, Plaintiff's motion to strike Defendants' seventh defense must be denied.

(iii)    <u>Second Defense and Sixth Defense — Laches and Unclean Hands</u>

Finally, Plaintiff also offers "alternative" grounds for striking Defendants' second and sixth affirmative defenses, which allege laches and unclean hands, respectively.  Plaintiff alleges that both defenses apply only in cases of equity and, therefore, neither is appropriate in an action at law.  <u>See</u> Plaintiff's Memo., at 2, 3-4.  While Plaintiff is correct that laches and unclean hands are both "equitable" defenses, Defendants' second and sixth affirmative need not be stricken at this time.  Applying the three pre-requisites for a motion to strike affirmative defenses set forth in <u>Estee Lauder, Inc.</u>, 189 F.R.D. at 271-72, it is plain that the defenses should be allowed to stand at this early stage in the litigation.  First, Plaintiff has not established that there may be no question of fact which might allow the defenses to succeed.  <u>See id.</u>  Second, absent discovery into the facts and circumstances surrounding Plaintiff's claims, it is impossible for Plaintiff to state that there may be no substantial question of law, a resolution of which could allow the defense to succeed.  <u>See id.</u>  Finally, Plaintiff has not shown that it is prejudiced by the inclusion of these defenses.  <u>See id.</u>  Thus, Plaintiff's "alternative" attempt to strike Defendants' second and sixth affirmative defenses must be denied.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion to strike Defendants' affirmative defenses should be denied in its entirety.

Dated:    Tonawanda, New York
          May 14, 2008

                                        BLAIR & ROACH, LLP

                                        By:    s/ J. Michael Lennon
                                           John N. Blair, Esq.
                                           J. Michael Lennon, Esq.
                                           Attorneys for Defendants
                                           2645 Sheridan Drive
                                           Tonawanda, New York 14150
                                           (716) 834-9181
                                           jnblair@blair-roach.com
                                           jmlennon@blair-roach.com

TO:    LEVEY, FILLER, RODRIGUEZ KELSO &
          DEBIANCHI, LLP
       David F. Filler, Esq., of counsel
       Attorneys for Plaintiff
       41-26 27th Street, Suite 3D
       Long Island City, New York 11101-3825
       Telephone: (718) 340-3614
       Dfiller@dlz.mailstreet.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————

PARK AVENUE CONSULTING GROUP, INC.,

                         Plaintiff,

v.

NEWGOLD INC. AND FIRSTGOLD CORP.,        Civ. No. 08 Civ. 1850 (CM) (GWG)

                         Defendants.

——————————————————————

### CERTIFICATE OF SERVICE

        I hereby certify that on May 14, 2008, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

                        David F. Filler, Esq., of counsel
                        LEVEY, FILLER, RODRIGUEZ KELSO &
                            DEBIANCHI, LLP
                        Attorneys for Plaintiff
                        41-26 27th Street, Suite 3D
                        Long Island City, New York 11101-3825
                        dfiller@dlz.mailstreet.com

                        BLAIR & ROACH, LLP

                    By:    s/ J. Michael Lennon
                        John N. Blair, Esq.
                        J. Michael Lennon, Esq.
                        Attorneys for Defendant
                        2645 Sheridan Drive
                        Tonawanda, New York 14150
                        (716) 834-9181
                        jnblair@blair-roach.com
                        jmlennon@blair-roach.com