LEVEY, FILLER, RODRIGUEZ, KELSO & DEBIANCHI, LLP
Attorneys for Plaintiff
41-26 27th Street
Suite 3D
Long Island City, NY 11101
TEL (718) 340-2614

/s/ David F. Filler (DF-6850)

<div align="center">

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

</div>

-------------------------------------------------------------
```
                                        )
PARK AVENUE CONSULTING GROUP INC.,)  Returnable _____2008
                                  )  10:00 a. m.   Room 21B
              Plaintiff,          )
                                  )  Civil Action No.08 Civ. 1850 (CM) (GWG)
        v.                        )
                                  )  NOTICE OF MOTION
NEWGOLD INC. and FIRSTGOLD CORP.  )
              Defendants,         )
```
-------------------------------------------------------------

To:    BLAIR & ROACH, LLP
       Attorneys for Defendants
        2645 Sheridan Drive
       Tonawanda, New York 14150

PLEASE TAKE NOTICE that Plaintiff Park Avenue Consulting Group Inc. by its undersigned attorney, pursuant to Federal Rule of Civil Procedure Rules 7.; 12.(a)(4)(B)(f)(2) and ¶ 2 D., Individual Practices of Judge McMahon, revised 2/3/2006, and based on the accompanying affirmation of David Filler and the Memorandum of Law, will bring a motion on for hearing before this Court at Room 21B, United States Court House, 500 Pearl Street, City of New York with no designated return date.   In accordance with said Rule 2. D., answering papers or motions are to be served within two weeks of the receipt date of this Notice of Motion and filed promptly thereafter.

<div align="center">1</div>

The relief sought is the striking of all of the Affirmative Defenses as set forth in the Answer that Defendants served and filed with the Clerk of this Court or alternatively striking the Second Defense (laches); Fourth Defense (limitations); and, Seventh Defense (personal jurisdiction) as lacking any basis in fact or law.

The grounds for the relief sought are set forth in the annexed affirmation of Filler and the accompanying Memorandum.

Queens, New York
April 30, 2008

Yours etc.,

LEVEY, FILLER, RODRIGUEZ,
KELSO & DEBIANCHI, LLP
Attorneys for Plaintiff
41-26 27th Street
Suite 3D
Long Island City, NY 11101
TEL (718) 340-3614
Email dfiller@leveyfiller.com
FAX (718) 340-3615

By:

David F. Filler (Bar No. DF- 6850)

Courtesy Copy Sent by FED EX to:

Hon. Colleen McMahon,
U. S. District Court Judge
U. S. District Court
Southern District of New York
500 Pearl Street
21-B
New York, NY 10007-1312

2

LEVEY, FILLER, RODRIGUEZ, KELSO & DEBIANCHI, LLP
Attorneys for Plaintiff
41-26 27th Street
Suite 3D
Long Island City, NY 11101
TEL (718) 340-3614

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------

PARK AVENUE CONSULTING GROUP INC.,  )
  )
      Plaintiff  )
  ) Civil Action No.08 Civ.1850 (CM) (GWG)
      v.  )
  )
NEWGOLD INC. and FIRSTGOLD CORP.  )
  )
      Defendant  )

------------------------------------------------------------------

### *MEMORANDUM OF LAW*
### *IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE ALL DEFENSES OR*
### *INDEPENDENTLY TO STRIKE CERTAIN DEFENSES AND*
### *FOR A MORE DEFINITE STATEMENT ON THE COUNTERCLAIM*

Respectfully submitted by:

LEVEY, FILLER, RODRIGUEZ, KELSO &
DE BIANCHI, LLP
By:    /s/ David F. Filler (DF-6850)
      David F. Filler (DF-6850)

To:  BLAIR & ROACH, LLP
     Attorneys for Defendants
     2645 Sheridan Drive
     Tonawanda, NY 14150
     (716) 834-9181

     Courtesy Copy Sent by FED EX to:
     Hon. Colleen McMahon,
     U. S. District Court Judge
     Southern District of New York
     500 Pearl Street 21-B
     New York, NY 10007-1312

## *TABLE OF CONTENTS*

*Page*

Table of Authorities ........................................................................................ ii

I.      Overview ............................................................................................ 1

II.     Procedural Background........................................................................ 1

III.    Argument ............................................................................................ 2

      A.      The GOLDS in their Amended Answer again fail to comply with
            Fed.R.Civ.P. Rule 8.(a) ............................................................... 2

      B.      Independently,  the second equitable defense of *laches* cannot be pled in an
            action at .. law; and, furthermore, as the State of New York has established
            time limitations  ....to sue for breach of contract, this Court cannot overrule
            the statute under the separation of powers doctrine……………................. 3

      C.      Independently,  the fourth defense of statute of limitations must be struck as
            PACG is well within the time period permitted by CPLR § 213.................. 3

      D.      Independently, the sixth equitable defense of unclean hands must be struck as
            PACG is seeking relief sounding only in breach of contract in an action at law
            and not in equity……………........................................................... 5

      E.      Independently, the seventh defense of lack of personal jurisdiction must be
            struck . as the parties entered into written agreements in New York County
            and specified in a forum selection clause therein, which survives expiration,
            that the venue  for  adjudication would be in New York County under New
            York law. ..................................................................................... 6

      F.      The counterclaim fails to comply with Fed.R.Civ.P. Rule 8.(a); and therefore
            PACG seeks a more definite statement under Fed.R.Civ.P. Rule 12.(e)....... 7

IV.    Conclusion ......................................................................................... 8

# *TABLE OF AUTHORITIES*

**Page**

U. S. Constitution, 7th Amendment ........................................................ 5

**Rules**

Fed.R.Civ.P. Rule 8. (a) ........................................................................ 2, 7, 9

Fed.R.Civ.P. Rule 8. (b)(1)(A) .............................................................. 1, 2, 3

Fed.R.Civ.P. Rule 12. (f) ...................................................................... 1

Fed.R.Civ.P. Rule 12. (e) ...................................................................... 1,2,7,9

CPLR § 213 ........................................................................................... 6, 7

CPLR § 5001(a) .................................................................................... 7

**Federal Caselaw**

Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.
531 F.Supp.2d 620 (S.D.N.Y. 2008) [J. Chin] ....................................... 2

Commonwealth Associates v. Palomar Medical Technologies, Inc.
982 F.Supp. 205, 209 (S.D.N.Y.1997) [M.J. Dollinger] ....................... 4

Gala Jewelry, Inc. v. Harring
2006 WL 3734202, 2 FN 3 (S.D.N.Y.2006) [J. Lynch] ......................... 5

Holmberg v. Armbrecht
327 U.S. 392, 394-395, 66 S.Ct. 582, 584 (1946) ............................... 3

In re Houbigant
914 F.Supp. 964 (S.D.N.Y. 1995) ........................................................ 8

Lyons Partnership, L.P. v. Morris Costumes, Inc.
243 F.3d 789, 797-798 (4th Cir. 2001) ................................................ 3

Pelman ex rel. Pelman v. McDonald's Corp.
396 F.Supp.2d 439, 446 (S.D.N.Y. 2005) [J. Sweet] ........................... 7

Tull v. U.S.
481 U.S. 412, 426 107 S.Ct. 1831 (1987) ............................................. 3, 5

Weingard v. Telepathy, Inc.
2005 WL 2990645, 3 (S.D.N.Y.,2005) [J. Mukasey] ............................ 6

**New York State Case Law**

Aetna Life and Cas. Co. v. Nelson
67 N.Y.2d 169, 175, 501 N.Y.S.2d 313, 316 (N.Y. 1986) ................... 4

Fischbarg v. Doucet
38 A.D.3d 270, 273, 832 N.Y.S.2d 164, 167 (N.Y.A.D. 1st Dept. 2007) ........................... 6

Ogletree, Deakins, Nash, Smoak & Stewart P.C. v. Albany Steel Inc.
243 A.D.2d 877, 879, 663 N.Y.S.2d 313, 315 (N.Y.A.D. 3rd Dept. 1997) ....................... 5

## I.    OVERVIEW

Defendants, NewGold Inc. and FirstGold Corp. (the "GOLDS") have timely served original and Amended Answers, the second with a Counterclaim. (Docket #'s 8 & 12). In between the service of the First and Second Answers, Park Avenue Consulting Group, Inc. ("PACG") served and filed a Motion to Strike all Affirmative Defenses set forth in the Original Answer on the grounds, *inter alia*, of failing to conform to the pleading requirements of Fed. R. Civ. P. 8.(b)(1)(A) (Docket # 9).

 PACG also moved in said Motion certain defenses as immaterial and insufficient.  Fed. R. Civ. P. 12. (f).

In response the GOLDS served an Amended Answer with defenses **identical** to those in the original Answer. The GOLDS also added a Counterclaim.  (Docket # 12).

Based on this willful and contumacious behavior in restating the same defenses after service of PACG's motion, PACG now moves to dismiss all defenses with prejudice.

PACG also moves for a more definite statement of the Counterclaim under Fed. R. Civ. P. 12.(e) as it is so vague and ambiguous that PACG cannot reasonably prepare a litigation strategy.

## II.    PROCEDURAL BACKGROUND

This action was commenced by the service of a Summons with Notice returnable in the Supreme Court of the State of New York, New York County.  The GOLDS removed this action to this Court on the grounds of diversity and the fact that the amount in controversy exceeds $75,000.  PACG has no objection to removal.

After removal to this Court, the GOLDS served a demand for a Complaint. PACG timely served a Complaint and the GOLDS timely served an Answer dated April 15, 2008 setting forth 7 defenses. (Docket # 8). PACG served a motion (Docket # 9) to strike on April 30, 2008.

The GOLDS then served an Amended Answer with Counterclaim dated May 5, 2008. (Docket # 12).

PACG respectfully asserts that neither the Amended Answer's 7 defenses nor the Counterclaim satisfy the mandatory pleading requirements of Fed. R. Civ. P. Rule 8. (a) and (b)(1)(A) and that the defenses therefore should be struck and the Counterclaim restated more definitely under Rule 12(e).

### III.    ARGUMENT

#### A.    The GOLDS in their Amended Answer again fail to comply with Fed.R.Civ.P. Rule 8. (b)(1)(A).

The GOLDS plead only **bare legal conclusions** in their Answer and Amended Answer that are annexed to the declaration of David Filler ("Filler") as Ex. 2, 4. Fed.R.Civ.P. Rule 8(b)(1)(A) requires a *"short and plain statement"* of the defense. The GOLDS' 'bare bones' **conclusions of law** with <u>**no statement**</u> of the material elements of the defense are insufficient. They do not give PACG proper notice of the defenses and do not meet Rule 8. (a)'s pleading standards. <u>Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.</u> 531 F.Supp.2d 620 (S.D.N.Y. 2008) [J. Chin].

PACG cannot assess whether the pled defenses are meritorious because of the GOLDS' evasiveness and coyness. Nor can PACG prepare a motion for summary Judgment or alternatively for discovery since witnesses cannot be asked about legal conclusions but only about facts supporting the elements of the GOLDS' defense.

While re-pleading should ordinarily be the remedy for failing to comply with Rule 8. (b) (1)(A) that is not appropriate herein in that the GOLDS—after being informed of the shortcomings in their defensive statements by the prior Motion to Strike filed by PACG—willfully and contumaciously repeated the same defenses **word for word**. Motion to Strike annexed to Declaration of Filler as Ex. "3." All defenses must therefore be struck for the repeated flouting of Rule 8. (b)(1)(A).

> **B.    Independently, the second equitable defense of *laches* cannot be pled in an action at law; and, furthermore, as the State of New York has established time limitations to sue for breach of contract, this Court cannot overrule the statute under the separation of powers doctrine.**

*"Laches is a doctrine that applies only in equity to bar equitable actions, not at law to bar legal actions."* Lyons Partnership, L.P. v. Morris Costumes, Inc. 243 F.3d 789, 797-798 (4th Cir. 2001).

As PACG seeks relief on the law, the equitable defense of *laches* cannot be pled. When a Legislature enacts a law providing a specific period of limitation for a cause of action, that limitation is dispositive. To hold otherwise would be to circumvent the constitutional separation of powers. Holmberg v. Armbrecht 327 U.S. 392, 394-395, 66 S.Ct. 582, 584 (1946).

Furthermore, if this equitable defense is allowed to stand, PACG may be prejudiced by needing to prepare for both a jury and bench trial thereby compromising its 7th Amendment Right to a jury trial of its legal claims. Tull v. U.S. 481 U.S. 412, 426 107 S.Ct. 1831 (1987).

> **C.    Independently, the fourth defense of statute of limitations must be struck or summary judgment granted as PACG is well within the time period permitted by CPLR § 213.**

CPLR § 213 provides that actions on a contract are to be commenced within 6 years of the breach. PACG did not fulfill its agreement with the GOLDS until December 31, 2001, which was the end of its Retainer Agreement ("RA") as extended by an Addendum. (RA and

Addendum appended to Complaint annexed to the Declaration of Filler as Ex. "1.") The statute of limitations started to run thereafter when the GOLDS refused PACG's contractual demand for the issuance and registration of Warrants. <u>Commonwealth Associates v. Palomar Medical Technologies, Inc</u>. 982 F. Supp. 205, 209 (S.D.N.Y.1997). [M.J. Dollinger].

The written agreement between the parties, in its ¶ 7. g), specifies that the agreement shall be construed and governed in accordance with the laws of New York. As PACG's Summons with Notice was served in November 2007, this was well within the running of the 6 years statute of limitations under New York law for actions sounding in breach of contract. Under New York law, the clock only starts running when all of the facts necessary to the cause of action have occurred.

> The Statute of Limitations begins to run once a cause of action accrues (CPLR 203[a] ), that is, when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court (1 Weinstein-Korn-Miller, N.Y.Civ.Prac. ¶ 201.02, at 2-9; *City of New York v. State of New York,* 40 N.Y.2d 659, 668, 389 N.Y.S.2d 332, 357 N.E.2d 988).

<u>Aetna Life and Cas. Co. v. Nelson</u> 67 N.Y.2d 169, 175, 501 N.Y.S.2d 313, 316 (N.Y. 1986).

When PACG, on December 31, 2001, completed all of its consulting services thereby fully complying with its end of the bargain, and the GOLDS thereafter failed in response to the demand of PACG to tender full consideration as set forth in the agreements, the GOLDS breached the written agreements and PACG's cause of action accrued.

This action was commenced on November 30, 2007 by the filing of a Summons with Notice with the Clerk of New York County. This was timely as it was  within the 6 year limitation following the breach as prescribed by CPLR § 213.

PACG cannot be prejudiced by being required possibly to go through the entire discovery and trial preparation process with this potentially dispositive defense hanging over its head.

Hence PACG respectfully requests that the GOLDS' defense of statute of limitations be struck as unsupported by the uncontroverted documentary evidence annexed to the Complaint and the lack of any contradictory testimony in admissible format.

   **D.    Independently,, the sixth equitable defense of unclean hands must be struck as PACG is seeking relief sounding only in breach of contract in an action at law and not in equity.**

Other than pre-judgment interest, PACG's entire claim sounds in breach of contract.  A claim under CPLR § 5001(a) does not convert an action at law into an equitable claim.

> Turning to the issue of interest, we reject defendant's categorization that plaintiff's claim is "equitable" and, therefore, any award of interest was discretionary ( *see,* CPLR 5001[a] ). PACG's quantum meruit action is essentially an action at law, inasmuch as it seeks money damages in the nature of a breach of contract, "notwithstanding that the rationale underlying such causes of action is fairness and equitable principles in a general rather than legal, sense" ( *Hudson View II Assocs. v. Gooden,* 222 A.D.2d 163, 168, 644 N.Y.S.2d 512). Thus, Supreme Court correctly determined that it was required to award interest (*see,* CPLR 5001[a]).

Ogletree, Deakins, Nash, Smoak & Stewart P.C. v. Albany Steel Inc. 243 A.D.2d 877, 879, 663 N.Y.S.2d 313, 315 ((N.Y.A.D. 3rd Dept. 1997).

The law of the 2nd Circuit *"restricts the 'unclean hands' doctrine of suits in equity, thereby categorically defeating defendant's attempted defense in this suit at law."* Gala Jewelry, Inc. v. Harring 2006 WL 3734202, 2 FN 3 (S.D.N.Y. 2006) [J. Lynch].

Furthermore, if this equitable defense is allowed to stand, PACG may be prejudiced by having to prepare for a jury trial of its legal claims as guaranteed by the 7th Amendment and a bench trial of an equitable defense.. Tull v. U.S., *supra*.

As PACG is seeking relief in an action at law and not in equity, the equitable defense of unclean hands cannot be asserted and therefore must be struck.

   **E.**  **Independently, the seventh defense of lack of personal jurisdiction must be struck as the parties entered into written agreements in New York County and specified in a forum selection clause therein, which survives expiration, that the venue for adjudication would be in New York County under New York law.**

  The parties went to pains in their RA, ¶ 7. g) to state that the RA was made in the State of New York and would be subject to the laws of New York.  (RA and addendum appended to Complaint annexed to Filler declaration as Ex. "1.") Furthermore, it cannot be disputed that PACG, with offices as set forth in the RA at 80 Fifth Avenue in Manhattan, performed its services for the GOLDS in New York.

> In cases involving an out of state party's retention of a New York attorney, jurisdiction has been upheld where a defendant, beyond merely retaining a lawyer in New York, has purposely availed itself of the services of that New York lawyer in this state (*see Pennie & Edmonds v. Austad, Co.,* 681 F.Supp. 1074, 1077 (S.D.N.Y.1988)

Fischbarg v. Doucet  38 A.D.3d 270, 273, 832 N.Y.S.2d 164, 167 ((N.Y.A.D. 1st Dept. 2007)

  Any argument that the expiration of the contract voids the forum selection clause is unavailing under an on-point holding of this Court:

> …parties to a contract are bound by that contract's forum selection clause even after the contract has expired, where, as here, the plaintiff's claims involve rights arising out of the contract and the entire business relationship between the parties stems from that contract. *AGR Fin., LLC v. Ready Staffing, Inc.,* 99 F.Supp.2d 399, 402 (S.D.N.Y.2000) (**holding forum selection clause in expired agreement governed claims arising out of that contract**); [Emphasis added.]

Weingard v. Telepathy, Inc. 2005 WL 2990645, 3 (S.D.N.Y. 2005) [J. Mukasey]

  The GOLDS lack of personal jurisdiction defense must thus be struck as unsupported by the documentary evidence annexed to the Complaint which was uncontroverted by the GOLDS who relied upon these documents to support their Counterclaim.

     **F.**    **The Counterclaim fails to comply with Fed. R. Civ. P. Rule 8. (a). and therefore PACG seeks a more definite statement under Fed. R. Civ. P. Rule 12.(e).**

The GOLDS, in ¶ 22-25 of the Amended Answer, merely assert *"upon information and belief"* that PACG did not perform services as set forth in ¶ 3 of the RA and thereby caused the GOLDS damages *"at least equal to the damages"* claimed by PACG in its Complaint. These conclusory allegations do not comport with the requirements of Rule 8. (a).

Rule 8. (a). requires a *"short and plain statement"* of the Counterclaim. The GOLDS' 'bare bones' **conclusions of law** with <u>**no statement**</u> of the material elements of the claim are insufficient. They do not give PACG sufficient notice of the claim and thus do not meet Rule 8.(a)'s pleading standards. <u>Aspex Eyewear, *supra*</u>. PACG cannot assess whether the pled Counterclaim is meritorious because of the GOLDS' evasiveness and coyness. Nor can PACG prepare for any discovery since GOLDS' witnesses cannot be asked about legal conclusions but only about their knowledge of the elements of the GOLDS' Counterclaim. As these are completely missing from the Counterclaim, PACG is stymied and cannot either move for summary Judgment or prepare for discovery.

Therefore, PACG seeks under Fed. R. Civ. P. 12.(e) that the GOLDS be ordered to provide a more definite statement of their Counterclaim, which is to include the following: (1) identification of the specific lack of material services about which the GOLDS are complaining; (2) a brief explanation of how the GOLDS were damaged by the lack of these material services; (3) a brief explanation of how the GOLDS became aware of the alleged omissions; and; (4) a brief description of the injuries suffered by the GOLDS by virtue of the alleged omissions. <u>Pelman ex rel. Pelman v. McDonald's Corp.</u> 396 F.Supp.2d 439, 446 (S.D.N.Y. 2005) [J. Sweet].

**G.      The GOLDS' assertion of their Counterclaim necessarily waives their seventh defense of lack of personal jurisdiction.**

The GOLDS waived their seventh defense of lack of personal jurisdiction by asserting a Counterclaim in their Amended Answer.  <u>In re Houbigant Inc.</u> 914 F.Supp. 964 (S.D.N.Y. 1995) [J. Sweet]. Thus, the seventh defense must be dismissed.

## IV.    <u>CONCLUSION</u>

**WHEREFORE**, PACG respectfully seeks an Order: (1) striking all of the GOLDS' Affirmative Defenses on the grounds that in both their Answer and Amended Answer, served after PACG's Motion to Strike, only 'bare bones' conclusions of law are set forth that fail to comply with Fed.R.Civ.P. Rule 8.(a); or, alternatively, (2) striking the Second Defense of *laches* as it is an equitable defense that cannot be asserted in this action at law; (3) striking the Fourth Defense of statute of limitations as the breach occurred within the 6 year limitation period before the Summons and Complaint were filed with the Clerk of New York County; (4) striking the Sixth Defense of unclean hands as it is an equitable defense that cannot be asserted in this action at law; (5) striking the Seventh Defense of lack of personal jurisdiction as the agreement between the parties has a forum selection clause naming New York County and as the GOLDS have waived the defense of personal jurisdiction by asserting a Counterclaim in their Amended Answer; and, (6) moving for a more definite statement of the Counterclaim under Fed. R. Civ. P. Rule 12. (e). PACG seeks such other and further relief as this Court deems just.

May  23,  2008.

LEVEY, FILLER, RODRIGUEZ, KELSO &
DE BIANCHI, LLP
Attorneys for PACG
41-26 27th Street, Suite 3D
Long Island City, NY 11101-3825
TEL. (718) 340-3614

By: _____/s/ David F. Filler_____
          David F. Filler  (DF-6850)

LEVEY, FILLER, RODRIGUEZ, KELSO & DEBIANCHI, LLP
Attorneys for Plaintiff
41-26 27th Street
Suite 3D
Long Island City, NY 11101
TEL (718) 340-2614


UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------

| | |
|---|---|
| | ) |
| PARK AVENUE CONSULTING GROUP INC., | ) Returnable _____2008 |
| | ) 10:00 a. m.   Room 21B |
| Plaintiff, | ) |
| | ) Civil Action No.08 Civ. 1850 (CM) (GWG) |
| v. | ) |
| | ) <u>DECLARATION IN REPLY</u> |
| NEWGOLD INC. and FIRSTGOLD CORP. | ) |
| | ) |
| Defendants, | ) |

-----------------------------------------------------------

DAVID F. FILLER, an attorney duly admitted to appear before this Court, on behalf of Plaintiff PARK AVENUE CONSULTING GROUP INC., replies to the Memo of Law in Opposition, entered on May 14, 2008, Docket # 15, of Defendants NEW GOLD INC  and FIRSTGOLD CORP. (the "GOLDS").

I hereby under the penalties of perjury  declare that:

PACGS motion to strike affirmative defenses in the Answer of the GOLDS, dated April 30, 2008, Docket # 9, is hereby withdrawn as moot.

The said mooting was caused by the service and filing by the GOLDS of an Amended Answer dated May 5, 2008 (Docket # 12).

1

Simultaneous with the service and filing of this declaration, PACG will serve and file a

motion, *inter alia*, to strike the affirmative defenses set forth in the said Amended Answer.

May 23, 2008

LEVEY, FILLER, RODRIGUEZ,
KELSO & DEBIANCHI, LLP
Attorneys for Plaintiff
41-26 27th Street
Suite 3D
Long Island City, NY 11101
TEL (718) 340-2614
Email Dfiller@dlz.mailstreet.com
FAX (718) 340-3615

By:  /s/ David F. Filler (DF-6850)
………………………………..
David F. Filler (Bar No. DF- 6850)

Courtesy Copy Sent by FED EX to:

Hon. Colleen McMahon,
U. S. District Court Judge
U. S. District Court
Southern District of New York
500 Pearl Street
21-B
New York, NY 10007-1312

LEVEY, FILLER, RODRIGUEZ, KELSO & DEBIANCHI, LLP
Attorneys for Plaintiff
41-26 27th Street
Suite 3D
Long Island City, NY 11101
TEL (718) 340-3614

/s/ David F. Filler (DF-6850)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
                                            )
PARK AVENUE CONSULTING GROUP INC., )  Returnable _____2008
                                            )  10:00 a. m.   Room 21B
              Plaintiff,                     )
                                            )  Civil Action No.08 Civ. 1850 (CM) (GWG)
              v.                             )
                                            )  <u>DECLARATION IN SUPPORT</u>
NEWGOLD INC. and FIRSTGOLD CORP     )
                             .               )
              Defendants,                    )
-----------------------------------------------------------

     DAVID F. FILLER, an attorney duly admitted to appear before this Court, in support of

the Notice of Motion by Plaintiff Park Avenue Consulting Group, Inc., dated May 23, 2008, duly

declares under the penalties of perjury that:

     1.     The exhibits annexed hereto are true copies of the originals.

Ex. "1"     Complaint

Ex. "2"     Answer

Ex. "3"     Motion to Strike

Ex. "4"     Amended Answer

     2.     The purpose of this affirmation is to authenticate the exhibits.

3.    All of Plaintiff's grounds for relief under the Notice of Motion are set forth in the

accompanying Memorandum of Law.

4.    The relief sought by the motion is set forth in the Notice of Motion.

May 23, 2008.

LEVEY, FILLER, RODRIGUEZ,
KELSO & DEBIANCHI, LLP
Attorneys for Plaintiff
41-26 27th Street
Suite 3D
Long Island City, NY 11101
TEL (718) 340-3614
Email Dfiller@dlz.mailstreet.com
FAX (718) 340-3615

By:
__/s/ David F. Filler (DF-6850)_____

David F. Filler (Bar No. DF- 6850)

Courtesy Copy Sent by FED EX to:

Hon. Colleen McMahon,
U. S. District Court Judge
U. S. District Court
Southern District of New York
500 Pearl Street
21-B
New York, NY 10007-1312

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PARK AVENUE CONSULTING GROUP, INC.,

                Plaintiff,                      **ANSWER**

v.

NEWGOLD INC. AND FIRSTGOLD CORP.,        Civ. No. 08 Civ. 1850 (CM) (GWG)

                Defendants.

---

        Defendants Newgold Inc. and Firstgold Corp. (collectively, "Defendants"), as and for their Answer to the Complaint herein, state as follows:

        1.      Deny the allegations contained in paragraphs 1, 3, 9, 12, 17, 19, 20, 21, 22, 23, 24, 25, 27, 28, 29, 31, 32, 33, 34, 36, 37, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49, 50, 52, 53, 54, 55, 56, 58, 59 and 60.

        2.      Lack knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 2, 6, 7, 8, 15 and 16.

        3.      With respect to paragraph 4, admit that counsel for Defendants served a Demand for Complaint upon counsel for Plaintiff by first class mail on or about March 7, 2008, and lack knowledge or information sufficient to form a belief as to the remaining allegations contained therein.

        4.      With respect to paragraph 5, admit that Firstgold Corp. has an office at 3108 Ponte Morino Drive, Suite 210, Cameron Park, CA 95642, and lack knowledge or information sufficient to form a belief as to the remaining allegations contained therein.

5.    With respect to paragraph 10, admit that this matter was removed to federal court on diversity grounds, and deny the remaining allegations contained therein.

6.    With respect to paragraphs 11 and 14, because the allegations state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

7.    With respect to paragraphs 13, 18, 26 and 35, aver that the documents speak for themselves, and deny the remaining allegations contained therein.

8.    Deny each and every other allegation not specifically heretofore either admitted or denied.

### AS AND FOR A FIRST DEFENSE

9.    The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

10.    Plaintiff is guilty of such laches as bars maintenance of this action against Defendants.

### AS AND FOR A THIRD DEFENSE

11.    Plaintiff's damages, if any, were caused by their own failure to take reasonable actions to avoid and/or mitigate its alleged damages.

### AS AND FOR A FOURTH DEFENSE

12.    This action is barred by the applicable statute of limitations.

### AS AND FOR A FIFTH DEFENSE

13.    Documentary evidence establishes a complete defense to Plaintiff's claims.

## AS AND FOR A SIXTH DEFENSE

14.    Plaintiff seeks the aid of equity with unclean hands.

## AS AND FOR A SEVENTH DEFENSE

15.    The court does not have personal jurisdiction over Defendants.

WHEREFORE, Defendants respectfully requests an Order:

a.    Dismissing Plaintiffs' complaint against Defendants, with prejudice;

b.    Granting Defendants the costs and disbursements of this action; and

c.    Granting Defendants such other and further relief as this Court deems just

and proper.

Dated:    Tonawanda, New York
          April 15, 2008

                            BLAIR & ROACH, LLP

                            By:____s/ John N. Blair_____
                                  John N. Blair, Esq.
                                  J. Michael Lennon, Esq.
                                  Attorneys for Defendants
                                  2645 Sheridan Drive
                                  Tonawanda, New York 14150
                                  (716) 834-9181
                                  jnblair@blair-roach.com
                                  jmlennon@blair-roach.com

TO:    LEVEY, FILLER, RODRIGUEZ KELSO &
           DEBIANCHI, LLP
       David F. Filler, Esq., of counsel
       Attorneys for Plaintiff
       41-26 27th Street, Suite 3D
       Long Island City, New York 11101-3825
       Telephone: (718) 340-3614
       Dfiller@dlz.mailstreet.com

.ITED STATES DISTRICT COURT
.OUTHERN DISTRICT OF NEW YORK

---

PARK AVENUE CONSULTING GROUP, INC.,

        Plaintiff,

v.

NEWGOLD INC. AND FIRSTGOLD CORP.,        Civ. No. 08 Civ. 1850 (CM) (GWG)

        Defendants.

---

## CERTIFICATE OF SERVICE

        I hereby certify that on April 15, 2008, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

        And, I hereby certify that I have mailed by the United States Postal Service the document to the following non-CM/ECF participants:

        David F. Filler, Esq., of counsel
        LEVEY, FILLER, RODRIGUEZ KELSO &
           DEBIANCHI, LLP
        Attorneys for Plaintiff
        41-26 27th Street, Suite 3D
        Long Island City, New York 11101-3825
        Dfiller@dlz.mailstreet.com

        BLAIR & ROACH, LLP

        By:   s/ John N. Blair
          John N. Blair, Esq.
          J. Michael Lennon, Esq.
          Attorneys for Defendant
          2645 Sheridan Drive
          Tonawanda, New York 14150
          (716) 834-9181
          jnblair@blair-roach.com
          jmlennon@blair-roach.com

# BLAIR & ROACH, LLP

*Attorneys*

2645 SHERIDAN DRIVE
TONAWANDA, NEW YORK 14150
PHONE: 716-834-9181 • FAX: 716-834-9197


April 15, 2008


David F. Filler, Esq.
Levey, Filler, Rodriguez, Kelso &
   Debianchi, LLP
41-26 27th Street, Suite 3D
Long Island City, New York 11101-3825

> Re:  Park Avenue Consulting Group, Inc. v.
> Newgold Inc. and Firstgold Corp.
> <u>Civ. No. 08 Civ. 1850 (CM) (GWG)</u>

Dear Mr. Filler:

     Enclosed for service please find Defendants' Answer, which was e-filed today in the United States District Court for the Southern District of New York.

Very truly yours,

BLAIR & ROACH, LLP

By:     
J. Michael Lennon

JML:tn
Enclosure

LEVEY, FILLER, RODRIGUEZ, KELSO & DEBIANCHI, LLP
Attorneys for Plaintiff
41-26 27th Street
Suite 3D
Long Island City, NY 11101
TEL (718) 340-2614

/s/ David F. Filler (DF-6850)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

PARK AVENUE CONSULTING GROUP INC.,    )
                                      )
            Plaintiff,                )
                                      ) Civil Action No.08 Civ. 1850 (CM) (GWG)
v.                                    )
                                      )
NEWGOLD INC. and FIRSTGOLD CORP.      )
            Defendants,               )
------------------------------------------------------------

**_MEMORANDUM OF LAW_**
**_IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE ALL DEFENSES OR_**
**_ALTERNATIVELY TO STRIKE CERTAIN DEFENSES_**

Respectfully submitted by:
LEVEY, FILLER, RODRIGUEZ, KELSO &
DE BIANCHI, LLP

By:    ……………………………………….
       David F. Filler

To:    BLAIR & ROACH, LLP
       Attorneys for Defendants
       2645 Sheridan Drive
       Tonawanda, NY 14150
       (716) 834-9181

Courtesy Copy Sent by FED EX to:
       Hon. Colleen McMahon,
       U. S. District Court Judge
       Southern District of New York
       500 Pearl Street, 21-B
       New York, NY 10007-1312

# ***TABLE OF CONTENTS***

***Page***

Table of Contents .................................................................................................... i

Table of Authorities ................................................................................................ ii

I.      Preliminary Statement ................................................................................. 1

II.     Background ................................................................................................... 1

III.    Argument ..................................................................................................... 1

       A.     As Defendants in their Answer failed to comply with Fed.R.Civ.P. Rule 8(a); <u>all</u> affirmative defenses therefore should be struck ............................... 1

       B.     Alternatively, the Second equitable defense of *laches* cannot be pled in an action at law; and, furthermore, the State of New York has established time limitations to sue for breach of contract ........................................................ 2

       C.     Alternatively, the Fourth defense of statute of limitations must be struck as Plaintiff is well within the time period permitted by <u>CPLR</u> § 213 ............... 2

       D.     Alternatively, the Sixth equitable defense of unclean hands must be struck as Plaintiff is seeking relief sounding only in breach of contract in an action at law and not in equity .................................................................... 3

       E.     Alternatively, the Seventh defense of lack of personal jurisdiction must be struck as the parties entered into written agreements in New York County and specified in a forum selection clause within said agreements that the venue for adjudication would be in New York County ................................. 4

IV.    Conclusion .................................................................................................... 5

# *TABLE OF AUTHORITIES*

*Page*

## *Rules*

Fed.R.Civ.P. Rule 8(a) .......................................................    4, 8

CPLR § 213 .......................................................................    5, 6

CPLR 5001(a) ...................................................................    3

## *Federal Case Law*

Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.
531 F.Supp.2d 620 (S.D.N.Y. 2008)....................................    5

Gala Jewelry, Inc. v. Harring
 2006 WL 3734202, 2 FN 3 (S.D.N.Y. 2006).......................    7

Holmberg v. Armbrecht
327 U.S. 392, 394-395, 66 S.Ct. 582, 584 (1946)  ...............    5

Lyons Partnership, L.P. v. Morris Costumes, Inc.
243 F.3d 789, 797 -798 (4th Cir. 2001) ................................    5

## *New York State Case Law*

Fischbarg v. Doucet
38 A.D.3d 270, 273, 832 N.Y.S.2d 164, 167 (N.Y.A.D. 1st Dept. 2007) ...........................    7

Insurance Co. of State of Pennsylvania v. HSBC Bank USA
37 A.D.3d 251, 254, 829 N.Y.S.2d 511, 515 (N.Y.A.D. 1st Dept., 2007)
rev'd on other grounds, 10 N.Y.3d 32, 882 N.E2d 381 (N.Y. 2008)  ..................................    6

Ogletree, Deakins, Nash, Smoak & Stewart P.C. v. Albany Steel Inc.
243 A.D.2d 877, 879, 663 N.Y.S.2d 313, 315 (N.Y.A.D. 3rd Dept. 1997) .........................    7

## I.    *PRELIMINARY STATEMENT*

This action was commenced by the service of a Summons with Notice returnable in the Supreme Court of the State of New York, New York County.  Defendants removed this action to this Court on the grounds of diversity and the fact that the amount in controversy exceeds $75,000.  Plaintiff has no objection to removal.

## II.    BACKGROUND

After removing this action to this Court, Defendants served a demand for a Complaint. Plaintiff timely served a Complaint and Defendants served an Answer dated April 15, 2008 setting forth seven (7) defenses.

Plaintiff respectfully asserts that none of these defenses are cognizable under the applicable pleading requirements and that certain of the defenses otherwise cannot be asserted in this action at law based upon a written contract between the parties setting forth forum selection and choice of law clauses.

Plaintiff accordingly brings this motion to strike all of Defendants' defenses or alternatively some of the defenses.

## III.    ARGUMENT

**A.    As Defendants in their Answer failed to comply with Fed.R.Civ.P. Rule 8(a); <u>all</u> affirmative defenses therefore should be struck.**

Defendants pled only bare legal conclusions. Rule 8(a) requires a *"short and plain statement"* of the defense.  Defendants' 'bare bones' **conclusory allegations** with **no factual statement** of the material elements of the defense are insufficient. They do not give plaintiff sufficient notice of the defenses and thus do not meet Rule 8(a)'s pleading standards.

The Second Circuit has likewise held that "[a]ffirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any

asserted facts have no efficacy." <u>Shechter v. Comptroller of New York, 79 F.3d 265, 270 (2d Cir.1996)</u> (quoting <u>Nat'l Acceptance Co. of Am. v. Regal Prods., Inc., 155 F.R.D. 631, 634 (E.D.Wis.1994)</u>("affirmative defenses are pleadings, and therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure"))(internal quotations and citations omitted).

<u>Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.</u> 531 F.Supp.2d 620 (S.D.N.Y. 2008).

Plaintiff cannot assess whether the pled defenses are meritorious because of Defendants' evasiveness and coyness and therefore they must be struck as not complying with Rule 8(a). Therefore, all of the affirmative defenses must be struck.

**B.    Alternatively, the second equitable defense of *laches* cannot be pled in an action at law; and, furthermore, the State of New York has established time limitations to sue for breach of contract.**

*"Laches is a doctrine that applies only in equity to bar equitable actions, not at law to bar legal actions."* <u>Lyons Partnership, L.P. v. Morris Costumes, Inc</u>. 243 F.3d 789, 797 -798 (4th Cir. 2001)

As Plaintiff seeks relief on the law, the defense of *laches* cannot be pled. Moreover, when a Legislature enacts a law providing a specific period of limitation for a cause of action, that limitation is dispositive. To hold otherwise would be to circumvent the constitutional separation of powers. <u>Holmberg v. Armbrecht</u> 327 U.S. 392, 394-395, 66 S.Ct. 582, 584 (1946).

**C.    Alternatively, the fourth defense of statute of limitations must be struck as Plaintiff is well within the time period permitted by <u>CPLR § 213</u>.**

<u>CPLR</u> § 213 provides that actions on a contract are to be commenced within 6 years.

Plaintiff completely fulfilled its agreement with Defendants on December 31, 2001, which was the end of its retainer agreement. Having fully performed its agreement on that date, all of the facts necessary to sustain Plaintiff's claim against Defendants, under New York State law, occurred on that date. The retainer agreement ("RA") between the parties, in its ¶ 7. g). specifies that the agreement shall be construed and governed in accordance with the laws of New

2

York.  (The RA and an addendum thereto are annexed to the declaration of David Filler as Ex. "1.").

> As a general rule, a cause of action accrues when all of the facts necessary to sustain the claim have occurred, so that a party can obtain relief in court ( *Matter of Motor Veh. Acc. Indem. Corp. v. Aetna Cas. & Surety Co.,* 89 N.Y.2d 214, 221, 652 N.Y.S.2d 584, 674 N.E.2d 1349 [1996], citing *Aetna Life & Cas. Co. v. Nelson,* 67 N.Y.2d 169, 175, 501 N.Y.S.2d 313, 492 N.E.2d 386 [1986]; *Vigilant Ins. Co. of Am. v. Hous. Auth. of City of El Paso,* 87 N.Y.2d 36, 43, 637 N.Y.S.2d 342, 660 N.E.2d 1121 [1995] ).

Insurance Co. of State of Pennsylvania v. HSBC Bank USA  37 A.D.3d 251, 254, 829 N.Y.S.2d 511, 515 (N.Y.A.D. 1st Dept. 2007); rev'd on other grounds, 10 N.Y.3d 32, 882 N.E2d 381 (N.Y. 2008).

When Plaintiff had fully complied with its end of the bargain on December 31, 2001, and Defendants failed to tender full consideration, Defendants' breached the written agreement and Plaintiff's cause of action accrued.

This action was commenced on November 30, 2007 by the filing of a Summons with Notice with the Clerk of New York County.  This was within the 6 year limitation prescribed by CPLR § 213.

Hence the defense of statute of limitations must be struck as unsupported by the uncontroverted documentary evidence annexed to the Complaint.

**D.    Alternatively, the Sixth equitable defense of unclean hands must be struck as Plaintiff is seeking relief sounding only in breach of contract in an action at law and not in equity.**

Other than pre-judgment interest, Plaintiff's entire claim sounds in breach of contract.  A claim under CPLR § 5001(a) does not convert an action at law into an equitable claim.

> Turning to the issue of interest, we reject defendant's categorization that plaintiff's claim is "equitable" and, therefore, any award of interest was discretionary (*see,* CPLR 5001[a] ). Plaintiff's quantum meruit action is essentially an action at law, inasmuch as it seeks money damages in the nature of a breach of contract,

3

"notwithstanding that the rationale underlying such causes of action is fairness and equitable principles in a general rather than legal, sense" ( *Hudson View II Assocs. v. Gooden,* 222 A.D.2d 163, 168, 644 N.Y.S.2d 512). Thus, Supreme Court correctly determined that it was required to award interest ( *see,* CPLR 5001[a] )

Ogletree, Deakins, Nash, Smoak & Stewart P.C. v. Albany Steel Inc. 243 A.D.2d 877,

879, 663 N.Y.S.2d 313, 315 (N.Y.A.D. 3rd Dept. 1997)

The law of the Second Circuit *"restricts the 'unclean hands' doctrine of suits in equity, thereby categorically defeating defendant's attempted defense in this suit at law."* Gala Jewelry, Inc. v. Harring 2006 WL 3734202, 2 FN 3 (S.D.N.Y. 2006)

As Plaintiffs are seeking relief in an action at law and not in equity, the equitable defense of unclean hands cannot be asserted and therefore must be struck.

**E.    Alternatively, the Seventh defense of lack of personal jurisdiction must be struck as the parties entered into written agreements in New York County and specified in a forum selection clause within said agreements that the venue for adjudication would be in New York County.**

The parties went to pains in their written agreement, ¶ 7. g) to state that it was made in the State of New York and would be subject to the laws of New York.  Furthermore, it cannot be disputed that Plaintiff, with offices as set forth in the RA at 80 Fifth Avenue in Manhattan, performed its services for Defendants in New York.

In cases involving an out of state party's retention of a New York attorney, jurisdiction has been upheld where a defendant, beyond merely retaining a lawyer in New York, has purposely availed itself of the services of that New York lawyer in this state (*see Pennie & Edmonds v. Austad, Co.,* 681 F.Supp. 1074, 1077 [S.D.N.Y.1988])

Fischbarg v. Doucet 38 A.D.3d 270, 273, 832 N.Y.S.2d 164, 167 (N.Y.A.D. 1st Dept. 2007)

The lack of personal jurisdiction defense must thus be struck as unsupported by the documentary evidence annexed to the Complaint which was uncontroverted by Defendants.

4

## IV.    *CONCLUSION*

**WHEREFORE**, Plaintiff respectfully seeks an Order: (1) striking all of Defendants' affirmative defenses on the grounds that they are 'bare bones' statements that fail to comply with Fed.R.Civ.P. Rule 8(a); alternatively: (2) striking the second defense of *laches* as it is an equitable defense that cannot be asserted in this action at law; (3) striking the fourth defense of statute of limitations as New York law prescribes a six (6) year limitation period for breach of contract; (4) striking the sixth defense of unclean hands as it is an equitable defense that cannot be asserted in this action at law; and (5) striking the seventh defense of lack of personal jurisdiction as the agreement between the parties has a forum selection clause naming New York County.  Plaintiff seeks such other and further relief as this Court deems just.

Queens, New York
April 30, 2008

<div style="margin-left:40%">

LEVEY, FILLER, RODRIGUEZ, KELSO &
DE BIANCHI, LLP
Attorneys for Plaintiff
41-26 27TH Street
Suite 3D
Long Island City, NY 11101-3825
TEL  (718) 340-3614


By:    ………………………………………….
       David F. Filler  (DF-6850)

</div>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────────

PARK AVENUE CONSULTING GROUP, INC.,

                Plaintiff,                **AMENDED ANSWER**
                                            **WITH COUNTERCLAIM**

v.

NEWGOLD INC. AND FIRSTGOLD CORP.,      Civ. No. 08 Civ. 1850 (CM) (GWG)

                Defendants.
────────────────────────────────────────

        Defendants Newgold Inc. and Firstgold Corp. (collectively, "Defendants"), as and

for their Amended Answer to the Complaint herein, state as follows:

        1.      Deny the allegations contained in paragraphs 1, 3, 9, 12, 17, 19, 20, 21,

22, 23, 24, 25, 27, 28, 29, 31, 32, 33, 34, 36, 37, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49, 50, 52, 53,

54, 55, 56, 58, 59 and 60.

        2.      Lack knowledge or information sufficient to form a belief as to the

allegations contained in paragraphs 2, 6, 7, 8, 15 and 16.

        3.      With respect to paragraph 4, admit that counsel for Defendants served a

Demand for Complaint upon counsel for Plaintiff by first class mail on or about March 7, 2008,

and lack knowledge or information sufficient to form a belief as to the remaining allegations

contained therein.

        4.      With respect to paragraph 5, admit that Firstgold Corp. has an office at

3108 Ponte Morino Drive, Suite 210, Cameron Park, CA 95642, and lack knowledge or

information sufficient to form a belief as to the remaining allegations contained therein.

5. With respect to paragraph 10, admit that this matter was removed to federal court on diversity grounds, and deny the remaining allegations contained therein.

6. With respect to paragraphs 11 and 14, because the allegations state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

7. With respect to paragraphs 13, 18, 26 and 35, aver that the documents speak for themselves, and deny the remaining allegations contained therein.

8. Deny each and every other allegation not specifically heretofore either admitted or denied.

### AS AND FOR A FIRST DEFENSE

9. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

10. Plaintiff is guilty of such laches as bars maintenance of this action against Defendants.

### AS AND FOR A THIRD DEFENSE

11. Plaintiff's damages, if any, were caused by their own failure to take reasonable actions to avoid and/or mitigate its alleged damages.

### AS AND FOR A FOURTH DEFENSE

12. This action is barred by the applicable statute of limitations.

### AS AND FOR A FIFTH DEFENSE

13. Documentary evidence establishes a complete defense to Plaintiff's claims.

**AS AND FOR A SIXTH DEFENSE**

14.    Plaintiff seeks the aid of equity with unclean hands.

**AS AND FOR A SEVENTH DEFENSE**

15.    The court does not have personal jurisdiction over Defendants.

**AS AND FOR A COUNTERCLAIM AGAINST PLAINTIFF**

16.    Defendant Newgold, Inc. ("Newgold") is a corporation organized under the laws of the State of Delaware that amended its Certificate of Incorporation to change its name from "Newgold, Inc." to "Firstgold, Corp." in or about December 2006.

17.    Defendant Firstgold Corp. ("Firstgold"), is a corporation organized under the laws of the State of Delaware, formerly known as "Newgold, Inc.", with a principal place of business located at 3108 Ponte Morino Drive, Suite 210, Cameron Park, CA 95642.

18.    Upon information and belief, Plaintiff Park Avenue Consulting Group, Inc. ("Park Avenue") is a corporation organized under the laws of the State of New York.

19.    On or about September 1, 2000, Newgold executed a Retainer Agreement ("Agreement") with Park Avenue, a copy of which is attached to Plaintiff's Complaint in this matter.

20.    On or about February 8, 2001, an Addendum to the Agreement ("Addendum") was executed by Newgold and Park Avenue, a copy of which is attached to Plaintiff's Complaint in this matter.

21.    Pursuant to paragraph 3 of the Agreement, Park Avenue agreed to perform services for Newgold as described in paragraph 3 of the Agreement.

22.    Upon information and belief, Park Avenue failed to perform services for Newgold as described in paragraph 3 of the Agreement.

23.     By failing to perform services for Newgold as described in paragraph 3 of the Agreement, Park Avenue breached the express terms of the Agreement and Addendum.

24.     As a result of Park Avenue's breach of the Agreement and Addendum, Newgold has suffered damages in an amount at least equal to the damages claimed by Park Avenue against Defendants in the Complaint.

WHEREFORE, Defendants respectfully requests an Order:

a.     Dismissing Plaintiff's complaint against Defendants, with prejudice;

b.     Granting Defendants the costs and disbursements of this action;

c.     Granting Defendants judgment against Plaintiff on the Counterclaim; and

d.     Granting Defendants such other and further relief as this Court deems just and proper.

Dated:    Tonawanda, New York
          May 5, 2008

                                        BLAIR & ROACH, LLP

                                        By:___s/ John N. Blair_____
                                             John N. Blair, Esq.
                                             J. Michael Lennon, Esq.
                                             Attorneys for Defendants
                                             2645 Sheridan Drive
                                             Tonawanda, New York 14150
                                             (716) 834-9181
                                             jnblair@blair-roach.com
                                             jmlennon@blair-roach.com

TO:    LEVEY, FILLER, RODRIGUEZ KELSO &
          DEBIANCHI, LLP
       David F. Filler, Esq., of counsel
       Attorneys for Plaintiff
       41-26 27th Street, Suite 3D
       Long Island City, New York 11101-3825
       Telephone: (718) 340-3614
       Dfiller@dlz.mailstreet.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────

PARK AVENUE CONSULTING GROUP, INC.,

        Plaintiff,

v.

NEWGOLD INC. AND FIRSTGOLD CORP.,        Civ. No. 08 Civ. 1850 (CM) (GWG)

        Defendants.

───────────────────────────────────────

## CERTIFICATE OF SERVICE

        I hereby certify that on May 5, 2008, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

        And, I hereby certify that I have mailed by the United States Postal Service the document to the following non-CM/ECF participants:

        David F. Filler, Esq., of counsel
        LEVEY, FILLER, RODRIGUEZ KELSO &
           DEBIANCHI, LLP
        Attorneys for Plaintiff
        41-26 27th Street, Suite 3D
        Long Island City, New York 11101-3825
        Dfiller@dlz.mailstreet.com

        BLAIR & ROACH, LLP

        By:   s/ John N. Blair
          John N. Blair, Esq.
          J. Michael Lennon, Esq.
          Attorneys for Defendant
          2645 Sheridan Drive
          Tonawanda, New York 14150
          (716) 834-9181
          jnblair@blair-roach.com
          jmlennon@blair-roach.com

LEVEY, FILLER, RODRIGUEZ, KELSO & DEBIANCHI, LLP
Attorneys for Plaintiff
41-26 27th Street
Suite 3D
Long Island City, NY 11101
TEL (718) 340-2614

/s/ David F. Filler (DF-6850)

<div align="center">

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

</div>

------------------------------------------------------------

|  |  |
|---|---|
| PARK AVENUE CONSULTING GROUP INC., | ) |
|  | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) Civil Action No.08 Civ. 1850 (CM) (GWG) |
| v. | ) |
|  | ) PLAINTIFF'S ORIGINAL |
| NEWGOLD INC. and FIRSTGOLD CORP. | ) COMPLAINT |
| Defendants, | ) |

------------------------------------------------------------

Plaintiff Park Avenue Consulting Group Inc. ("PACG"), by and for its Complaint against

Defendants NewGold, Inc. ("NewGold") and FirstGold, Inc. ("FirstGold") (collectively "Gold"),

by its attorney David F. Filler, who is duly admitted to practice before the Courts of this State and

has been duly admitted to appear before this Court, avers as follows:

### JURISDICTION AND VENUE

1. This is a civil action sounding in breach of contract seeking damages in excess of $75,000.

2. PACG commenced this action in the Supreme Court of the State of New York, County of
   New York, by the filing of a Summons with Notice, under CPLR § 304(a) and Rule
   305(b), with the County Clerk of New York on November 30, 2007, under Index No.
   07/603960, naming NewGold Inc. and FirstGold Inc. as Defendants

<div align="center">1</div>

3.  PACG subsequently affected service upon Gold at their office in California on January 29, 2008.

4.  Gold, through its attorneys, demanded a Complaint by notice dated March 7, 2008 that was sent to the attorney of PACG by First Class Mail and received on March 12, 2008.

5.  At the time when PACG entered into the original underlying contract with NewGold, both parties were residents of New York. Upon information and belief, at the time of commencement of this action neither Defendant were residents of the State of New York but FirstGold did have an office at 3108 Gabbort Drive, Suite 210, Cameron Park, CA 95682.

6.  PACG continues to be a resident of New York.

7.  Co-defendant NewGold has legally changed its name to FirstGold by notice to the Security and Exchange Comission ("SEC") on December 11, 2006.

8.  Upon information and belief Co-defendant FirstGold is the successor, heir and assign of NewGold.

9.  All all relevant times since January 2001 Newgold and then FirstGold were publicly traded companies.

10. Subsequent to being served with PACG's New York State action, Gold removed the said action to this Court on the grounds of diversity of citizenship and that the amount in controversy exceeds $75,000.

11. No federal question is asserted as a ground for jurisdiction.

12. Said removal is an admission that this Court has personal jurisdiction over FirstGold and NewGold.

13. The Retainer Agreement ("RA") dated September 7, 2000 and the Addendum ("Addendum") dated February 8, 2001 (collectively the "Agreement") was entered into in New York County and ¶ 7 g) of the RA explicitly states that any controversy thereunder shall be adjudicated in New York County. <u>CPLR</u> § 302 (a)(1). The RA and Addendum are annexed hereto.

14. PACG reserves its contractual and statutory rights under ¶ 7 g) of the RA to assert its claims against FirstGold and NewGold under the laws, rules and regulations of the State of New York, as applied to the within controversy, should there be any conflict with Federal laws, rules and regulations.

## THE PARTIES

15. PACG is a professional services provider organized as a corporation under the laws of the State of New York.

16. The business of PACG is to enhance the brand identity of its consulting clients and otherwise to help them to advance a favorable perception and public awareness image of their entities in the financial community.

17. PACG represents that it:

   (a)    Is not a registered Broker-Dealer.

   (b)    Did not register as a Broker-Dealer in connection with the rendering of its services to the NewGold and/or FirstGold.

   (c)    Did not affect stock trades on behalf of NewGold and/or FirstGold.

   (d)    Conducted its activities in accordance with the rules and regulations governing all aspects of the services performed under its Agreement with NewGold and/or

FirstGold and otherwise competently rendered its services according to the long-standing practices of the industry.

18. NewGold retained the services of PACG by entering into a written RA and the Addendum that are both annexed hereto.

19. PACG during the term of the RA beginning September 7, 2000 extended by the Addendum to December 31, 2001, used commercially reasonable efforts to provide advice to, undertook for, and consulted with NewGold concerning the implementation of a financial public relations program for NewGold with respect to information distributed by public press release by NewGold.

20. NewGold was, at all relevant times, in the business of acquisition, development, and exploration of gold-bearing properties in the United States.

21. FirstGold currently has its principal office at 3108 Gabbort Drive, Suite 210, Cameron Park, CA 95682.

22. FirstGold, upon information and belief, is in the business of acquisition, development, and exploration of gold-bearing properties in the United States.

23. At all relevant times the stock of NewGold/FirstGold has been publicly traded.

## NATURE OF THE ACTION

24. NewGold breached the **RA**:

    (a)    by not paying PACG a retainer fee of certain prior monthly installments of $10,000 monthly when demanded by PACG in December of 2001

    (b)    by not reimbursing PACG for its duly authorized expenses when demanded by PACG in December of 2001.

25. NewGold breached the **Addendum**:

4

(a)    by not paying PACG a retainer fee of certain prior monthly installments of $5,000 when demanded by PACG in December 2001.

(b)    by not paying PACG a retainer fee of certain prior monthly installments of $10,000 when demanded by PACG in December 2001.

(c)    by not paying PACG the liquidated sum of $32,335 as set forth on the last page of the Addendum when demanded by PACG in December 2001.

(d)    by failing to issue Warrants for 1,000,000 shares of publicly-traded stock in NewGold to PACG, at the prices and terms set forth in ¶ 5 a) of the Addendum.

(e)    By failing to register the said Warrants with the SEC as set forth in ¶ 5 b) of the Addendum.

26. The Addendum, in its ¶ 5 a) state that NewGold will register the 1,000,000 Warrants within 90 days after February 8, 2001; the date of the Addendum, and further states in its ¶ 5 b) that if the said 1,000,000 Warrants are not registered on a timely basis that PACG is entitled to receive from NewGold the cash equivalent of 50,000 free-trading shares for each month that the Warrants are not registered.

27. Upon information and belief NewGold and/or FirstGold never issued and registered the said 1,000,000 Warrants in the name of PACG.

28. Upon information and belief, neither the Warrants nor the additional 50,000 free-trading shares per month, or both combined, represents a controlling interest of FirstGold or NewGold.

29. Because the said shares are publicly traded and do not represent a controlling interest in FirstGold, PACG is therefore not entitled to the equitable remedy or specific performance and accordingly seeks its remedy at law for monetary damages.

## CLAIMS FOR RELIEF

## COUNT I

### (Breach of Contract)

30. PACG incorporates by reference the foregoing ¶¶ 1-29 as if set forth herein.

31. PACG completely earned its entitlement to all consideration set forth in the RA and the Addendum when it completed its work for NewGold on December 31, 2001.

32. At no time did NewGold/FirstGold express any dissatisfaction with the efforts of PACG on their behalf.

33. Notwithstanding complete performance by PACG, NewGold/First Gold has failed **to date to issue** the 1,000,000 Warrants as set forth in ¶ 5 a) of the Addendum, despite being being duly demanded by PACG which performed all work required to earn the said Warrants to be exercised as set forth in the Addendum.

34. Notwithstanding complete performance by PACG NewGold/FirstGold failed **to register** with the SEC the 1,000,000 Warrants as set forth in ¶ 5 b) of the Addendum.

35. Failing such registration, it is provided in ¶ 5. b) of the Addendum that PACG *"is entitled to 50,000 (fifty thousand) free trading shares or the cash equivilent for every month that the underlying warrants are not registered."*

36. New Gold/First Gold shares have been publicly traded at all relevant times.

37. PACG therefore seeks a monetary Judgment for the highest cash-equivalent value for 50,000 NewGold/FirstGold shares traded in May 2001, and on the same basis in each of the ensuing 90 months until the filing date of this action in November 2007, and for each month thereafter, through the date that Judgment is entered to include pre-Judgment interest under CPLR § 5001(a) at the statutory rate in New York under CPLR § 5004.

## Count II

## Breach of Contract

38. PACG incorporates by reference the foregoing ¶¶ 1-29 as if set forth herein.

39. The said 1,000,000 Warrants were to be issued on Febrtuary 8, 2001, and thereafter registered with the SEC within 90 days to be exercisable for 5 years after their date of issuance.

40. As said Warrants have never been issued and registered, when and if they are issued PACG demands that they be exercisable for 5 years from the date of issuance in conformity with ¶ 5 b) of the Addendum.

41. In or about July 2006, PACG's president Jeffrey Foster ("Foster") on behalf of PACG notified FirstGold/New Gold that PACG was prepared, able and desirous of exercising the said unissued and unregistered Warrants to purchase 350,000 Shares of NewGold for the consideration set forth in ¶ 5 a) of the Addendum:

    • 350,000 shares of NewGold at $0.17 equal to $59,500.

42. In or about March 2007, Foster on behalf of PACG notified FirstGold (that PACG was prepared, able and desirous of exercising the Warrants to purchase 250,000 Shares for the consideration set forth in ¶ 5 a) of the Addendum:

    • 250,000 shares at $0.50 equal to $125,000.

43. NewGold/First Gold refused to issue the Warrants and register same with the SEC and refused to issue the Shares and register same with the SEC despite being duly demanded to do so by PACG as stated in 2006 and in 2007.

44. In November, 2007, the highest trading price of First/Gold was $0.96 per share.

45. Based upon selling  in November 2007 the 600,000 shares that PACG was entitled to purchase under ¶5 b) of the Addendum, the sales revenue to PACG for the 600,000 shares @ $0.96 per share would have been  $576,000.

46. The profit to PACG would be the difference between the said $576,000 and the exercise price of purchasing the 600,000 shares of $184,500; this amounts to a  profit of $415,500.

47. PACG was therefore damaged in the amount of  $415,500 plus prejudgment interest.

### Count III

### Breach of Contract

48. PACG incorporates by reference the foregoing ¶¶ 1-29 as if set forth herein.

49. NewGold/FirstGold, under the RA and Addendum has not paid PACG:

    (a)    its monthly fees in an amount to be proven at trial.

    (b)    its duly authorized expenses in an amount to be proven at trial.

    (c)    an agreed upon liquidated sum of $32,335 as set forth on the last page of the Addendum.

50. PACG therefore demands  payment in an amount to be proven at trial plus pre-judgment interest.

### Count IV

### Breach of Contract

51. PACG incorporates by reference the foregoing ¶¶ 1-29 as if set forth herein.

52. On or about February 5, 2001 NewGold acknowleged its obligation to pay to PACG a **Finders Fee** of $50,000 as compensation for the work of PACG in assisting NewGold to acquire Playlink, Inc.

53. At or about the same time NewGold acknowledged its obligation to pay PACG $50,000 in the shares of NewGold.

54. PACG duly demanded the said fee and shares in its letter dated February 6, 2006.

55. To date no payment or tender of the shares has been made.

56. PACG therefore demands $50,000 in cash and $50,000 in shares with prejudgment simple interest at the rate of 9% per annum.

### Count V

### Breach of Contract

57. PACG incorporates by reference the foregoing ¶¶ 1-29 as if set forth herein.

58. In addition to the 600,000 shares previously referenced, there are 400,000 remaining as described in ¶5 b) of the Addendum.

59. PACG seeks an Order that FirstGold/NewGold issue these 400,000 Warrants and register same with the SEC as follows:

- 200,000 at $1.00

- 200,000 at $1.25

60. The above Warrants to be exercisable for 5 years from their date of issuance under ¶ 5 a) of the Addendum.

### PRAYER FOR RELIEF

WHEREFORE, PACG prays for Judgment against Gold as follows:

### FIRST COUNT

1. Monetary damages equivilent to  50,000 shares for May 2001 and each month thereafter until November 2007 multiplied by the high bid price for each month with pre-judgment interest thereon from each month  @ 9% under CPLR §§ 5001(a) and 5004.

2. Continuing money damages for each month beginning in December 2007 at the rate of 50,000 shares x the high bid price per month, with simple interest at 9% per annum under <u>CPLR</u> §5001(a) and <u>CPLR</u> § 5004 until such time as FirstGold  issues and registers in the name of PACG with the SEC 1,000,000 Warrants at the exercise prices per share as set forth in the RA and addendum and expiring 5 years from their date of issuance.

### SECOND COUNT

3. **Monetary damages in** the amount of $415,000 that being the difference between the exercise price of the first 600,000 shares and the selling price of those shares in November 2007 plus pre-judgment interest thereafter @ 9% under CPLR §§ 5001(a) and 5004.

### THIRD COUNT

4. **Monthly retainer fees** in an amount ot be proven at trial with pre-judgment interest thereon @ 9% under CPLR §§ 5001(a) and 5004.

5. **Expense reimbursements** in an amount to be proven at trial  with pre-judgment interest thereon @ 9% under CPLR §§ 5001(a) and 5004.

### FOURTH COUNT

6. **Finder's fees** in the amount of $50,000 with pre-judgment interest thereon from @ 9% under CPLR §§ 5001(a) and 5004.

7. Shares of NewGold equivilent to $50,000 at the low bid price on the date of issuance.

### 8.  FIFTH COUNT

9. An Order that FirstGold issue and register with the SEC for the benefit of  PACG Warrants for 200,000 Shares at an exercise price of $1.00 and 200,000 Shares at an exercise price of $1.25—these Warrants to be exercisable for 5 years from the date of issuance.

10. The costs of this action; and

11. Such other and further relief as this Court deems just and proper.

Queens, New York
March 25, 2008

Respectfully submitted,

LEVEY, FILLER, RODRIGUEZ,
KELSO & DEBIANCHI, LLP

Attorneys for Plaintiff
41-26 27th Street
Suite 3D
Long Island City, NY 11101
TEL (718) 340-2614
Email Dfiller@dlz.mailstreet.com
FAX (718) 340-3615

By:

David F. Filler (Bar No. DF- 6850)

11

# RETAINER AGREEMENT

BETWEEN:

**PARK AVENUE CONSULTING GROUP, Inc.**
80 Fifth Avenue, Suite 1201; New York, NY 10011
(hereinafter called the "**Consultant**")

- AND -

**NewGold, Inc.**
500 Nolen Drive, Southlake, TX 76092
(hereinafter called the " **Company**")

**THIS AGREEMENT**, upon acceptance of its terms by the Company, will formalize a relationship between the Consultant and the Company effective on September 1, 2000. In consideration of mutual covenants contained herein, the Company and Consultant agree as follows:

**WHEREAS,** Consultant marketing services designed to heighten the brand identity of the business conducted; and

**WHEREAS,** NewGold, Inc. (NGLD), is a public company that is at this time trading common stock through the NASDAQ stock market; and

**WHEREAS,** Company desires to retain the services of the Consultant in a consultation capacity to inform on financial public relations methodology designed to increase awareness of the company within the investment community all public information released by the company by press release or SEC filing; to expose the company to a broad network of active retail brokers, financial analysts, institutional fund managers, private investors and active financial newsletter writers; create, build and continually enhance a fax database of all brokers, investors, analysts and media contacts who have expressed an interest in receiving on-going information on the company; email press releases, corporate announcements, broker updates, companny news developments to ParkCap's email database of brokers, institutional fund managers, financial analysts and industry professionals; strive to obtain company analyst coverage and /or investment banking sponsorship; introduce the company to various fund managers and institutional investors.**WHEREAS,** Company wishes to formalize in a written agreement the terms and conditions under which Consultant will provide such services to Company.

**NOW THEREFORE,** for the mutual promises and other considerations described herein, the parties agree as follows:

## 1. APPOINTMENT.

The Company hereby engages Consultant and Consultant agrees to render services to the Company as a consultant upon the terms and conditions hereinafter set forth.

## 2. TERM.

The term of this Retainer Agreement began as of the date of this Agreement, and shall terminate 12 (twelve) months from that date, unless earlier terminated in accordance with

paragraph 7 herein or extended as agreed to between parties. However, at the end of the first <u>3</u> <u>(three)</u> months, the parties will review their relationship and if for any reason whatsoever either party elects to terminate this Agreement, and upon written notice by either party to the other, the Retainer Agreement will terminate with such receipt.

### 3. SERVICES.

During the term of this Agreement, Consultant shall use commercially reasonable efforts to provide advice to, undertake for and consult with the Company concerning the implementation of a financial public relations program for the Company with respect to public information released by press release or SEC filing by the Company. Consultant is not a registered Broker-Dealer and will not need to register as a Broker-Dealer to perform services and does not effectuate stock trades. Consultant shall conduct their activities in accordance with the rules and regulations governing all aspects of the services to be performed under this Agreement, and the long-standing practices of the industry.

### 4. DUTIES OF THE COMPANY.

The Company shall provide Consultant, on a regular and timely basis, with all approved data and information about it, its subsidiaries, its management, its products and services and its operations as shall be reasonably requested by Consultant, and shall advise Consultant of any facts which would affect the accuracy of any data and information previously supplied pursuant to this paragraph. The Company shall promptly supply Consultant with full and complete copies of all financial reports, all filings with all federal and state securities agencies; with full and complete copies of all stockholder reports; and with all brochures or other sales materials relating to its products or services. The Company shall provide Consultant with any publicly released news that may be of material change to the Company in a timely fashion. The Company agrees that it will provide public information to consultant at the time of its availability.

Company shall be fully responsible to assure all Company information is accurate and complete. Company understands and acknowledges that Consultant can not guarantee that the services provided hereunder will achieve any particular objective or fulfill any specified goals.

### 5. COMPENSATION.

a)    The Company agrees to issue to Consultant <u>600,000 (six hundred thousand)</u> warrants exercisable for five (5) years from the date of issuance, the first <u>300,000</u> <u>(three-hundred thousand)</u> to be exercisable at $0.50 and issued upon execution of this Agreement, the next <u>100,000 (one-hundred thousand)</u> to be exercisable at $2.00 and issued six months from the date of this Agreement, the next <u>100,000 (one-hundred thousand)</u> to be exercisable at $3.00 and issued nine months from the date of this Agreement, the next <u>100,000 (one-hundred thousand)</u> to be exercisable at $4.00 and issued twelve months from the date of this Agreement. Company's counsel shall be responsible for providing an opinion letter for any 144 shares and such opinion letter shall not be unreasonably withheld. The number of shares and exercise price of the Warrants shall be adjustable for stock splits. In the event the Warrants are not delivered by September 7, 2000 Consultant shall have the right to terminate this Agreement on two-days faxed notice. The Company also agrees to issue Consult 50,000 (fifty thousand) restricted 144 Shares of the Company's stock upon execution of this Agreement. Consultant shall provide Company with DTC instructions. In the event of termination by the Company, consultant is entitled to the pro-rata amount of

warrants and payment of monthly cash compensation to the end of the month of termination.

b)      The Company shall pay Consultant a monthly retainer fee of $10,000 (ten thousand). In the event the Company pays consultant in the form of common stock, the Company warrants and represents that the shares of stock are either registered and/or exempt from registration by providing an opinion of counsel that the stock is unrestricted. Company agrees to transfer the pro rata common stock for the first month's retainer to an account acceptable to Consultant bySeptember 7, 2000. The Company will pay all reasonable expenses related to the consultation of the Company. Invoices to be provided on a monthly basis to be paid in the following month along with the agreed upon retainer fee. Individual expenses in excess of $2,500.00 (two thousand five hundred) require Company's prior approval. If monthly expenses exceed $2,500.00, Consultant will inform Company and will receive prior approval for all expenses incurred after that. Company will also be responsible for travel expenses incurred on behalf of Company.

c)      The Company shall furnish Consultant with a reasonable supply of folders and company literature, as needed.

## 6. REPRESENTATION AND INDEMNIFICATION.

The Company shall be deemed to make a continuing representation as to the accuracy of any and all facts, material information and data which it supplies to Consultant and acknowledge its awareness that Consultant will rely on such continuing representation in disseminating such information and otherwise performing its advisory functions. Consultant shall have no liability to any indirect, incidental or consequential damages suffered by Company as a result of any failure on the part of Consultant in the performance of their duties hereunder. Consultant, in the absence of notice in writing from the Company, will rely on the continuing accuracy of material, information and data supplied by the Company. The Company hereby agrees to indemnify and hold the Consultant and its affiliates harmless from and against any and all liabilities, obligations, losses, damages, actions, and claims of any kind or nature whatsoever arising from the performance of its obligations under this Agreement ("Indemnified Liabilities"), except that the Company shall have no liability hereunder to Consultant with respect to Indemnified Liabilities which arise from (i) representations concerning the Company or its operations made by the Consultant to third parties which are not based on the written material provided by the Company to the Consultant, (ii) the gross negligence or willful misconduct of the Consultant, or (iii) a failure by the Consultant to comply with all applicable laws. The Consultant hereby agrees to indemnify and hold the Company and its affiliates harmless from and against any and all liabilities, obligations, losses, damages, actions, and claims of any kind or nature whatsoever arising from the performance of its obligations under this Agreement .

## 7. MISCELLANEOUS.

a)      Termination: This Agreement may be terminated with the mutual consent of both parties, at any time, except as provided in Paragraph 2 hereof. This Agreement may be terminated by either party upon the occurrence of a material breach of this Agreement by the other party. If Consultant commits a material breach of this Agreement then all unexercised warrants at that time will automatically expire.

*AS DETERMINED BY A COURT OF LAW.*

b)    <u>Modification:</u> This Retainer Agreement sets forth the entire understanding of the parties with respect to the subject matter hereof. This Retainer Agreement may be amended only in writing signed by both parties.

c)    <u>Notices:</u> Any notices hereunder shall be sent to the Company and the Consultant at their respective addresses set forth. Any notice shall be given by registered or certified mail, postage prepaid, and shall be deemed to have been given when deposited in the United States mail. Either party may designate any other address to which notice shall be given, by giving written notice to the other of such change in address in the manner herein provided.

d)    <u>Waiver:</u> Any waiver by either party of a breach of any provision of this Retainer Agreement shall not operate as or be construed to be a waiver of any other breach of that provision or of any breach of any other provision of this Retainer Agreement. The failure of a party to insist upon strict adherence to any term of this Retainer Agreement on one or more occasions will not be considered a waiver or deprive that party of the right thereafter to insist upon adherence to that term of any other term of this Retainer Agreement.

e)    <u>Relationship of the Parties:</u> Nothing in this Agreement shall create any partnership or joint venture between the parties hereto, it being understood and agreed that the parties are independent contractors and neither has the authority to bind the other in any way.

f)    <u>Severabilty:</u> If any provision of this Retainer Agreement is invalid, illegal or unenforceable, the balance of this Retainer Agreement shall remain in effect, and if any provision is inapplicable to any person or circumstance, it shall nevertheless remain applicable to all other persons and circumstances. This Agreement is governed by the American Arbitration Association and both parties agree to binding arbitration in the event of a dispute, unless a party is seeking injunctive relief.

g)    <u>Governing law:</u> This agreement has been made in the State of New York and shall be construed and governed in accordance with the laws thereof without regard to conflict of laws.

h)    <u>Entire agreement:</u> This Agreement and the schedules attached hereto contains the entire agreement between the parties, may not be altered or modified, except in writing and signed by the party to be charged thereby and supersedes any and all previous agreements between the parties.

i)    <u>Proprietary Information:</u> The Consultant acknowledges and agrees that specified segments of information received from the Company under this agreement are exclusive proprietary information and the same shall not be divulged, published or distributed in any manner or form to any third party without any express right or written consent of their Company.

Upon execution of this Agreement by the Company, a valid and binding agreement shall exist as of the date first above written.


**PARK AVENUE CONSULTING GROUP, Inc.**
Per:

_____
Jeffrey D. Forster, President & CEO

**NEWGOLD, INC.**
Per:

_____
James Cutburth, President and CEO

## ADDENDUM TO AGREEMENT DATED SEPTEMBER 7TH, 2000

BETWEEN:

**PARK AVENUE CONSULTING GROUP, Inc.**
80 Fifth Avenue, Suite 1201; New York, NY. 10011
(hereinafter called the "**Consultant**")

- AND -

**NEWGOLD, INC.**
**P.O. BOX 1626, SHINGLE SPRINGS, CA. 95682**
(hereinafter called the " **Company**")

**THE WITHIN ADDENDUM, AMENDS THE AGREEMENT AS FOLLOWS**

PARAGRAPH 2 IS AMENDED AS FOLLOWS:

**2. TERM.**

The Term of this Retainer Agreement is from January 1, 2001 to December 31, 2001.

PARAGRAPH 5 IS AMENDED AS FOLLOWS

**5. COMPENSATION.**

a)      The Company or its agents agrees to issue to Consultant and or its agents 1,000,000 (One Million) warrants to purchase 1,000,000 (One Million) shares of the company's common stock to be issued and fully registered with all customary anti-dilution protections within 90 days of this Agreement. The number of shares and exercise price of the warrants shall be adjustable for stock splits.   The warrants will be exercisable as follows: 350,000 (Three hundred and fifty thousand) at $.17 (seventeen cents), 250,000 (Two hundred and fifty thousand) at $.50 (fifty cents), 200,000 (Two hundred thousand) at $1.00 (One dollar) and 200,000 (Two Hundred thousand) at $1.25 (One dollar and twenty five cents.) All Warrants will be deemed cashless and exercisable for five (5) years from the date of this agreement. The Company agrees to use its best efforts to register the underlying warrant/shares as stated in paragraph B hereof. The registered rights granted to the Consultant are on a cost free basis. The Company agrees to pay for all costs associated with registration including but not limited to SEC filings, Blue Sky filing fees, and other costs associated with registration.

b)      Consultant agrees that they will not sell any shares in the open market unless the stock is trading at a 20% premium to the average trading price for the previous 3 days. In the event, that the underlying warrant/stock exercised by the holder are not registered for trading by the Company within 90 days from the date hereof, then the Consultant is entitled to 50,000 (Fifty thousand) free trading

shares or the cash equivalent for every month that the underlying warrant/shares are not registered.

c)      The Company shall pay Consultant a monthly retainer fee of _$5000 (Five thousand dollars) commencing January 1, 2001. Upon March 1, 2001, the Company agrees to pay the Consultant a monthly retainer fee of $10,000 (Ten-thousand dollars.)  The Company agrees to wire the Funds to an account acceptable to Consultant by January 1, 2001. The Company will pay all reasonable expenses related to the consultation of the Company.

d)      The Company shall furnish Consultant with a reasonable supply of folders and company literature, as needed.   The Company will pay all expenses incurred by Consultant on behalf of the Company.  Invoices to be provided on a monthly basis to be paid within ten days of receipt.  Any monthly expenses in excess of _$1,500.00 (one thousand five hundred dollars) require Company's prior approval.  Company will also be responsible for approved travel expenses incurred on behalf of Company.

**Additional:**

Company agrees to reimburse Consultant for all expenses incurred under initial September 1, 2000 Retainer Agreement.  The expenses total $32, 335 (Thirty two thousand three hundred and thirty five dollars.)  It is understood that these expenses will be paid in full on a successful completion of a Newgold-ASDI definitive merger agreement.  These expenses will be settled in conjunction with other former Newgold debts with funds from the next round of financing.

All the provisions of the agreement dated September 7, 2000 remain in full force and effect (attached copy of said agreement is annexed hereto.)

The within addendum has been approved and authorized by the Board of Directors of the Company.

Dated  February 8, 2001

Park Avenue Consulting Group, Inc.                      Newgold, Inc.
Per:                                                    Per:

Jeffrey D. Forster, President/CEO                       A. Scott Dockter, President/CEO

NEW GOLD addendum        Confidential Page 2                             3/29/01

