UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PARK AVENUE CONSULTING GROUP, INC.,

              Plaintiff,                    **ATTORNEY'S AFFIDAVIT**

v.

NEWGOLD INC. AND FIRSTGOLD CORP.,      Civ. No. 08 Civ. 1850 (CM) (GWG)

              Defendants.

---

STATE OF NEW YORK    )
                       ) ss.:
COUNTY OF ERIE        )

        J. MICHAEL LENNON, ESQ., being duly sworn, deposes and says:

        1.      I am an attorney licensed to practice law in the State of New York, and am associated with the law firm Blair & Roach, LLP, attorneys for Defendants Newgold Inc. and Firstgold Corp. (collectively, "Defendants"), in the above-captioned action.  As such, I am personally familiar with the facts set forth in this Affidavit.

        2.      I make this Affidavit in opposition to Plaintiff Park Avenue Consulting Group, Inc.'s ("Plaintiff") motions to strike the affirmative defenses interposed by Defendants in their Amended Answer and for a more definite statement of Defendants' Counterclaim.

        3.      Plaintiff commenced this action, which sounds in breach of contract and seeks monetary damages, by the filing of a Summons with Notice in New York State Supreme Court, New York County, on or about November 29, 2007.

        4.      Plaintiff served the Summons with Notice on Defendants in January 2008. Shortly thereafter, Defendants removed this action to this Court on diversity grounds.  A copy of the Notice of Removal (Docket # 1) is attached as **Exhibit A**.

        5.      On March 7, 2008, Defendants served a Demand for a Complaint on counsel for Plaintiff.  A copy of Defendants' Demand for Complaint is attached as **Exhibit B**.

6.      Plaintiff then served its Complaint on defense counsel on or about March 26, 2008.  A copy of Plaintiff's Complaint is attached to the Declaration of David F. Filler, dated May 23, 2008 (Docket #16) ("Filler Declaration"), as Exhibit 1.

7.      On April 15, 2008, Defendants e-filed an Answer with this Court.  A copy of Defendants' Answer (Docket # 8) is attached to the Filler Declaration as Exhibit 2.

8.      Thereafter, on May 5, 2008, Defendants e-filed an Amended Answer with Counterclaim.  A copy of Defendants' Amended Answer with Counterclaim (Docket # 12) is attached as **Exhibit C**.

9.      Both Defendants' Answer and Amended Answer contain a short and plain statement of the following seven affirmative defenses:  (1) failure to state a claim; (2) laches; (3) failure to mitigate; (4) statute of limitations; (5) documentary evidence; (6) unclean hands; and (7) lack of personal jurisdiction.

10.     In addition, the Amended Answer contains a Counterclaim sounding in breach of contract.  See Exhibit C, ¶¶ 16-24.

11.     The instant motion represents Plaintiff's second attempt to strike all of Defendants' affirmative defenses, or, in the alternative, the affirmative defenses of laches, statute of limitations, unclean hands and lack of personal jurisdiction, relief that Plaintiff previously sought in a motion brought by Plaintiff's counsel on April 30, 2008.

12.     Defendants' served lengthy opposition to Plaintiff's original motion papers on May 14, 2008.  A copy of Defendants' Memorandum of Law in opposition to Plaintiff's original motion to strike (Docket # 15) is attached as **Exhibit D**.

13.     Two weeks after Defendants served their opposition to Plaintiff's original motion to strike, and three weeks after Defendants served their Amended Answer, Plaintiff's counsel withdrew the previous motion in favor of the instant application, which is virtually

identical to Plaintiff's prior motion to strike, but adds a request for a more definite statement of Defendants' Counterclaim.

14.     Regarding discovery, other than the exchange of Initial Disclosures pursuant to Fed.R.Civ.P. Rule 26(a)(1) on or about May 2, 2008, and service of Defendants' First Request for Production of Documents on May 28, 2008, no disclosure has taken place in this matter to date.

  s/ J. Michael Lennon                                    
J. Michael Lennon

Sworn to before me this
6th day of June, 2008.

  s/ Tammy L. Nelson      
Notary Public

08 CV 01850

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PARK AVENUE CONSULTING GROUP, INC.,

Plaintiff,

v.

NEWGOLD INC. AND FIRSTGOLD CORP.,

Defendants.

RECEIVED
FEB 2 5 2008
U.S.D.C. S.D. N.Y.
CASHIERS

**NOTICE OF REMOVAL**

Civ. No. _____

TO THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK:

Defendants, NewGold Inc. and FirstGold Corp., hereby serve notice of the removal of this civil action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§1441 and 1446, and in support thereof state as follows:

1.     On or about November 30, 2007, this action was commenced against Defendants by the filing of a Summons with Notice in the Supreme Court of the State of New York in and for the County of New York (Civil Action No. 07/603960).  A copy of Plaintiff's Summons with Notice is attached hereto as **Exhibit A**.

2.     On or about January 29, 2008, Defendants were served with a copy of the Summons with Notice by personal delivery in the State of California.

3.     No other proceedings have been had in this action.

4.     The above-captioned action is one of which this Court has original jurisdiction pursuant to 28 U.S.C. §1332, and is one which may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. §1441 in that it is a civil action wherein the

matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between citizens of different states.

5.    Regarding the value of the case, Plaintiff's Summons with Notice alleges damages in the amount of $2,880,000. (See Exhibit A).

6.    With respect to diversity of citizenship, Plaintiff is a business corporation incorporated under the laws of the State of New York, with a principal place of business in the State of New York; Defendants are business corporations incorporated under the laws of the State of Delaware, with a principal place of business in the State of California.

7.    Based upon the foregoing, it is respectfully submitted that there is complete diversity of citizenship among the Plaintiff and the Defendants in this action.

8.    Defendants' time to answer or move with respect to the complaint has not expired.

9.    This Notice of Removal is being filed within thirty (30) days after receipt by Defendant of a copy of the summons with notice and is timely filed under 28 U.S.C. §1446.

10.    Written notice of the filing of this Notice of Removal will be served upon the plaintiff as required by law.

11.    A true copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York for the County of New York as provided by law.

WHEREFORE, Defendants give notice that this action is removed from the Supreme Court of the State of New York for the County of New York to this Court.

Dated: New York, New York
February 25, 2008

<div style="margin-left:40%;">

Yours, etc.,

BIEDERMANN, REIF, HOENIG & RUFF,
P.C.

By:

Peter H. Cooper, Esq. (PHC4714)
Attorneys for Defendants
570 Lexington Avenue, 16th Floor
New York, New York 10022
Telephone: (212) 697-6555

John N. Blair, Esq.
J. Michael Lennon, Esq.
BLAIR & ROACH, LLP
Attorneys for Defendants
2645 Sheridan Drive
Tonawanda, New York  14150
Telephone:  (716) 834-9181

</div>

TO:    Levey, Filler, Rodriguez Kelso &
          DeBianchi, LLP
       41-26 27th Street, Suite 3D
       Long Island City, New York 11101-3825
       Telephone: (718) 340-3614

Exhibit A

Supreme Court of the State of New York
County of New York

-------------------------------------------------X
                                                 )     SUMMONS WITH NOTICE
                                                 )
PARK AVENUE CONSULTING GROUP INC.,               )     Index No. 07/603960
                                                 )
            Plaintiff,                           )     Plaintiff designates NY County
                                                 )     as the place of trial.
        v.                                       )
                                                 )     The basis of the venue is long-arm
NEWGOLD INC. and FIRSTGOLD CORP.                 )     jurisdiction and the parties' choice of
                                                 )     law clause.
                                                 )
            Defendants.                          )     Date Index No. Purchased:
-------------------------------------------------X     November 30, 2007

To the above named Defendants:

        PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to appear in this
action by serving a notice of appearance on the plaintiff at the address set forth below, and to do
so within 30 days after the service of this summons (not counting the day of service itself) or
within 30 days after service is complete if the summons is not delivered personally to you within
the state of New York.

        YOU ARE HEREBY NOTIFIED THAT should you fail to appear, a judgment will be
entered against you by default for the relief demanded below.

Dated,  November 30, 2007

                              Levey, Filler, Rodriguez Kelso &
                               DeBianchi LLP
                              41-26 27th Street  Suite 3D
                              Long Island City, NY 11101-3825
                              TEL (718) 340-3614
                              FAX (718) 340-3615
                              dfiller@dlz.mailstreet.com

Defendant's address:
3108 Gabbort Drive, Suite 210
Cameron Park, CA 95682

Notice:  The nature of this action is breach of a commercial contract.

        The relief sought is the issuance of warrants/shares or the dollar equivalent thereof.

        Upon your failure to appear, judgment will be taken against you by default for the sum of
$2,880,000 with interest from November 30, 2007 and the costs of this action.

01/29/2008   08:46    6618374519

Supreme Court of the State of New York
County of New York

---------------------------------------------
                       )    Index No. 07/603960

PARK AVENUE CONSULTING GROUP INC., )

            Plaintiff,        )

           v.              )

NEWGOLD INC. and FIRSTGOLD CORP.   )

           Defendants,      )
---------------------------------------------

## SUMMONS WITH NOTICE

November 30, 2007
Queens, NY

Levey, Filler, Rodriguez Kelso &
DeBianchi LLP
41-26 27th Street
Suite 3D
Long Island City, NY 11101-3825

By: _David F. Filler_
David F. Filler

Rule 130, etc.:

By: _David F. Filler_
David F. Filler

To:
NEWGOLD INC. and FIRSTGOLD CORP.
3108 Gabbart Drive, Suite 210
Cameron Park, CA 95682

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PARK AVENUE CONSULTING GROUP, INC.,

        Plaintiff,

v.

NEWGOLD INC. AND FIRSTGOLD CORP.,

        Defendants.

**DEMAND FOR COMPLAINT**

Civ. No.  08-CV-01850

---

    PLEASE TAKE NOTICE that Blair & Roach, LLP, attorneys for Defendants Newgold Inc. and Firstgold Corp., demand that a copy of the Complaint and all notices and papers be served on us at Blair & Roach, LLP, 2645 Sheridan Drive, Tonawanda, New York 14150.

Dated: Tonawanda, New York
      March 7, 2008

                     BLAIR & ROACH, LLP

                     By: _____
                       John N. Blair, Esq.
                       J. Michael Lennon, Esq.
                       Attorneys for Defendants
                       2645 Sheridan Drive
                       Tonawanda, New York 14150
                       (716) 834-9181

                       Peter H. Cooper, Esq.
                       BIEDERMANN, REIF, HOENIG & RUFF
                       Attorneys for Defendants
                       570 Lexington Avenue, 16th Floor
                       New York, New York 10022
                       Telephone: (212) 697-6555

TO:    Levey, Filler, Rodriguez, Kelso &
        DeBianchi, LLP
        41-26 27th Street, Suite 3D
        Long Island City, New York 11101-3825
        Telephone: (718)340-3614

BLAIR & ROACH, LLP
ATTORNEYS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————

PARK AVENUE CONSULTING GROUP, INC.,

              Plaintiff,              **AMENDED ANSWER**
                                       **WITH COUNTERCLAIM**

v.

NEWGOLD INC. AND FIRSTGOLD CORP.,      Civ. No. 08 Civ. 1850 (CM) (GWG)

              Defendants.
———————————————————————

        Defendants Newgold Inc. and Firstgold Corp. (collectively, "Defendants"), as and for their Amended Answer to the Complaint herein, state as follows:

        1.      Deny the allegations contained in paragraphs 1, 3, 9, 12, 17, 19, 20, 21, 22, 23, 24, 25, 27, 28, 29, 31, 32, 33, 34, 36, 37, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49, 50, 52, 53, 54, 55, 56, 58, 59 and 60.

        2.      Lack knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 2, 6, 7, 8, 15 and 16.

        3.      With respect to paragraph 4, admit that counsel for Defendants served a Demand for Complaint upon counsel for Plaintiff by first class mail on or about March 7, 2008, and lack knowledge or information sufficient to form a belief as to the remaining allegations contained therein.

        4.      With respect to paragraph 5, admit that Firstgold Corp. has an office at 3108 Ponte Morino Drive, Suite 210, Cameron Park, CA 95642, and lack knowledge or information sufficient to form a belief as to the remaining allegations contained therein.

5.      With respect to paragraph 10, admit that this matter was removed to federal court on diversity grounds, and deny the remaining allegations contained therein.

6.      With respect to paragraphs 11 and 14, because the allegations state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

7.      With respect to paragraphs 13, 18, 26 and 35, aver that the documents speak for themselves, and deny the remaining allegations contained therein.

8.      Deny each and every other allegation not specifically heretofore either admitted or denied.

### AS AND FOR A FIRST DEFENSE

9.      The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

10.     Plaintiff is guilty of such laches as bars maintenance of this action against Defendants.

### AS AND FOR A THIRD DEFENSE

11.     Plaintiff's damages, if any, were caused by their own failure to take reasonable actions to avoid and/or mitigate its alleged damages.

### AS AND FOR A FOURTH DEFENSE

12.     This action is barred by the applicable statute of limitations.

### AS AND FOR A FIFTH DEFENSE

13.     Documentary evidence establishes a complete defense to Plaintiff's claims.

### AS AND FOR A SIXTH DEFENSE

14.     Plaintiff seeks the aid of equity with unclean hands.

### AS AND FOR A SEVENTH DEFENSE

15.     The court does not have personal jurisdiction over Defendants.

### AS AND FOR A COUNTERCLAIM AGAINST PLAINTIFF

16.     Defendant Newgold, Inc. ("Newgold") is a corporation organized under the laws of the State of Delaware that amended its Certificate of Incorporation to change its name from "Newgold, Inc." to "Firstgold, Corp." in or about December 2006.

17.     Defendant Firstgold Corp. ("Firstgold"), is a corporation organized under the laws of the State of Delaware, formerly known as "Newgold, Inc.", with a principal place of business located at 3108 Ponte Morino Drive, Suite 210, Cameron Park, CA 95642.

18.     Upon information and belief, Plaintiff Park Avenue Consulting Group, Inc. ("Park Avenue") is a corporation organized under the laws of the State of New York.

19.     On or about September 1, 2000, Newgold executed a Retainer Agreement ("Agreement") with Park Avenue, a copy of which is attached to Plaintiff's Complaint in this matter.

20.     On or about February 8, 2001, an Addendum to the Agreement ("Addendum") was executed by Newgold and Park Avenue, a copy of which is attached to Plaintiff's Complaint in this matter.

21.     Pursuant to paragraph 3 of the Agreement, Park Avenue agreed to perform services for Newgold as described in paragraph 3 of the Agreement.

22.     Upon information and belief, Park Avenue failed to perform services for Newgold as described in paragraph 3 of the Agreement.

23.     By failing to perform services for Newgold as described in paragraph 3 of the Agreement, Park Avenue breached the express terms of the Agreement and Addendum.

24.     As a result of Park Avenue's breach of the Agreement and Addendum, Newgold has suffered damages in an amount at least equal to the damages claimed by Park Avenue against Defendants in the Complaint.

WHEREFORE, Defendants respectfully requests an Order:

a.     Dismissing Plaintiff's complaint against Defendants, with prejudice;

b.     Granting Defendants the costs and disbursements of this action;

c.     Granting Defendants judgment against Plaintiff on the Counterclaim; and

d.     Granting Defendants such other and further relief as this Court deems just and proper.

Dated:   Tonawanda, New York
         May 5, 2008

                                        BLAIR & ROACH, LLP


                                        By:___s/ John N. Blair_____
                                            John N. Blair, Esq.
                                            J. Michael Lennon, Esq.
                                            Attorneys for Defendants
                                            2645 Sheridan Drive
                                            Tonawanda, New York 14150
                                            (716) 834-9181
                                            jnblair@blair-roach.com
                                            jmlennon@blair-roach.com


TO:     LEVEY, FILLER, RODRIGUEZ KELSO &
           DEBIANCHI, LLP
        David F. Filler, Esq., of counsel
        Attorneys for Plaintiff
        41-26 27th Street, Suite 3D
        Long Island City, New York 11101-3825
        Telephone: (718) 340-3614
        Dfiller@dlz.mailstreet.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

PARK AVENUE CONSULTING GROUP, INC.,

                    Plaintiff,

v.

NEWGOLD INC. AND FIRSTGOLD CORP.,                Civ. No. 08 Civ. 1850 (CM) (GWG)

                    Defendants.

_____

## CERTIFICATE OF SERVICE

        I hereby certify that on May 5, 2008, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:


        And, I hereby certify that I have mailed by the United States Postal Service the document to the following non-CM/ECF participants:


                    David F. Filler, Esq., of counsel
                    LEVEY, FILLER, RODRIGUEZ KELSO &
                         DEBIANCHI, LLP
                    Attorneys for Plaintiff
                    41-26 27th Street, Suite 3D
                    Long Island City, New York 11101-3825
                    Dfiller@dlz.mailstreet.com


                    BLAIR & ROACH, LLP


                    By:     s/ John N. Blair
                            John N. Blair, Esq.
                            J. Michael Lennon, Esq.
                            Attorneys for Defendant
                            2645 Sheridan Drive
                            Tonawanda, New York 14150
                            (716) 834-9181
                            jnblair@blair-roach.com
                            jmlennon@blair-roach.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────

PARK AVENUE CONSULTING GROUP, INC.,

               Plaintiff,

v.

NEWGOLD INC. AND FIRSTGOLD CORP.,       Civ. No. 08 Civ. 1850 (CM) (GWG)

               Defendants.

─────────────────────────────────────


**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**


BLAIR & ROACH, LLP
Attorneys for Defendants
2645 Sheridan Drive
Tonawanda, New York 14150
(716) 834-9181


Of Counsel:
John N. Blair, Esq.
J. Michael Lennon, Esq.

## <u>TABLE OF CONTENTS</u>

TABLE OF CASES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     A.    Plaintiff's Motion to Strike Must Be Denied Because Such Motions
            Are Disfavored in This Circuit and Plaintiff Cannot Meet the Pre-
            Requisites for Such a Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     B.    Plaintiff's Attempt to Impose a More Rigorous Pleading Standard on
            Defendants is Unavailing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

     C.    Plaintiff's "Alternative" Attempts To Strike Defendants' Affirmative
            Defenses of Laches, Statute Of Limitations, Unclean Hands and
            Personal Jurisdiction Are Also Without Merit . . . . . . . . . . . . . . . . . . . . . . . . 4

         i.     Fourth Defense — Statute of Limitations . . . . . . . . . . . . . . . . . . . . . . .5

         ii.    Seventh Defense — Personal Jurisdiction . . . . . . . . . . . . . . . . . . . . . . 6

         iii.   Second Defense and Sixth Defense — Laches and Unclean Hands . . . . . .7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

### TABLE OF CASES

Bennett v. Spoor Behrins Campbell & Young, Inc., 124 F.R.D. 562 (S.D.N.Y. 1989) . . . . . . .2, 3

Carter-Wallace, Inc. v. Riverton Laboratories, Inc., 47 F.R.D. 366 (S.D.N.Y. 1969) . . . . . . .2, 3

Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

Ely-Cruikshank Co. v. Bank of Montreal, 81 N.Y.2d 399, 599 N.Y.S.2d 501 (1993) . . . . . . . . .5

Estee Lauder, Inc. v. The Fragrance Counter, Inc., 189 F.R.D. 269 (S.D.N.Y. 1999) . . . .3, 5, 6, 7

Kulzer v. Pittsburgh-Corning Corp., 942 F.2d 122 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . .5

Oliner v. McBride's Indus., Inc., 106 F.R.D. 14 (S.D.N.Y. 1985). . . . . . . . . . . . . . . . . . . . . 2, 3, 6

Santos v. Dist. Council of New York City, 619 F.2d 963 (2d Cir. 1980) . . . . . . . . . . . . . . . . . .5

Sec. and Exch. Comm'n v. Toomey, 866 F. Supp. 719 (S.D.N.Y. 1992) . . . . . . . . . . . . . . . . . . 3

Smith v. Masterson, 2006 WL 2819591 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Swierkiewicz v. Sorema N.A., 534 U.S.  506, 122 S. Ct. 992 (2002) . . . . . . . . . . . . . . . . . . . . . 4

William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935
    (2d Cir. 1984), vacated on other grounds, 478 U.S. 1015, 106 S.Ct. 3324 (1986) . . . . . . . . 2, 3

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in opposition to Plaintiff Park Avenue Consulting Group, Inc.'s ("Plaintiff") motion to strike the affirmative defenses interposed by Defendants Newgold Inc. and Firstgold Corp. (collectively, "Defendants") in their Answer. Plaintiff's motion should be denied because motions to strike affirmative defenses are not favored in this Circuit and Defendants have met the liberal pleading requirements of Fed.R.Civ.P. Rule 8(a).

## STATEMENT OF FACTS

Plaintiff commenced this action, which sounds in breach of contract and seeks monetary damages, by filing of a Summons with Notice in New York State Supreme Court, New York County, on or about November 29, 2007. See Affidavit of J. Michael Lennon, Esq., sworn to May 14, 2008 ("Lennon Aff."), at ¶ 3. Plaintiff served the Summons with Notice on Defendants in January 2008. Id., at ¶ 4. Shortly thereafter, Defendants removed this action to this Court on diversity grounds. Id. On March 7, 2008, Defendants served a Demand for a Complaint on counsel for Plaintiff. Id., at ¶ 5. Plaintiff then served its Complaint on defense counsel on or about March 26, 2008. Id., at ¶ 6. On April 15, 2008, Defendants e-filed an Answer with this Court. Id., at ¶ 7. Thereafter, on May 5, 2008, Defendants e-filed an Amended Answer with Counterclaim. Id., at ¶ 8.

Both Defendants' Answer and Amended Answer contain a short and plain statement of the following seven affirmative defenses: (1) failure to state a claim; (2) laches; (3) failure to mitigate; (4) statute of limitations; (5) documentary evidence; (6) unclean hands; and (7) lack of personal jurisdiction. Id., at ¶ 9. The instant motion seeks to strike all of Defendants' affirmative defenses, or, in the alternative, the affirmative defenses of laches, statute of

limitations, unclean hands and lack of personal jurisdiction.  <u>Id</u>., at ¶ 10.  Other than the

exchange of Initial Disclosures pursuant to Fed.R.Civ.P. Rule 26(a)(1), no discovery has taken

place in this matter to date.  <u>Id</u>., at ¶ 11.

## ARGUMENT

**A.    Plaintiff's Motion to Strike Must Be Denied Because Such Motions Are Disfavored in This Circuit and Plaintiff Cannot Meet the Pre-Requisites for Such a Motion.**

It is well settled that "[m]otions to strike a defense are not viewed favorably by

the courts, the general policy being that pleadings should be treated liberally, and that a party

should have the opportunity to support his contentions at trial . . ., and it is recognized that such

motions are often sought merely as a dilatory tactic."  <u>Oliner v. McBride's Indus., Inc.</u>, 106

F.R.D. 14, 17 (S.D.N.Y. 1985) (internal citations omitted); <u>see also</u> <u>Smith v. Masterson</u>, 2006

WL 2819591 (S.D.N.Y. 2006), at *1 ("It is well established in this Circuit that '[a] motion to

strike an affirmative defense under Rule 12(f), Fed.R.Civ.P., for legal insufficiency is not

favored.'" (quoting, <u>William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.</u>, 744 F.2d

935, 939 (2d Cir. 1984), <u>vacated on other grounds</u>, 478 U.S. 1015, 106 S.Ct. 3324 [1986]);

<u>Bennett v. Spoor Behrins Campbell & Young, Inc.</u>, 124 F.R.D. 562, 563 (S.D.N.Y. 1989) (The

general policy is that "the pleadings should be treated liberally, and that a party should have the

opportunity to support his contentions at trial.").  A motion to strike is not intended to furnish an

opportunity for the determination of disputed and substantial questions of law, particularly if the

motion is brought in advance of adequate discovery on the issues.  <u>See</u> <u>Carter-Wallace, Inc. v.

Riverton Laboratories, Inc.</u>, 47 F.R.D. 366, 367-68 (S.D.N.Y. 1969); <u>Bennett</u>, 124 F.R.D. at 563-

64.

In order to succeed on a motion to strike affirmative defenses, a plaintiff must satisfy three prerequisites: (1) there may be no question of fact which might allow the defenses to succeed; (2) there may be no substantial question of law, a resolution of which could allow the defense to succeed; and (3) plaintiff must show that it is prejudiced by the inclusion of the defense.  See Estee Lauder, Inc. v. The Fragrance Counter, Inc., 189 F.R.D. 269, 271-72 (S.D.N.Y. 1999); Sec. and Exch. Comm'n v. Toomey, 866 F. Supp. 719, 721-722 (S.D.N.Y. 1992). See also Oliner, 106 F.R.D. at 17 (A motion to strike should be granted "only if there is a clear showing that the challenged defense has no bearing on the subject matter and that permitting the defense to stand would prejudice the plaintiff.").

Here, Plaintiff seeks to strike all of Defendants' affirmative defenses, but fails to meet any of the prerequisites set forth above.  It is respectfully submitted that Plaintiff cannot meet any of the prerequisites at this early stage in the litigation.  The only discovery conducted to date is the exchange of initial disclosures pursuant to Rule 26(a)(1).  See Lennon Aff., at ¶ 11. Absent adequate discovery on the substantive issues of law and fact raised by Defendants' affirmative defenses, it is premature to strike those defenses.  See Sec. and Exch. Comm'n v. Toomey, 866 F. Supp. at 722; Carter-Wallace, Inc., 47 F.R.D. at 367-68; Bennett, 124 F.R.D. at 563-64.   In addition, there is no prejudice to Plaintiff by allowing Defendants' affirmative defenses to stand.  If, after adequate discovery, it becomes apparent that Defendants' affirmative defenses lack merit, a motion for summary judgment dismissing the defenses is the appropriate remedy.  See Salcer, 744 F.2d at 939; Fed.R.Civ.P. Rule 56.  Accordingly, Plaintiff's motion to strike Defendants' affirmative defenses must be denied.

### B.      Plaintiff's Attempt to Impose a More Rigorous Pleading Standard on Defendants is Unavailing.

Plaintiff also alleges that Defendants' affirmative defenses should be stricken for an alleged failure to meet the pleading requirements of Fed.R.Civ.P. Rule 8(a).  See Memorandum of Law in Support of Plaintiff's Motion to Strike All Defenses or Alternatively to Strike Certain Defenses, dated April 30, 2008 ("Plaintiff's Memo."), at 1.  However, in making its argument, Plaintiff actually seeks to create a more rigorous pleading standard than the liberal "short and plain statement" standard set forth in Fed.R.Civ.P. Rule 8(a).

The Supreme Court has consistently held that "[t]he liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S. Ct. 992, 999 (2002).  "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."  Conley v. Gibson, 355 U.S. 41, 48, 78 S. Ct. 99, 103 (1957).  Defendants' affirmative defenses herein embrace the "short and plain statement" standard set forth in Rule 8(a) and fairly put Plaintiff on notice of the defenses in this action.  Accordingly, Plaintiff's attempt impose a higher pleading standard on Defendants is unavailing and its motion to strike all of Defendants' affirmative defenses must be denied.

### C.      Plaintiff's "Alternative" Attempts To Strike Defendants' Affirmative Defenses of Laches, Statute Of Limitations, Unclean Hands and Personal Jurisdiction Are Also Without Merit.

Plaintiff also seeks, in the alternative, to strike Defendants' affirmative defenses of laches, statute of limitations, unclean hands and personal jurisdiction.  For the reasons set forth below, Plaintiff's "alternative" attempts to strike Plaintiff's second, fourth, sixth and seventh affirmative defenses are also without merit.

4

(i)    <u>Fourth Defense — Statute of Limitations</u>

Plaintiff seeks to strike Plaintiff's fourth affirmative defense, which invokes the statute of limitations, on the grounds that Plaintiff is "well within" the allegedly applicable time period.  <u>See</u> Plaintiff's Memo., at 2-3.   This "alternative" argument fails for a variety of reasons.

As a threshold matter, the law in this Circuit is that a statute of limitations defense "need not be articulated with any rigorous degree of specificity: 'The defense is sufficiently raised for purposes of Rule 8 by *its bare assertion*.'" <u>Kulzer v. Pittsburgh-Corning Corp.</u>, 942 F.2d 122, 125 (2d Cir. 1991) (<u>quoting</u> <u>Santos v. Dist. Council of New York City</u>, 619 F.2d 963 [2d Cir. 1980]) (emphasis in original).   Thus, Defendants' allegation in the fourth affirmative defense that "[t]his action is barred by the applicable statute of limitations" is clearly sufficient. <u>See</u> Lennon Aff., Exhibit A, at ¶ 12.

Moreover, it is well settled law in New York that "a breach of contract cause of action accrues at the time of the breach." <u>Ely-Cruikshank Co. v. Bank of Montreal</u>, 81 N.Y.2d 399, 402, 599 N.Y.S.2d 501, 502 (1993).  In this case, the date of the alleged breach (or even whether a breach occurred) is a question of fact that cannot be decided without further discovery. Therefore, Plaintiff is unable to meet the first pre-requisite set forth in <u>Estee Lauder, Inc. v. The Fragrance Counter, Inc.</u> — namely, that there may be no question of fact which might allow the defense to succeed. 189 F.R.D. at 271-72.  Even assuming that a six-year statute of limitations applies to this action, any action upon any breach of contract that occurred <u>before</u> November 29, 2001 is time-barred because this action was not commenced until November 29, 2007.  <u>See</u> Lennon Aff., at ¶ 3.  Accordingly, Defendants' fourth affirmative defense has merit and should not be stricken.

Finally, even when, under the facts alleged in the Complaint, it appears that a suit is timely commenced and that a statute of limitations defense is "insufficient as a matter of law," the defense must be allowed to stand absent a showing of prejudice to the Plaintiff.  See Oliner, 106 F.R.D. at 18.  As explained by the Court in Oliner, "Although it seems highly unlikely that defendant can prevail on this defense, absent a showing of injury to the plaintiff, the Court declines to strike the statute of limitations defense."  Id.  Plaintiff has failed to show any prejudice or injury resulting from the continued inclusion of this defense.  Accordingly, this Court should deny Plaintiff's "alternative" attempt to strike Defendants' fourth affirmative defense.

        (ii)     Seventh Defense — Personal Jurisdiction

Plaintiff also seeks to strike Defendants' seventh affirmative defense, which alleges a lack of personal jurisdiction.  However, given that Defendants are foreign corporations (see Lennon Aff., Exhibit A, at ¶¶ 16-17), there is a question regarding whether this Court has jurisdiction over Defendants under New York's long arm statute (7B N.Y.Civ.Prac. Law and Rules § 302(a) [McKinney 2001 and Supp. 2008]).  It is well settled that "[t]he determination of whether [a] defendant had enough contacts with the forum state to satisfy the requirements of [New York's long-arm jurisdiction statute] is to be based on consideration of the totality of the defendant's acts within the forum state."  Oliner, 106 F.R.D. at 18.

Here, without any discovery being conducted regarding Defendants' contact with New York State, Plaintiff cannot satisfy the pre-requisites that there be no questions of law or fact that might allow the defense to succeed.  See Estee Lauder, 189 F.R.D. at 271-72.  Moreover, Plaintiff has not shown that it is or will be in any way prejudiced if the defense of lack

of personal jurisdiction is allowed to stand.  Id.  Accordingly, Plaintiff's motion to strike Defendants' seventh defense must be denied.

        (iii)    Second Defense and Sixth Defense — Laches and Unclean Hands

Finally, Plaintiff also offers "alternative" grounds for striking Defendants' second and sixth affirmative defenses, which allege laches and unclean hands, respectively.  Plaintiff alleges that both defenses apply only in cases of equity and, therefore, neither is appropriate in an action at law.  See Plaintiff's Memo., at 2, 3-4.  While Plaintiff is correct that laches and unclean hands are both "equitable" defenses, Defendants' second and sixth affirmative need not be stricken at this time.  Applying the three pre-requisites for a motion to strike affirmative defenses set forth in Estee Lauder, Inc., 189 F.R.D. at 271-72, it is plain that the defenses should be allowed to stand at this early stage in the litigation.  First, Plaintiff has not established that there may be no question of fact which might allow the defenses to succeed.  See id.  Second, absent discovery into the facts and circumstances surrounding Plaintiff's claims, it is impossible for Plaintiff to state that there may be no substantial question of law, a resolution of which could allow the defense to succeed.  See id.  Finally, Plaintiff has not shown that it is prejudiced by the inclusion of these defenses.  See id.  Thus, Plaintiff's "alternative" attempt to strike Defendants' second and sixth affirmative defenses must be denied.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion to strike Defendants' affirmative defenses should be denied in its entirety.

Dated:   Tonawanda, New York
        May 14, 2008

                                    BLAIR & ROACH, LLP

                                  By:    s/ J. Michael Lennon
                                        John N. Blair, Esq.
                                        J. Michael Lennon, Esq.
                                        Attorneys for Defendants
                                        2645 Sheridan Drive
                                        Tonawanda, New York 14150
                                        (716) 834-9181
                                        jnblair@blair-roach.com
                                        jmlennon@blair-roach.com

TO:     LEVEY, FILLER, RODRIGUEZ KELSO &
            DEBIANCHI, LLP
        David F. Filler, Esq., of counsel
        Attorneys for Plaintiff
        41-26 27th Street, Suite 3D
        Long Island City, New York 11101-3825
        Telephone: (718) 340-3614
        Dfiller@dlz.mailstreet.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

PARK AVENUE CONSULTING GROUP, INC.,

              Plaintiff,

v.

NEWGOLD INC. AND FIRSTGOLD CORP.,        Civ. No. 08 Civ. 1850 (CM) (GWG)

              Defendants.
_____

## CERTIFICATE OF SERVICE

        I hereby certify that on June 6, 2008, I electronically filed the foregoing with the
Clerk of the District Court using the CM/ECF system, which sent notification of such filing to
the following:

              David F. Filler, Esq., of counsel
              LEVEY, FILLER, RODRIGUEZ KELSO &
                  DEBIANCHI, LLP
              Attorneys for Plaintiff
              41-26 27th Street, Suite 3D
              Long Island City, New York 11101-3825
              dfiller@dlz.mailstreet.com

              BLAIR & ROACH, LLP

              By:____s/ J. Michael Lennon_____
                  John N. Blair, Esq.
                  J. Michael Lennon, Esq.
                  Attorneys for Defendant
                  2645 Sheridan Drive
                  Tonawanda, New York 14150
                  (716) 834-9181
                  jnblair@blair-roach.com
                  jmlennon@blair-roach.com