LEVEY, FILLER, RODRIGUEZ, KELSO & DEBIANCHI, LLP
Attorneys for Plaintiff
41-26 27th Street, Suite 3D
Long Island City, NY 11101
TEL (718) 340-3614

/s/ David F. Filler (DF-6850)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---
PARK AVENUE CONSULTING GROUP INC.   )
                                     )
          Plaintiff,                 )
                                     )  Civil Action No.08 Civ. 1850 (CM) (GWG)
          v.                         )
                                     )
NEWGOLD INC. and FIRSTGOLD CORP.    )
          Defendants,                )
---

MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIM

                    Respectfully submitted by:
                    LEVEY, FILLER, RODRIGUEZ, KELSO &
                    DE BIANCHI, LLP

                    By:  /s/_____
                          David F. Filler

To:  BLAIR & ROACH, LLP
Attorneys for Defendants
2645 Sheridan Drive
Tonawanda, NY 14150
(716) 834-9181

Courtesy Copy Sent by FED EX to:
Hon. Colleen McMahon,
U. S. District Court Judge
Southern District of New York
500 Pearl Street, 21-B
New York, NY 10007-1312

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| **TABLE OF AUTHORITIES** |  | 1 |
| I | OVERVIEW | 2 |
| II. | ARGUMENT | 2 |
| III. | CONCLUSION | 4 |

## TABLE OF AUTHORITIES

Page

**Federal Statutes**

Fed. R. Civ. P. 12(b)(6)                                                                         3

**Federal Caselaw**

Rosenblatt v. Christie
195 Fed.Appx. 11, 13, 2006 WL 2520659, 2 (2nd Cir. 2006)          3

**New York Statutes**

CPLR § 214.2                                                                                          3, 4

### I.     Overview

Plaintiff Park Avenue Consulting Group Inc. ("PACG") moves under Fed. R. Civ. P. 12(b)(6) for dismissal of the Counterclaim on statute of limitation grounds and in support states:

### II.    Argument

**The Counterclaim is barred by the 6 year statute of limitations; CPLR § 214.2.**

The Counterclaim in its ¶ 22. States that that Plaintiff *"…failed to perform services for Newgold as described in ¶ 3. of the Agreement.'*  The Agreement and its Addendum are annexed to the Filler aff. as Ex. "1."

The term of the agreement expired on December 31, 2000.  As the Counterclaim was asserted in response to the Complaint filed in late November 2007 any damages that may have accrued when the agreement was in effect are now barred by New York's 6 year statute of limitations. CPLR § 214. 2.

> Finally, the district court correctly concluded that the statute of limitations barred plaintiff's claims regarding the 1992-1996 sales since plaintiff did not commence the present action until 2004. *See* N.Y. CPLR § 213(2) (**stating that an action upon a contractual obligation or liability must be commenced within six years);** *see also ABB Indus. Sys., Inc. v. Prime Tech., Inc.,* 120 F.3d 351, 360 (2d Cir.1997) ("[I]n New York it is well settled that the statute of limitation for breach of contract **begins to run from the day the contract was breached**, not from the day the breach was discovered, or should have been discovered."); *see also T & N PLC v. Fred S. James & Co. of New York,* 29 F.3d 57, 60 (2d Cir.1994) (stating that "neither knowledge of the breach nor cognizable damages are required to start the statute of limitations running at breach.").

Rosenblatt v. Christie 195 Fed.Appx. 11, 13, 2006 WL 2520659, 2 (2nd Cir. 2006)

Thus as the GOLD's counterclaim is beyond the statute of limitations, the GOLDs have failed to state a claim upon which relief can be granted.  Fed. R. Civ. P.  12(b)(6).

While it is true, however, that an Addendum was entered into that extended the term until December 31, 2001; and also that the instant Complaint was filed at the end of November 2007;

3

the only damages that could possibly be alleged within the statutory limitation period would be those accruing during the last month of the Addendum in December 2001. The Counterclaim fails to allege any damages during this period of time.

### IV. Conclusion

WHEREFORE, Plaintiff respectfully seeks an Order dismissing the Counterclaim for failure to comply with New York's limitations statute, CPLR § 214.2. PACG seeks such other and further relief as this Court deems just.

June 18, 2008

>LEVEY, FILLER, RODRIGUEZ, KELSO &
>DE BIANCHI, LLP
>Attorneys for Plaintiff
>41-26 27TH Street, Suite 3D
>Long Island City, NY 11101-3825
>TEL  (718) 340-3614
>
>By: /s/_____
>David F. Filler  (DF-6850)