UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PARK AVENUE CONSULTING GROUP, INC.,

        Plaintiff,

v.

NEWGOLD INC. AND FIRSTGOLD CORP.,      Civ. No. 08 Civ. 1850 (CM) (GWG)

        Defendants.

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM**

                                            BLAIR & ROACH, LLP
                                            Attorneys for Defendants
                                            2645 Sheridan Drive
                                            Tonawanda, New York 14150
                                            (716) 834-9181

Of Counsel:
John N. Blair, Esq.
J. Michael Lennon, Esq.

## **TABLE OF CONTENTS**

TABLE OF CASES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

## **TABLE OF CASES**

Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A., 2000 WL 1364348
    (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Personis v. Oiler, 889 F.2d 424 (2d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

Sea Trade Co. v. FleetBoston Fin. Corp., 2006 WL 2786081 (S.D.N.Y. 2006) . . . . . . . . . . . . . 2

i

**PRELIMINARY STATEMENT**

This Memorandum of Law is submitted in opposition to Plaintiff Park Avenue Consulting Group, Inc.'s ("Plaintiff") motion to dismiss Defendants' Counterclaim.  Plaintiff's motion should be denied because under the clear and well-settled law in New York State, a defense or counterclaim is not barred by the statute of limitations if it was not barred at the time the claims asserted in the complaint were interposed.

**STATEMENT OF FACTS**

Plaintiff commenced this action, which sounds in breach of contract and seeks monetary damages, by filing of a Summons with Notice in New York State Supreme Court, New York County, on or about November 29, 2007.  See Affidavit of J. Michael Lennon, Esq., sworn to July 28, 2008, at ¶ 3.  Plaintiff served the Summons with Notice on Defendants in January 2008, and shortly thereafter, Defendants removed this action to this Court on diversity grounds. Id., at ¶ 4.  On March 7, 2008, Defendants served a Demand for a Complaint on counsel for Plaintiff. Id., at ¶ 5.  Plaintiff then served its Complaint on defense counsel on or about March 26, 2008.  Id.  On April 15, 2008, Defendants e-filed an Answer with this Court. Id., at ¶ 6. Thereafter, on May 5, 2008, Defendants e-filed an Amended Answer with Counterclaim.  Id. In lieu of a Reply, Plaintiff filed the instant motion, which seeks the dismissal of Defendants' Counterclaim solely on statute of limitations grounds.  Id., at ¶ 7.

**ARGUMENT**

**PLAINTIFF'S MOTION MUST BE DENIED BECAUSE
DEFENDANTS' COUNTERCLAIM IS TIMELY**

"It has long been established as a matter of federal law that state statutes of limitations govern the timeliness of state law claims under federal diversity jurisdiction. . . . State law also determines the related questions of what events serve to commence an action and to toll

1

the statute of limitations in such cases." See Personis v. Oiler, 889 F.2d 424, 426 (2d Cir. 1989) (internal citations omitted). Pursuant to New York's Civil Practice Law and Rules ("CPLR") § 213(2), actions "upon a contractual obligation or liability," such as those at issue in this case, are generally governed by a six (6) year statute of limitations. However, with respect to a counterclaim for breach of contract, the statute of limitations is tolled under CPLR § 203(d), which states that a counterclaim is "not barred if it was not barred at the time the claims asserted in the complaint were interposed." CPLR § 203(d) is frequently applied to "save" a counterclaim that is no longer timely when interposed. See Sea Trade Co. v. FleetBoston Fin. Corp., 2006 WL 2786081 (S.D.N.Y. 2006) and Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A., 2000 WL 1364348 (S.D.N.Y. 2000) (both applying CPLR § 203(d)).

Here, Plaintiff alleges that Defendants' Counterclaim, which sounds in breach of contract, fails to state a cause of action because it is barred by the six-year statute of limitations applicable to such a claim in New York. See Memorandum of Law In Support of Plaintiff's Motion to Dismiss the Counterclaim, dated June 18, 2008 ("Plaintiff's Memo."), at 3-4. However, Plaintiff's argument fails to take into account the tolling provisions set forth in CPLR § 203(d).

Defendants' Counterclaim alleges that Plaintiff breached the terms of both the Retainer Agreement entered between the parties on September 1, 2000 ("Agreement") and the Addendum to the Agreement entered on or about February 8, 2001 ("Addendum"), and seeks damages relative to both. See Lennon Aff., Exhibit A, ¶ 17-24. As noted by Plaintiff in its motion papers, under the terms of the Agreement and the Addendum, the contractual relationship between the parties ended on December 31, 2001. See Plaintiff's Memo., at 3. Accordingly, applying the six year statute of limitations applicable to a breach of contract claim in New York,

a claim by Defendant for breach of the Agreement and Addendum would have been timely until December 31, 2007. See CPLR § 213(2). While it is true that Defendants did not interpose their counterclaim until May 2008, which is outside the applicable statute of limitations, the counterclaim is still deemed timely under CPLR § 203(b) because it "was not barred at the time the claims asserted in the complaint were interposed." Specifically, because Plaintiff commenced this action on November 29, 2007 (see Lennon Aff., ¶ 3), which pre-dates the expiration of the statute of limitations herein (i.e., December 31, 2007), Defendants Counterclaim is not barred by the statute of limitations. Therefore, Plaintiff's motion to dismiss must be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss Defendants' Counterclaim should be denied in its entirety.

Dated:   Tonawanda, New York
         July 28, 2008

                                             BLAIR & ROACH, LLP

                                             By:    s/ J. Michael Lennon
                                                  John N. Blair, Esq.
                                                  J. Michael Lennon, Esq.
                                                  Attorneys for Defendants
                                                  2645 Sheridan Drive
                                                  Tonawanda, New York 14150
                                                  (716) 834-9181
                                                  jnblair@blair-roach.com
                                                  jmlennon@blair-roach.com

TO:   LEVEY, FILLER, RODRIGUEZ KELSO &
          DEBIANCHI, LLP
      David F. Filler, Esq., of counsel
      Attorneys for Plaintiff
      41-26 27th Street, Suite 3D
      Long Island City, New York 11101-3825
      Telephone: (718) 340-3614
      Dfiller@dlz.mailstreet.com

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PARK AVENUE CONSULTING GROUP, INC.,

        Plaintiff,

v.

NEWGOLD INC. AND FIRSTGOLD CORP.,      Civ. No. 08 Civ. 1850 (CM) (GWG)

        Defendants.

---

### CERTIFICATE OF SERVICE

        I hereby certify that on July 28, 2008, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

        David F. Filler, Esq., of counsel
        LEVEY, FILLER, RODRIGUEZ KELSO &
           DEBIANCHI, LLP
        Attorneys for Plaintiff
        41-26 27th Street, Suite 3D
        Long Island City, New York 11101-3825
        dfiller@dlz.mailstreet.com

        BLAIR & ROACH, LLP

        By:   s/ J. Michael Lennon
            John N. Blair, Esq.
            J. Michael Lennon, Esq.
            Attorneys for Defendant
            2645 Sheridan Drive
            Tonawanda, New York 14150
            (716) 834-9181
            jnblair@blair-roach.com
            jmlennon@blair-roach.com