LEVEY, FILLER, RODRIGUEZ, KELSO & DEBIANCHI, LLP
Attorneys for Plaintiff
41-26 27th Street
Suite 3D
Long Island City, NY 11101
TEL (718) 340-3614  *FAX (718) 340-3615*
dfiller@dlz.mailstreet.com
/s/ David F. Filler (DF-6850)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

PARK AVENUE CONSULTING GROUP INC.,   Returnable _____2008

    Plaintiff,   10:00 a. m.   Room 21B

    v.   Civ. No.08 Civ. 1850 (CM) (GWG)

NEWGOLD INC. and FIRSTGOLD CORP.

    Defendants,

---

### REPLY MEMORANDUM OF LAW
### IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE THE COUNTERCLAIM

Respectfully submitted by:
LEVEY, FILLER, RODRIGUEZ, KELSO & DE BIANCHI, LLP

By: David F. Filler

To:  BLAIR & ROACH, LLP
Attorneys for Defendants
2645 Sheridan Drive
Tonawanda, NY 14150
(716) 834-9181

Courtesy Copy Sent by FED EX to:
Hon. Colleen McMahon,
U. S. District Court Judge
Southern District of New York
500 Pearl Street 21-B
New York, NY 10007-1312

1

## **TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| Table of Authorities | | 3 |
| I. | Preliminary Statement | 4 |
| II. | Reply Argument | 4 |
| (a) | Defendants do not disagree that their counterclaim is time-barred by the Statute of limitations. | 4 |
| (b). | An otherwise time-barred counterclaim, not asserted in the original Answer, cannot be asserted in an Amended Answer. | 4 |
| (c) | The holding in Barsuk, *supra*, that CPLR §203(d) does not apply to counterclaims asserted in an amended Answer is binding upon this Court. | 6 |
| (d) | Defendants acquiesce to Plaintiff's allegation that they have failed to allege damages for the month within the limitations period. | 7 |
| III. | Conclusion | 7 |

# TABLE OF AUTHORITIES

                                                             **Page**

**Statutory Law**
CPLR § 203(d)                                                                                           4, 5, 6

CPLR § 213(2)                                                                                           4, 7

**Federal Case Law**
American Stock Exchange, LLC v. Mopex, Inc.
230 F.Supp.2d 333 [S.D.N.Y.,2002. J. Scheindlin]                                           5

Besser v. Walsh
2003 WL 22093477, 24 (S.D.N.Y.,2003) [M.J. A. Peck]                              6

**New York Case Law**
Joseph Barsuk, Inc. v. Niagara Mohawk Power Corp.
281 A.D.2d 875, 876-876, 722 N.Y.S.2d 192, 722 N.Y.S.2d 192,
(Cite as: 281 A.D.2d 875, 876, 722 N.Y.S.2d 192,
2001 N.Y. Slip Op. 02369 - 193, 2001 N.Y. Slip Op. 02369
(N.Y.A.D. 4 Dept. 2001). Leave to appeal denied. N.Y.A.D. 4 Dept.,2001.
Joseph Barsuk, Inc. v. Niagara Mohawk Power Corp. 726 N.Y.S.2d 43 (Table),
2001 WL 637718 (N.Y.A.D. 4 Dept.), 2001 N.Y. Slip Op. 05255
Leave to appeal was dismissed in 97 N.Y.2d 638,
735 N.Y.S.2d 494 (Table) N.Y. 2001                                                         5,6

## I.    PRELIMINARY STATEMENT

Plaintiff Park Avenue Consulting Group Inc. ("PACG") replies to Defendants' Memorandum of Law, dated July 28, 2008. There is no disagreement by the parties as to the underlying facts. PACG's motion to dismiss the Counterclaim as set forth in the Amended Answer is therefore ripe for decision on the law.

## II.    REPLY ARGUMENT

**(a)    Defendants do not disagree that their counterclaim is time-barred by the Statute of Limitations.**

Defendants concede that their counterclaim was first asserted on May 5, 2008. Resp. Memo of Law at p. 1.

Defendants also concede that the underlying written agreements between the parties expired on December 31, 2001. *Id* at p. 2.

As May of 2008 is more than 6 years from December of 2001, any claim sounding in breach of contract is barred by CPLR § 213(2) which Defendants also cite to. *Id* at p. 2.

**(b).    An otherwise time-barred counterclaim, not asserted in the original Answer, cannot be asserted in an Amended Answer.**

Defendants argue that they can rely on CPLR § 203(d), in their Amended Answer, to assert a counterclaim that would otherwise be time barred by the statute of limitations. *Id* at p. 2. Defendants would be correct **if** they had asserted their counterclaim in their **original** Answer dated April 15, 2008   It was not. See, Defendants' original Answer (Docket # 8) annexed to the accompanying affirmation of PACG's attorney David F. Filler ("Filler") as Ex. "1" and the compare with the amended Answer (Docket # 12) annexed to the Filler aff. as Ex. "2"

4

The case law in this District interpreting § 203(d) is explicit: if an otherwise time-barred counterclaim is not asserted in the **original** Answer, it is given up and cannot be asserted in an **amended** Answer.

> Mopex could have asserted its trade secret claims pursuant to Section 203(d) on September 14, 2000, **at the time of its original answer and counterclaim, even if those claims were otherwise time-barred**. [References to record deleted.] **When it chose not to do so, it gave up the claim-saving benefits of Section 203(d)**. See Coleman & Zasada Appraisals, 667 N.Y.S.2d at 829; **Joseph Barsuk, Inc., 722 N.Y.S.2d at 457; 75A N.Y. Jur.2d, Limitations and Laches, § 312 (2000)**. [Emphasis added.]

American Stock Exchange, LLC v. Mopex, Inc. 230 F.Supp.2d 333 [S.D.N.Y.,2002. J. Scheindlin]

The Barsuk case relied upon by J. Scheindlin set the rule in New York that an **amended** Answer cannot assert a counterclaim barred by the statute of limitations under the 'relate-back doctrine' unless the **original** Answer gave notice of the counterclaim. Barsuk held that, *"[e]ven actual notice is insufficient, the notice must be given in the prior pleading itself."*

> A counterclaim in an **amended** answer **cannot** "relate back" under the amended pleading provision where defendant's answer contained only general denials" ( *Coleman, Grasso & Zasada Appraisals v. Coleman,* 246 A.D.2d 893, 894, 667 N.Y.S.2d 828, *lv. dismissed* 91 N.Y.2d 1002, 676 N.Y.S.2d 129, 698 N.E.2d 958, 94 N.Y.2d 849, 703 N.Y.S.2d 71, 724 N.E.2d 766; *see, Shapiro v. Schoninger,* 122 A.D.2d 38, 39-40, 504 N.Y.S.2d 199 [**193 CPLR 203 (former [e] ) is now CPLR 203(f) ] ). **Even actual notice is insufficient; the notice must be given in the prior pleading itself** ( *see, Maxon v. Franklin Traffic Serv.,* 261 A.D.2d 830, 830-831, 689 N.Y.S.2d 559; *Shapiro v. Schoninger, supra,* at 40, 504 N.Y.S.2d 199). [Emphasis added].

Joseph Barsuk, Inc. v. Niagara Mohawk Power Corp. 281 A.D.2d 875, 876-876, 722 N.Y.S.2d 192, 722 N.Y.S.2d 192,(Cite as: 281 A.D.2d 875, 876, 722 N.Y.S.2d 192, 2001 N.Y. Slip Op. 02369 - 193, 2001 N.Y. Slip Op. 02369 (N.Y.A.D. 4 Dept. 2001). Leave to appeal denied. N.Y.A.D. 4 Dept.,2001.Joseph Barsuk, Inc. v. Niagara Mohawk Power Corp. 726 N.Y.S.2d 43 (Table), 2001 WL 637718 (N.Y.A.D. 4 Dept.), 2001 N.Y. Slip Op. 05255 Leave to appeal was dismissed in 97 N.Y.2d 638, 735 N.Y.S.2d 494 (Table) N.Y. 2001.

To the extent that the majority opinion in <u>Barsuk</u> was not sufficiently clear, this was remedied in the dissent which made it crystal clear that: " *…CPLR 203(d) does not apply to counterclaims asserted in an amended answer,……*"

> CPLR 203(d) contains no exceptions to its claim-saving language, which saves in their entirety any counterclaims that were not time-barred when plaintiff served the complaint. Consequently, there is no need to refer to CPLR 203(f) to consider when the counterclaims are deemed to be interposed. That inquiry is irrelevant to claims saved by CPLR 203(d). No relation-back as provided by CPLR 203(f) is necessary to save defendant's counterclaims. **The majority concludes that CPLR 203(d) does not apply to counterclaims asserted in an amended answer**, [citations omitted].

<u>Barsuk</u>

**(c)    The holding in <u>Barsuk</u>, *supra*, that <u>CPLR</u> §203(d) does not apply to counterclaims asserted in an amended Answer--unless first asserted in the original Answer--is binding upon this Court under its own precedent.**

As leave to appeal the Appellate Division's resolution of the <u>Barsuk</u> case was dismissed by the New York Court of Appeals, 97 N.Y.2d 638; it can fairly be said that New York's highest Court agreed with the determination of its Appellate Division. The <u>Barsuk</u> holding is thus binding throughout the State of New York and in this Court:

> When the New York Court of Appeals interprets a New York statute, that interpretation is binding on federal courts, just as if it had been written by the State legislature itself. *See, e.g., United States v. Fernandez-Antonia*, 278 F.3d 150, 162 (2d Cir.2002) ("when interpreting state statutes federal courts defer to state courts' interpretation of their own statutes") (citing cases); *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir.2001) (in interpreting state statutes, deference given to "the New York Court of Appeals, whose construction of New York State law binds this Court"); *Reeves v. Johnson Controls World Servs., Inc.*, 140 F.3d 144, 155 (2d Cir.1998) ("we are bound by the construction of the statute propounded by the state's highest court"); *Auerbach v. Rettaliata*, 765 F.2d 350, 352 (2d Cir.1985) [Further cumulative citations omitted.]

<u>Besser v. Walsh</u> 2003 WL 22093477 24 (S.D.N.Y.,2003) [M.J. A. Peck]

6

**(d)    Defendants acquiesce to Plaintiff's allegation that they have failed to allege damages for the month within the limitations period.**

PACG asserted in its Memo of Law supporting this Motion that the Counterclaim should be dismissed as it fails to allege that any damages accrued during the one month period (December 2001) that was within the 6 years limitation period of CPLR §213 (2) since PACG filed its Complaint in late November 2007.  PACG Memo of Law, p. 4.

The failure of Defendants to deny this assertion must be deemed as an admission that no damages accrued in December 2001.

### III.    CONCLUSION

Thus, as the **original** Answer, Ex. "1" to the Filler aff., asserts no counterclaim under CPLR § 203(d), the **amended** Answer, Ex. "2" to the Filler aff., may not assert a counterclaim that is conceded by Defendants to be otherwise time-barred by CPLR § 213(2).  The failure of Defendants to set forth any statement of damages accruing in December 2001 bars Defendants from seeking any damages whatsoever.

**WHEREFORE**, PACG respectfully requests an Order dismissing the Counterclaim.  PACG also seeks such other and further relief as seems just to this Court.

August 1, 2008

    LEVEY, FILLER, RODRIGUEZ, KELSO & DE BIANCHI, LLP
    Attorneys for Plaintiff
    41-26 27TH Street Suite 3D
    Long Island City, NY 11101-3825
    TEL  (718) 340-3614    *FAX (718) 340-3615*
    dfiller@dlz.mailstreet.com

    By: David F. Filler  (DF-6850)